UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHAEL DUPREE, JR.,
a Colorado Resident, MICHAEL
DUPREE, SR. and DARLENE
DUPREE, his parents, Residents
of the Country of Austria,

          Plaintiffs,

vs.                                             Case No.

CRANBROOK EDUCATIONAL
COMMUNITY, JOHN J. WINTER,
and CHARLES SHAW,

          Defendants.

_____/

Christopher R. Sciotti (P 33501)
Attorney for Plaintiffs
24825 Little Mack
St. Clair Shores, MI 48080
(586) 779-7810

_____/

## PLAINTIFF'S COMPLAINT FOR
## DAMAGES AND EQUITABLE RELIEF
## AND DEMAND FOR JURY TRIAL

      NOW COME the plaintiffs, Michael Dupree, Jr., Michael Dupree, Sr., and Darlene Dupree,

by and through their attorneys, Thomas, Garvey, Garvey & Sciotti, and as their Complaint against

the defendants, Cranbrook Educational Community, John J. Winter and Charles Shaw, state as

follows:

## THE PARTIES

1.  Plaintiff Michael Dupree, Jr. is an individual and resident of the State of Colorado who attended Cranbrook/Kingswood High School.

2.  Plaintiff Michael Dupree, Sr. is an individual, a U.S. Citizen, and resident of the Country of Austria, who is the father of plaintiff Michael Dupree, Jr.

3.  Plaintiff Darlene Dupree is an individual, a U.S. Citizen, and resident of the Country of Austria, who is the mother of plaintiff Michael Dupree, Jr.

4.  Defendant, Cranbrook Educational Community [hereinafter referred to as "Cranbrook"], is a Domestic Nonprofit Organization, ID Number 786039, under the laws of the State of Michigan.

5.  That at all times relevant to the issues in this Complaint, John J. Winter was Dean of Boys at Cranbrook Educational Community.

6.  That at all times relevant to the issues in this Complaint, Charles Shaw was an employee and/or agent of defendant Cranbrook Educational Community.

## JURISDICTION AND VENUE

7.  This Complaint challenges the actions of defendant Cranbrook were violative of the First and Fourteenth Amendments to the United States Constitution, and seeks both equitable and money damages.

8.  This Court has jurisdiction to resolve the constitutional questions presented in this case pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(3), and also pursuant to 48 U.S.C. §1983.

9.   This Court also has jurisdiction pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 USC §1961(1)(B), 1962(c), 1964(c) and that the defendants' conduct constituted intentional infliction of emotional distress (like RICO "IIED") under Michigan Law.

10.   This Court has jurisdiction regarding the Mail Fraud Count under 18 U.S.C. §1341.

11.   Venue is proper pursuant to 28 U.S.C. §1391(b) and (c).

12.   That amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of costs, interest and attorney fees.

## STATEMENT OF FACTS

13.   Plaintiff Michael Dupree, Jr. attended Cranbrook Kingswood Upper School from August 25, 2000 until May/June, 2004.

14.   Plaintiff Michael Dupree, Jr.'s last exam was taken on May 27, 2004.  As of that date, he completed every single requirement to graduate and matriculate from Cranbrook Educational Community.

15.   The defendant Cranbrook Educational Community's Handbook clearly states that the "school year means the number of consecutive calendar days beginning with the first day of classes and ending on the last day of final exams."  Plaintiff Michael Dupree, Jr. completed all of the requirements expected of him on May 27, 2004 and was entitled to a diploma.  The Student Handbook also defines "withdrawal means withdrawal from school for any reason **other than dismissal** or extended medical absence."  (Emphasis added) Plaintiff Michael Dupree, Jr. never withdrew from Cranbrook, and his transcript issued by Cranbrook is an absolute fraud.  In the

Student Handbook the action of "dismissal means severance from all classes for the balance of the school year, which is at the direction of the school authorities, due to either academic or disciplinary reasons."  (Exhibit A)

16.  Plaintiff's school year was already completed because he had taken his last day of final exams on May 27, 2004.  Plaintiff had passed all of his classes and was entitled to receive a diploma.  The alleged dismissal which the plaintiff's received in a letter dated June 1, 2004 was null and void.

