UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHAEL DUPREE, JR.,
a Colorado Resident, MICHAEL
DUPREE, SR. and DARLENE
DUPREE, his parents, Residents
of the Country of Austria,

    Plaintiffs,

vs.                                                                                  Case No. 2:10-CV-12094-RHC-MKM

CRANBROOK EDUCATIONAL                              Hon. Robert H. Cleland
COMMUNITY, JOHN J. WINTER,
and CHARLES SHAW,

    Defendants.
_____/

| | |
|---|---|
| Christopher R. Sciotti  (P33501) | Russell S. Linden  (P34863) |
| Attorney for Plaintiffs | Matthew S. Disbrow  (P65378) |
| 24825 Little Mack | Honigman Miller Schwartz & Cohn LLP |
| St. Clair Shores, MI 48080 | Attorneys for Defendants |
| (586) 779-7810 | 2290 First National Bldg. |
| | 660 Woodward Ave. |
| | Detroit, MI 48226 |
| | (313) 465-7466 |

_____/

**DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
AND DEMAND FOR JURY TRIAL AND AFFIRMATIVE DEFENSES**

    Defendants Cranbrook Educational Community ("Cranbrook"), John J. Winter ("Winter") and Charles Shaw ("Shaw") (collectively "Defendants"), by and through their attorneys, Honigman Miler Schwartz and Cohn, LLP, submit the following as their answer and affirmative defenses to Plaintiffs' Complaint:

## THE PARTIES

1. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4. Defendants admit the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5. Defendants admit the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6. Defendants admit the allegations contained in paragraph 6 of Plaintiffs' Complaint.

## JURISDICTION AND VENUE

7. Defendants deny the Complaint "challenges the actions of defendant Cranbrook" as being "violative of the First and Fourteenth Amendments to the United States Constitution" as alleged in paragraph 7 of Plaintiffs' Complaint. Further responding, Defendants admit the Complaint seeks both equitable and money damages. Finally, Defendants deny any wrongdoing or liability.

8. Defendants admit this Court has jurisdiction pursuant to 28 U.S.C. § 1331. Further responding, Defendants deny the remaining allegations contained in paragraph 8 of Plaintiffs' Complaint. Finally, Defendants deny any wrongdoing or liability.

9. Defendants admit paragraph 9 of the Complaint only to the extent Plaintiffs have alleged a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Further responding, Defendants deny the remaining allegations contained in paragraph 9 of Plaintiffs' Complaint. Finally, Defendants deny any wrongdoing or liability.

10. Defendants deny the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11. Defendants admit the allegations contained in paragraph 11 of Plaintiffs' Complaint but deny any wrongdoing or liability.

12. Defendants deny the allegations contained in paragraph 12 of Plaintiffs' Complaint.

## STATEMENT OF FACTS

13. Defendants admit Plaintiff Michael Dupree, Jr. attended Cranbrook Kingswood Upper School from August 25, 2000 until May 2004. Defendants deny the remaining allegations contained in paragraph 13 of Plaintiffs' Complaint.

14. Defendants deny the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. Defendants deny the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. Defendants deny the allegations contained in paragraph 16 of Plaintiffs' complaint.

17. Defendants only admit that the letter dismissing Plaintiff Michael Dupree, Jr. dated June 1, 2004 was sent and it is attached as Exhibit B to Plaintiffs' Complaint. Further

responding, Defendants deny the remaining allegations contained in paragraph 17 of Plaintiffs' Complaint.

  18. Defendants admit the allegations contained in paragraph 18 of Plaintiffs' Complaint.

  19. Defendants deny the allegations contained in paragraph 19 of Plaintiffs' Complaint.

  20. Defendants deny the allegations contained in paragraph 20 of Plaintiffs' Complaint.

  21. Defendants deny the allegations contained in paragraph 21 of Plaintiffs' Complaint.

  22. Defendants deny the allegations contained in paragraph 22 of Plaintiffs' Complaint.

  23. Defendants deny the allegations contained in paragraph 23 of Plaintiffs' Complaint.

  24. Defendants deny the allegations contained in paragraph 24 of Plaintiffs' Complaint.

  25. Defendants admit the allegations contained in paragraph 25 of Plaintiffs' Complaint only to the extent they accurately recite portions of the letter and that the letter is attached as Exhibit B to Plaintiffs' Complaint.

  26. Defendants admit the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27. Defendants admit Michael Dupree, Jr. did not withdraw from Cranbrook and that Cranbrook did not change the transcript. Defendants deny the remaining allegations contained in paragraph 27 of Plaintiffs' Complaint.

28. Defendants deny the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29. Defendants admit the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30. Defendants admit the allegations contained in paragraph 30 of Plaintiffs' Complaint only to the extent they accurately recite the email.

