UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DUPREE JR, ET AL.,,

      Plaintiff(s),                                        CIVIL NO.10-12094

v.

CRANBROOK EDUCATIONAL COMMUNITY ET AL.,,

      Defendant(s).
_____/

## NOTICE OF SCHEDULING CONFERENCE

You are hereby notified to appear in the chambers of the Honorable Robert H. Cleland, United States District Judge, at 231 W. Lafayette Blvd., Room 707, Detroit, Michigan, for a scheduling conference on **AUGUST 19, 2010 at 3:30 PM**. You are directed to meet and confer before the conference. *See* Fed. R. Civ. P. 26(f).[1]

**PRINCIPAL TRIAL COUNSEL MUST ATTEND** and **be prepared** to discuss, (and, as needed decide):

1. A summary of each claim and affirmative defense, and related issues, including
   a) the elements of proof and
   b) the good faith factual foundation of each;
2. The identity and nature of any corporate or partnership parties;[2]
3. The propriety of (or dispute about) subject matter jurisdiction;
4. The possible relationship of this case to other cases;
5. The likelihood of pleading or party amendments, third-party complaints, etc.;
6. The likelihood of expert testimony;

---

[1] Counsel are expected to attempt to narrow issues in advance. This includes the elimination of claims or defenses that are duplicative or unsustainable given the parties' present state of knowledge The parties are expected to have withdrawn, without prejudice, any claim and any defense that is not *presently* sustainable under Rule 11 in view of evidence in hand, (*see* Fed. R. Civ. P. Rule 16(c)(1)). Leave to add claims or defenses later is afforded "freely when justice so requires," to a diligent party who only later acquires facts needed to properly state a related claim or an affirmative defense (*see* Fed. R. Civ. P. 15(a)). The court expects action on purported "affirmative defenses" that are actually a mere prediction of future action (*e.g.* a defenses that the complaint "fails to state a claim," citing Rule 12(b)(6), should ordinarily have already generated a motion to dismiss, not a mere boilerplate recitation.

[2] Each corporate party **must** insure that the disclosure statement required under LR 83.4 has been filed **before** the conference.

7.      Discovery progress to date and complexity of additional discovery (counsel are instructed to commence their Fed. R. Civ. P. 26(a)(1) disclosures without delay and encouraged to begin significant discovery before the conference);
8.      Consent to state case evaluation practice or desire for private facilitation/arbitration;
9.      Consideration of magistrate judge consent jurisdiction or District Court bench trial;
10.    The likelihood of dispositive motions and apparent likelihood of settlement.

Counsel are expected to know their clients' positions on each of these questions without further consultation. Commitments and representations made at the conference are binding.

In the event that Plaintiff has filed a timely motion to remand under 28:U.S.C. § 1447(c) based on an alleged procedural defect in the removal procedure (*e.g.*, lack of unanimity in removal, 28 U.S.C. § 1446(a), failure to file removal within 30 days of service, § 1446(b), or removal in a diversity case by a Michigan defendant, § 1441(b)), the court will cancel the scheduling conference until the motion is resolved.

/S/ Lisa Wagner
Case Manager and Deputy Clerk to
Judge Robert H. Cleland
313-234-5522