17.  Yet, in spite of completing all of the requirements by May 27, 2004, the defendant sent a letter dated June 1, 2004 dismissing plaintiff Michael Dupree, Jr. from Cranbrook.  (Exhibit B)

18.  Plaintiffs Michael Dupree, Sr. and Darlene Dupree had a meeting on or about May 28, 2004 with Mr. Shaw, Dean John J. Winter and Mr. Pickett regarding the school's suspicions that plaintiff Michael Dupree, Jr. was allegedly involved in violating the Cranbrook Schools Technology Use Policies, specifically involving computer passwords.

19.  Officials at Cranbrook have never substantiated that plaintiff Michael Dupree, Jr. had any involvement in violating school policies with passwords or any other misconduct.

20.  Defendant Cranbrook threatened plaintiff and his parents with federal prosecution unless he confessed to their allegations of violating the Cranbrook Schools Technology Use Policies, specifically involving passwords.  All of the plaintiffs invited the defendant forthwith by welcoming a federal investigation, which would have exonerated the plaintiff child.

-4-

21.  For their own reasons, defendant decided not to pursue this matter with the U.S. Attorney's office, even though they threatened prosecution to somehow obtain a confession from plaintiff Michael Dupree, Jr.

22.  The defendant Cranbrook, through their agents and/or employees, also coerced and pleaded with a fellow student to state and testify that Michael Dupree had supplied drugs, specifically marijuana, to students at Cranbrook.  This particular student declined to do so, at his own peril.

23.  Plaintiff Michael Dupree, Jr. fulfilled all the requirements for graduating and received all the necessary credits to receive his diploma.

24.  Defendant failed to provide plaintiff Michael Dupree, Jr. with his diploma based on arbitrary and unsubstantiated allegations.

25.  John J. Winter, Dean of Boys from Cranbrook Kingswood Upper School, sent plaintiffs Michael Dupree, Sr. and Darlene Dupree correspondence dated June 1, 2004 stating that their son Michael Dupree, Jr. had "been dismissed from Cranbrook Kingswood Upper School effective June 1, 2004."  (See Exhibit B)

26.  Plaintiff Michael Dupree, Jr.'s transcript from Cranbrook states that there was a "withdrawal date" of June 1, 2004.  (Exhibit C)

27.  Plaintiff Michael Dupree, Jr. never withdrew from Cranbrook, yet defendant failed to correct this on the transcript.

-5-

28. Defendant has full knowledge that plaintiff Michael Dupree, Jr. never withdrew from Cranbrook, yet circulated his transcript that states clearly that there was a "withdrawal date" of June 1, 2004, effectuating and perpetuating a fraud.

29. Despite the overwhelming evidence and fact that Michael Dupree, Jr. never withdrew from Cranbrook, defendant Charles Shaw repeatedly insisted to plaintiff's parents, plaintiffs Michael Dupree and Darlene Dupree, that Cranbrook would be indicating that Michael Dupree, Jr. withdrew from Cranbrook because they had to put something on the transcript, and this actually would help Michael Dupree, Jr.

30. Plaintiff Michael Dupree, Jr. received an email from Arlyce Seibert dated June 16, 2004 and states in pertinent part "no diploma will be possible in this matter.  Over the past months, we have discussed both academic and other issues that could jeopardize Mike's ability to graduate from Cranbrook."

31. During the academic year of 2003-2004 the defendant Cranbrook acknowledged and understood there was a marijuana use problem with both students and staff.  It is a fact that the defendant Cranbrook during this school year dismissed and sanctioned both students and staff for marijuana use.

32. At the very end of the school year, in May, 2004, the defendant tried to sanction and dismiss plaintiff Michael Dupree, Jr. for marijuana use.

33. During the end of the year of his senior year defendant Cranbrook attempted to coerce other students into admitting and confessing that Michael Dupree, Jr. used and abused marijuana in order to have him dismissed under the drug use policy.

-6-

34. Despite defendant's coercions, no student or faculty member ever agreed to state that Michael Dupree, Jr. used or abused marijuana for the simple fact that this was untrue.

35. That at the end of the school year in 2004 Cranbrook never alleged or sanctioned plaintiff Michael Dupree, Jr. for marijuana use, even though their staff wholeheartedly tried to obtain corroboration of Michael Dupree, Jr.'s marijuana use.

36. That officials at Cranbrook actually printed and manufactured a diploma for graduation from Cranbrook Educational Community for Michael Dupree, Jr. and destroyed it just prior to the graduation ceremonies.