31. Defendants deny the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32. Defendants deny the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33. Defendants deny the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34. Defendants deny the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35. Defendants deny the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36. Defendants deny the allegations contained in paragraph 36 of Plaintiffs' Complaint.

37. Defendants deny the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38. Defendants deny the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiffs' Complaint.

## COUNT I

## FRAUD AND MISREPRESENTATION

40. Defendants incorporate by reference as if fully set forth herein their responses to paragraphs 1 through 39 of Plaintiffs' Complaint.

41. Defendants deny the allegations contained in paragraphs 41 "a." through "g." of Plaintiffs' Complaint.

42. Defendants deny the allegations contained in paragraph 42 of Plaintiffs' Complaint.

43. Defendants deny the allegations contained in paragraph 43 of Plaintiffs' Complaint.

44. Defendants deny the allegations contained in paragraph 44 of Plaintiffs' Complaint.

45. Defendants deny the allegations contained in paragraph 45 of Plaintiffs' Complaint.

46. Defendants admit the allegations contained in paragraph 46 of Plaintiffs' Complaint.

47. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiffs' Complaint.

48. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 49 of Plaintiffs' Complaint.

50. Defendants deny the allegations contained in paragraph 50 of Plaintiffs' Complaint.

## COUNT II

## MAIL FRAUD – 18 U.S.C. § 1341

51. Defendants incorporate by reference as if fully set forth herein their responses to paragraphs 1 through 50 of Plaintiffs' Complaint.

52. Paragraph 52 of Plaintiffs' Complaint sets forth legal conclusions for which no response is required. To the extent a response is deemed required, however, Defendants deny the allegations contained in paragraph 52 of Plaintiffs' Complaint. Further responding, Defendants deny any wrongdoing or liability.

53. Defendants deny the allegations contained in paragraph 53 of Plaintiffs' Complaint.

54. Defendants admit a copy of Plaintiff Michael Dupree, Jr.'s transcript was sent to Purdue University at the request of Plaintiffs. Defendants deny the remaining allegations in paragraph 54 of Plaintiffs' Complaint.

55. Defendants admit the allegations contained in paragraph 55 of Plaintiffs' Complaint.

56. Defendants admit the allegations contained in paragraph 56 of Plaintiffs' Complaint.

57. Defendants deny the allegations contained in paragraph 57 of Plaintiffs' Complaint.

58. Defendants deny the allegations contained in paragraph 58 of Plaintiffs' Complaint.

## COUNT III

## WIRE FRAUD – 18 U.S.C. § 1343

59. Defendants incorporate by reference as if fully set forth herein their responses to paragraphs 1 through 58 of Plaintiffs' Complaint.

60. Paragraph 60 of Plaintiffs' Complaint sets forth legal conclusions for which no response is required. To the extent a response is deemed required, however, Defendants deny the allegations contained in paragraph 60 of Plaintiffs' Complaint. Further responding, Defendants deny any wrongdoing or liability.

61. Defendants deny the allegations contained in paragraph 61 of Plaintiffs' Complaint.

62. Defendants deny the allegations contained in paragraph 62 of Plaintiffs' Complaint.

63. Defendants deny the allegations contained in paragraph 63 of Plaintiffs' Complaint.

64. Defendants deny the allegations contained in paragraph 64 of Plaintiffs' Complaint.

## COUNT IV

### EXTORTION – 18 U.S.C. § 1951

65. Defendants incorporate by reference as if fully set forth herein their responses to paragraphs 1 through 64 of Plaintiffs' Complaint.

66. Defendants deny the allegations contained in paragraph 66 of Plaintiffs' Complaint.

67. Defendants deny the allegations contained in paragraph 67 of Plaintiffs' Complaint.

68. Defendants deny the allegations contained in paragraph 68 of Plaintiffs' Complaint.

69. Defendants deny the allegations contained in paragraph 69 of Plaintiffs' Complaint.

70. Defendants deny the allegations contained in paragraph 70 of Plaintiffs' Complaint.

71. Defendants admit the allegations contained in paragraph 71 of Plaintiffs' Complaint only to the extent they accurately recite the referenced statute. Further responding, Defendants deny any wrongdoing or liability.

72. Defendants deny the allegations contained in paragraph 72 of Plaintiffs' Complaint.

## COUNT V

### RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO), 18 U.S.C. § 1961(1)(B), 1962(c), 1964(c)

73. Defendants incorporate by reference as if fully set forth herein their responses to paragraphs 1 through 72 of Plaintiffs' Complaint.

74. Defendants admit the allegations contained in paragraph 74 of Plaintiffs' Complaint only to the extent they accurately recite the referenced statute. Further responding, Defendants deny any wrongdoing or liability.

75. Defendants admit the allegations contained in paragraph 75 of Plaintiffs' Complaint only to the extent they accurately recite the referenced statute. Further responding, Defendants deny any wrongdoing or liability.