37. That the staff and administrators at defendant Cranbrook Educational Community made it known to plaintiff's mother, plaintiff Darlene Dupree, that they did print and manufacture a diploma for her son Michael Dupree, Jr. and destroyed it just prior to the graduation ceremonies.

38. That the defendants knew that Darlene Dupree was participating in organizing and carrying out graduation ceremonies for all fo the students, including her son.

39. That plaintiffs Michael Dupree, Sr. and Darlene Dupree paid defendant Cranbrook Educational Community approximately $80,000.00 or more for the education of their son Michael Dupree, Jr., which included, among other things, education from 9th through 12th grades and issuance of a high school diploma if Michael Dupree, Jr. fulfilled all of the requirements for graduation and received the necessary credits, which he did over the four year period.

## COUNT I

## FRAUD AND MISREPRESENTATION

40.  Plaintiffs repeat and reallege, by reference, the allegations set forth above as if fully set forth herein.

41.  Defendant intentionally made the following false representations to plaintiffs:

a.  If plaintiff Michael Dupree, Jr. attended Cranbrook Schools and completed the required credits, he would obtain a revered education and high school diploma;

b.  That plaintiff Michael Dupree, Jr. was involved in alleged activities that violated Cranbrook Schools Technology Use Policies.  They informed all of the plaintiffs that the school system computer was hacked into, costing millions of dollars of damage.  Defendant Charles Shaw told the plaintiffs this fact and indicated in addition there was a personal violation of his rights, since staff emails and files were opened.  Further, defendant Charles Shaw indicated that tests were stolen from the teachers' sites and sold to other students.  He further indicated that Michael's computer account was used and computer passwords were stolen and stored in a text file on his account without his knowledge and by the other junior student Randy's own admission;

c.  That on May 27, 2004 Michael Dupree, Jr. was personally questioned by defendant John J. Winter, who repeatedly tried to extort a confession from Michael Dupree, Jr. that he violated the rules of the school concerning the alleged hacking into the school's computer system and stealing files and tests.  Michael Dupree, Jr. refused to admit to any of these allegations because they were untrue.  Dean of Boys defendant John J. Winter threatened Michael Dupree, Jr. with federal prosecution if he did not admit.  At that time Michael Dupree, Jr. invited a federal prosecution investigation because he was and remains completely innocent;

d.  In fact, no federal prosecution or investigation was initiated or requested upon plaintiffs' best information and belief;

e.  In fact, another student at Cranbrook Kingswood of junior standing confessed to "hacking" into the school's computer systems, including (or while using) Michael Dupree Jr.'s computer account.  This other student, by self-admission, had not only Michael Dupree, Jr's password but also hundreds of other

-8-

students, faculty, administrators, and by information and belief even board members; Upon information and belief, no other penalties were given;

f. Defendant must acknowledge that plaintiff Michael Dupree, Jr. did meet the qualifications to obtain his high school diploma from Cranbrook;

g. Defendant has stated in writing on his official transcript that plaintiff Michael Dupree, Jr. withdrew from Cranbrook on June 1, 2004 and documented this on his official transcript. This is completely false, and there is no evidence whatsoever to substantiate the claim that he withdrew.

42. Defendants' representations regarding the following were false when they were being made and continue to be made.

43. Defendants knew that these particular representations were false when they were being made or made them recklessly, without knowing whether they were untrue.

44. Defendants intended that plaintiffs rely on the representations.

45. Plaintiffs specifically relied upon defendants' false representations by, including but not limited to plaintiff Michael Dupree, Jr. that if he completed his credits, school work, and graduation requirements from Cranbrook, that he would be entitled to his high school diploma.

46. In fact, plaintiff did not receive a high school diploma from the defendant, and has not received a diploma at the present time.

47. Plaintiff Michael Dupree, Jr. did obtain and receive his GED shortly after June 1, 2004. There is a big difference in the real world between obtaining a GED or graduating from a so-called esteemed school as Cranbrook Educational Community. Many higher learning institutions will not accept a GED.

48. As a result of obtaining a GED as opposed to a Cranbrook Educational Community High School Diploma, the plaintiff is limited in his options for receiving a higher learning education.

49. Recent studies have shown that career earnings of those with a high school diploma far exceed earnings of those with a GED by more than several hundred thousand dollars over a career. As a result, plaintiff is put at a significant disadvantage in a highly competitive workplace in seeking employment by having to indicate that he only received a GED, especially when compared to a high school diploma from Cranbrook Kingswood.