76. Defendants admit the allegations contained in paragraph 76 of Plaintiffs' Complaint only to the extent they accurately recite the referenced statute. Further responding, Defendants deny any wrongdoing or liability.

77. Paragraph 77 of Plaintiffs' Complaint sets forth legal conclusions for which no response is required. To the extent a response is deemed required, however, Defendants deny the allegations contained in paragraph 77 of Plaintiffs' Complaint. Further responding, Defendants deny any wrongdoing or liability.

78. Paragraph 78 of Plaintiffs' Complaint sets forth legal conclusions for which no response is required. To the extent a response is deemed required, however, Defendants deny the allegations contained in paragraph 78 of Plaintiffs' Complaint. Further responding, Defendants deny any wrongdoing or liability.

79. Paragraph 79 of Plaintiffs' Complaint sets forth legal conclusions for which no response is required. To the extent a response is deemed required, however, Defendants deny the allegations contained in paragraph 79 of Plaintiffs' Complaint. Further responding, Defendants deny any wrongdoing or liability.

80. Defendants deny the allegations contained in paragraph 80 of Plaintiffs' Complaint.

81. Defendants deny the allegations contained in paragraph 81 of Plaintiffs' Complaint.

82. Defendants deny the allegations contained in paragraph 82 of Plaintiffs' Complaint.

## COUNT VI

## BREACH OF CONTRACT

83. Defendants incorporate by reference as if fully set forth herein their responses to paragraphs 1 through 82 of Plaintiffs' Complaint.

84. Defendants admit the allegations contained in paragraph 84 of Plaintiffs' Complaint but further state that Plaintiffs have not attached a copy of the contract to their Complaint.

85. Defendants admit the allegations contained in paragraph 85 of Plaintiffs' Complaint.

86. Defendants deny the allegations contained in paragraph 86 of Plaintiffs' Complaint. Further responding, the enrollment agreement between Defendant Cranbrook and Plaintiffs Michael Dupree, Sr. and Darlene Dupree set forth conditions for Plaintiff Michael Dupree, Jr. obtaining a diploma.

87. Defendants deny the allegations contained in paragraph 87 of Plaintiffs' Complaint.

88. Defendants deny the allegations contained in paragraph 88 of Plaintiffs' Complaint.

89. Defendants deny the allegations contained in paragraph 89 of Plaintiffs' Complaint.

90. Defendants deny the allegations contained in paragraph 90 of Plaintiffs' Complaint.

91. Defendants deny the allegations contained in paragraph 91 of Plaintiffs' Complaint.

92. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 92 of Plaintiffs' Complaint.

93. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 93 of Plaintiffs' Complaint.

94. Defendants deny the allegations contained in paragraph 94 of Plaintiffs' Complaint.

95. Defendants deny the allegations contained in paragraph 95 of Plaintiffs' Complaint.

96. Defendants deny the allegations contained in paragraph 96 of Plaintiffs' Complaint.

97. Defendants deny the allegations contained in paragraph 97 of Plaintiffs' Complaint.

98. Defendants deny the allegations contained in paragraph 98 of Plaintiffs' Complaint.

99. Defendants deny the allegations contained in paragraph 99 of Plaintiffs' Complaint.

## COUNT VI

## ATTORNEY FEES

100. Defendants deny the allegations contained in paragraph 100 of Plaintiffs' Complaint.

## NOTICE OF AFFIRMATIVE DEFENSES

Defendants Cranbrook Educational Community, John J. Winter and Charles Shaw hereby give notice that they will rely upon the following Affirmative Defenses.

1. Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

2. Some or all of Plaintiffs' claims are barred by the operation of laches.

3. Some or all of Plaintiffs' claims are barred by their own acts, errors, omissions and commissions.

4. Certain claims and damages sought by Plaintiffs are not authorized by law.

5. Some or all of Plaintiffs' claims are barred by the first substantial breach doctrine.

6. Some or all of Plaintiffs' claims are barred by the clean hands doctrine.

7. Plaintiffs have failed to mitigate their damages.

8. Plaintiffs' damages are the result of the actions of third parties.

9. Defendants reserve the right to amend their affirmative defenses at any time.

        Respectfully submitted,

        HONIGMAN MILLER SCHWARTZ AND COHN LLP
        Attorneys for Defendant
        By: /s/Matthew S. Disbrow
            Russell S. Linden (P34863)
            Matthew S. Disbrow (P65378)
        2290 First National Building
        660 Woodward Avenue
        Detroit, MI 48226-3506
        (313) 465-7466

Dated: July 30, 2010

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 30, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

      Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Defendant
By: /s/Matthew S. Disbrow
    Russell S. Linden (P34863)
    Matthew S. Disbrow (P65378)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7466

Dated: July 30, 2010

DETROIT.4225948.3