50. As a result of defendants' fraud and misrepresentations, plaintiffs have suffered substantial damages and economic losses in excess of $75,000.00 exclusive of interest, costs and attorney fees.

WHEREFORE, plaintiffs respectfully request that this Court order the following relief:

a. Award Judgment in plaintiffs' favor and against defendant for the full amount of his damages, plus all allowable interest and treble damages;

b. Award all costs and attorney fees so wrongfully incurred;

c. Order defendant Cranbrook Educational Community to issue a full high school diploma and to correct plaintiff Michael Dupree, Jr.'s transcript;

d. Such other or additional relief as this Court deems necessary and equitable.

## COUNT II

## MAIL FRAUD – 18 U.S.C. §1341

51. Plaintiffs repeat and reallege, by reference, the allegations set forth above as if fully set forth herein.

-10-

52.  Plaintiffs also bring a claim against all defendants for mail fraud, 18 U.S.C. §1341, which provides in paraphrase that mail fraud prohibits the use of the Postal Service in furtherance of any scheme or plan to defraud by means of pretenses or fraudulent representations.  It also provides that a private citizen may seek a right of action for civil damages when the Federal or State Law has been violated.

53.  It is very clear that Cranbrook violated this Federal Statute when they sent out a transcript to one or more colleges or entities indicating that the plaintiff Michael Dupree, Jr. had withdrawn from Cranbrook, as evidenced by Exhibit C.  There is absolutely no evidence whatsoever that the plaintiff withdrew.

54.  That upon plaintiff's best information and belief Michael Dupree, Jr.'s transcripts were sent by defendant Cranbrook Educational Community to the following schools, which include but are not limited to:

> Purdue University
> Cabrillo College
> Las Positas
> California State University at Sacramento
> University of California System (It is plaintiffs' understanding and belief that
>     a transcript sent to the University of California System is used by all of
>     The colleges, which include:
>         University of California at Santa Barbara
>         Berkley
>         Davis
>         Irvine
>         Los Angeles
>         Merced
>         Riverside
>         San Diego
>         San Francisco
>         Santa Cruz
> Pepperdine

-11-

Eckerd College
Rollins College
Stetson
University of Colorado
University of Denver
University of San Diego
University of Southern California

55.  That sometime and on different occasions beginning on May 28, 2004 and within a week or so after June 1, 2004 plaintiff Michael Dupree, Sr. had several conversations with defendant Charles Shaw regarding the fact that Cranbrook Schools would be indicating to the world that Michael Dupree, Jr. withdrew from Cranbrook Kingswood High School.

56.  During these conversations Michael Dupree, Sr. was adamant that Michael Dupree, Jr. did not withdraw (which in fact is the case) but Charles Shaw repeatedly informed plaintiff Michael Dupree, Sr. that we had to put something on the transcript and we chose to put that Michael Dupree, Jr. withdrew, and in fact this would actually help him or support him.

57.  Despite numerous requests, Cranbrook has refused to alter, change or notify the entities that have received this transcript to change it and make it a true statement.

58.  That as a direct and proximate result of the mail fraud and violation of 18 USC §1341 plaintiffs have suffered substantial damages and economic losses in excess of $75,000.00, exclusive of costs, interest and attorney fees, primarily being lost tuition, failure to receive a diploma, and misrepresentation to various colleges that plaintiff Michael Dupree, Jr. withdrew from Cranbrook High School.

WHEREFORE, plaintiffs respectfully request that this Court order the following relief:

a.  Award Judgment in plaintiffs' favor and against defendant for the full amount of his damages, plus all allowable interest and treble damages;

-12-

b.  Award all costs and attorney fees so wrongfully incurred;

c.  Order defendant Cranbrook Educational Community to issue a full high school diploma and to correct plaintiff Michael Dupree, Jr.'s transcript;

d.  Such other or additional relief as this Court deems necessary and equitable.

### COUNT III

### WIRE FRAUD – 18 USC §1343

59.  Plaintiffs repeat and reallege, by reference, the allegations set forth above as if fully set forth herein.

60.  Plaintiffs also bring a claim against all defendants for wire fraud, 18 USC §1343, which provides in paraphrase that wire fraud prohibits the use of telephone, cell phone use in furtherance of any scheme or plan to defraud by means of pretense or fraudulent misrepresentations.  It also provides that a private citizen may seek a right of action for civil damages when the Federal or State Law has been violated.

61.  The defendants Cranbrook and Charles Shaw violated this Federal Statute when the spoke on the telephone to plaintiff Michael Dupree Sr. and informed him that they were indicating on Michael Dupree, Jr.'s official transcript that he withdrew from Cranbrook High School when in fact he did not.

62.  That defendant Cranbrook Educational Community also violated this Statute when agents or employees of Cranbrook educational Community spoke with officials at Purdue University informing them that Michael Dupree, Jr. in fact withdrew from Cranbrook Educational Community when he did not.

-13-

63.  Upon information and belief, defendant Cranbrook Educational Community, through its agents and/or employees, spoke with other colleges that Michael Dupree Jr. applied to and made false statements regarding his official transcript.

64.  That as a direct and proximate result of violation of the defendants' wire fraud, plaintiffs suffered and sustained substantial damages and economic losses in excess of $75,000.00, exclusive of interest, costs and attorney fees, being loss of tuition, failure to grant a high school diploma, falsifying the official transcript, and subjecting plaintiff to fear and trepidation with threats of prosecution.

WHEREFORE, plaintiffs respectfully request that this Court order the following relief:

a.  Award Judgment in plaintiffs' favor and against defendant for the full amount of his damages, plus all allowable interest and treble damages;

b.  Award all costs and attorney fees so wrongfully incurred;

c.  Order defendant Cranbrook Educational Community to issue a full high school diploma and to correct plaintiff Michael Dupree, Jr.'s transcript;

d.  Such other or additional relief as this Court deems necessary and equitable;

## COUNT IV

## EXTORTION – 18 USCS §1951

65.  Plaintiffs repeat and reallege, by reference, the allegations set forth above as if fully set forth herein.

66.  On May 27, 2004 the defendant Cranbrook Educational Community and John J. Winter threatened plaintiff Michael Dupree, Jr. that he or employees or agents of the defendant Cranbrook

-14-

Educational Community would call federal prosecutors and ask them to criminally prosecute plaintiff Michael Dupree, Jr. for federal crimes which included hacking into the defendant's computer system, falsely identifying passwords and passcodes, providing passwords and passcodes to others, and other federal computer/internet crimes.

67.    The defendants, through their employees and agents including John J. Winter, requested that in return, if the plaintiff Michael Dupree, Jr. did not acquiesce and confess to these criminal acts, which included hacking into defendant Cranbrook Educational Community computers, falsely identifying passwords and passcodes, providing passwords and passcodes to others, and other federal computer/internet crimes that the defendant Cranbrook Kingswood would not allow him to graduate or receive a diploma.

68.    The defendants Cranbrook Educational Community and John J. Winter further informed and extorted plaintiff Michael Dupree, Jr. that if he did acquiesce and confess to these criminal acts he would be given preferential treatment and may have been given a diploma. Plaintiff Michael Dupree, Jr., given his youth, did not succumb to these threats and extortion, but held his ground and actually informed defendant Dean Winter that he would welcome a federal investigation or any investigation because he was completely innocent.  In fact, the evidence will show that Michael Dupree, Jr. was and remains completely innocent.

69.   That defendants Cranbrook Educational Community and John J. Winter accused the plaintiff of violating Cranbrook Schools' Technology Use Policies.  In fact, Michael Dupree, Jr. never violated any of the defendant Cranbrook Kingswood School's Technology Use Policies.

-15-

70. Pursuant to Michigan Law and Federal Law, defendants' actions are and amount to extortion.

71. 18 USCS §1951 provides:

Interference with commerce by threats or violence

(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires to do so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

(b) As used in this section –

(1) The term 'robbery' means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

(2) The term 'extortion' means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

(3) The term 'commerce' means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

(c) This section shall not be construed to repeal, modify or affect section 17 of Title 15 [*15 USCS §17*], sections 52, 101-115, 151-166 of Title 29 or sections 151-188 of Title 45 [*45 USCS §§ 151-188*].

72. That as a direct and proximate result of the violation of 18 USCS §1951 and Michigan's extortion law, plaintiffs suffered and sustained substantial damages and economic

-16-

losses in excess of $75,000.00, exclusive of interest, costs and attorney fees, being loss of tuition, failure to grant a high school diploma, falsifying the official transcript, and subjecting plaintiff to fear and trepidation with threats of prosecution.

WHEREFORE, plaintiffs respectfully request that this Court order the following relief:

a.  Award Judgment in plaintiffs' favor and against defendant for the full amount of his damages, plus all allowable interest and treble damages;

b.  Award all costs and attorney fees so wrongfully incurred;

c.  Order defendant Cranbrook Educational Community to issue a full high school diploma and to correct plaintiff Michael Dupree, Jr.'s transcript;

d.  Such other or additional relief as this Court deems necessary and equitable.


## COUNT V

## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO), 18 USC §1961(1)(B), 1962(c), 1964(c)

73  Plaintiffs repeat and reallege, by reference, the allegations set forth above as if fully set forth herein.

74.  RICO makes it a crime "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprises through a pattern of racketeering activity or collection of a wrongful debt."  18 USC §1962(c).

75. RICO defines "racketeering activity" to include "any act which is indictable under any of the following provisions of Title 18 United States Code . . . Section 1341 [18 USC §1341] (relating to mail fraud)."

76. RICO states that a "pattern of racketeering [**7] activity requires at least two acts of racketeering activity, one of which occurred after [October 15, 1970] and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 USC §1961(5). See *Brown v. Cassens Transport*, 546 Fed 3rd 347, 2008 U.S. App. LEXIS 21990; 2008 Fed app, 0385P (6th Cir.).

77. A violation of RICO mandates that predicate acts are necessary and required to establish a pattern.

78. A violation of the RICO Act demands that within the numerous sorts of relationships that can constitute a pattern, two elements must be shown; "That the racketeering predicates are related and that they amount to or pose a threat of continued criminal activity." *Brown, Id*, quoting *H. J. Inc.*, 492 U.S. at 239. First and third emphasis added.

79. A relationship among predicate acts is established when they "have the same or similar purposes, results, participants, victims, or methods of commission, or [**12] otherwise are interrelated by distinguishing characteristics and are not isolated events." Id. at 240. (Internal quotation marks omitted.) The "use of the disjunctive suggests that the Court meant to craft a broad test of relatedness." *United States v. Blanford*, 33 F. 3d 685, 703 (6th Cir. 1994).

80. The defendants' employed mail and wire fraud in a scheme to deny plaintiff Michael Dupree, Jr. a high school diploma, to falsify his official high school transcript, to threaten him with

federal prosecution for hacking or allowing someone to hack into the school's computer system, and to coerce other students into stating orally or in writing that Michael Dupree, Jr. sold, distributed or used drugs, specifically marijuana in violation of the RICO Act.

81. That as a direct and proximate result of violation of the RICO Act, plaintiffs suffered and sustained substantial damages and economic losses in excess of $75,000.00, exclusive of interest, costs and attorney fees, being loss of tuition, failure to grant a high school diploma, falsifying the official transcript, and subjecting plaintiff to fear and trepidation with threats of prosecution.

82. In this case, there are more than two predicate acts constituting a pattern under RICO. They are:

     a. The mail fraud letter of June 4, 2004 indicating that Michael Dupree, Jr. was dismissed from Cranbrook Kingswood Upper School effective June 1, 2004, even though he had completed all of the requirements for graduation and issuance of a diploma as of May 27, 2004, which is cited as Exhibit B;

     b. The official upper school academic transcript of Cranbrook Kingswood indicating that Michael Dupree, Jr. withdrew from the Cranbrook Kingswood Educational Community on June 1, 2004, evidenced by Exhibit B;

     c. By talking directly to and/or calling on the telephone more than one student, coercing them to provide a statement either orally or written that Michael Dupree, Jr. was distributing, selling and using drugs, specifically marijuana;

     d. The Cranbrook Kingswood staff questioned and coerced another student, Ali, into providing a statement that Michael Dupree, Jr. was distributing, selling and using marijuana. Ali refused to provide such a statement.

WHEREFORE, plaintiffs respectfully request that this Court order the following relief:

     a. Award Judgment in plaintiffs' favor and against defendant for the full amount of his damages, plus all allowable interest and treble damages;

b.  Award all costs and attorney fees so wrongfully incurred;

c.  Order defendant Cranbrook Educational Community to issue a full high school diploma and to correct plaintiff Michael Dupree, Jr.'s transcript;

d.  Such other or additional relief as this Court deems necessary and equitable.

## COUNT VI

### BREACH OF CONTRACT

83.  Plaintiffs repeat and reallege, by reference, the allegations set forth above as if fully set forth herein.

84.  Plaintiffs Michael Dupree, Sr. and Darlene Dupree entered into a contract with defendant to enroll their son, plaintiff Michael Dupree, Jr., at Cranbrook schools.

85.  Plaintiffs Michael Dupree, Sr. and Darlene Dupree paid defendant approximately $20,000.00 per year for plaintiff Michael Dupree, Jr.'s education at Cranbrook.

86.  Defendant promised to plaintiffs that their son, plaintiff Michael Dupree, Jr. would receive a revered education and a diploma upon his completion of the course requirements and credits.

87.  Plaintiff Michael Dupree, Jr. attended Cranbrook from August, 2000 until May/June, 2004 and completed all his course requirements.

88.  By May 27, 2004 plaintiff Michael Dupree, Jr. completed all of the requirements and course credits, entitling him to complete the school year according to the School Handbook and also be entitled to graduate and receive a high school diploma.

89.  That pursuant defendant Cranbrook Educational Community's Handbook, and given the consideration of the money the Dupree's paid, and Cranbrook's oral and written promises constituted a binding and legal contract that if their son Michael Dupree, Jr. completed all of the course requirements and credits he would receive not only a revered education but also a diploma and graduate from the defendant Cranbrook Educational Community.

90.  That as of May 27, 2004 the plaintiff Michael Dupree, Jr. did complete all of the course requirements and obtained all of the credits necessary for obtaining a high school diploma and graduating from Cranbrook and from the defendant's high school.

91.  As of May 27, 2004 the plaintiff Michael Dupree, Jr. attained all of the requirements necessary to complete a "school year" under Cranbrook's own written policy, and was entitled to a diploma.

92.  Plaintiff Michael Dupree, Jr. did obtain and receive his GED shortly after June 1, 2004. There is a big difference in the real world between obtaining a GED or graduating from a so-called esteemed school as Cranbrook Educational Community.  Many higher learning institutions will not accept a GED.

93.  As a result of obtaining a GED as opposed to a Cranbrook Educational Community High School Diploma, the plaintiff is limited in his options for receiving a higher learning education.

94.  The defendant clearly breached in writing the contract between the plaintiffs and defendant by sending a letter dated June 1, 2004 indicating that plaintiff Michael Dupree, Jr. was dismissed from Cranbrook.

95.  Defendant's conduct as described in this Complaint constitute a breach of contract between the parties.

96.  Plaintiffs Michael Dupree, Sr. and Darlene Dupree have been damaged by defendant's breach in the amount of $80,000.00, which consists of the price of tuition that was paid to defendant for their son's education and ultimately, his diploma.

97.  The plaintiffs have been damaged by the defendant's breach of contract, in addition to the tuition paid by spending costs and attorney fees and interest and also in having them explain the details of why plaintiff graduated or did not graduate or received a diploma and/or did not receive a diploma from the defendant, and also by explaining the lie on his transcript that he had somehow withdrawn from Cranbrook.

98.  Plaintiff Michael Dupree, Jr. has been damaged by defendant's breach of not providing him with his high school diploma and falsified transcript.

99.  That as a direct and proximate result of violation of the RICO Act, plaintiffs suffered and sustained substantial damages and economic losses in excess of $75,000.00, exclusive of interest, costs and attorney fees, being loss of tuition, failure to grant a high school diploma, falsifying the official transcript, and subjecting plaintiff to fear and trepidation with threats of prosecution.

WHEREFORE, plaintiffs respectfully request that this Court order the following relief:

    a.  Award Judgment in plaintiffs' favor and against defendant for the full amount of his damages, plus all allowable interest and treble damages;

    b.  Award all costs and attorney fees so wrongfully incurred;

c. Order defendant Cranbrook Educational Community to issue a full high school diploma and to correct plaintiff Michael Dupree, Jr.'s transcript;

d.   Such other or additional relief as this Court deems necessary and equitable.

## COUNT VI

## ATTORNEY FEES

100.  Plaintiffs are entitled to an award of costs and attorney fees incurred in this matter pursuant to 42 U.S.C. §1998.

A DEMAND FOR JURY TRIAL IS HEREBY MADE.

Respectfully submitted,

THOMAS, GARVEY, GARVEY & SCIOTTI

By:/s/ Christopher R. Sciotti
Christopher R. Sciotti (P 33501)
  Attorney for Plaintiffs
  24825 Little Mack
  St. Clair Shores, MI 48080
  (586) 779-7810