**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL DUPREE, JR., a Colorado Resident,
MICHAEL DUPREE, SR. and DARLENE
DUPREE, his parents, Residents of the Country
of Austria,

        Plaintiffs,

vs.

CRANBROOK EDUCATIONAL
COMMUNITY, JOHN J. WINTER,
and CHARLES SHAW,

        Defendants.

                                                    /

Case No. 10-12094
Hon. Robert H. Cleland

Christopher R. Sciotti (P33501)
Attorney for Plaintiffs
24825 Little Mack
St. Clair Shores, MI 48080
(586) 779-7810

Russell S. Linden (P34863)
Matthew S. Disbrow (P65378)
Honigman Miller Schwartz and Cohn LLP
Attorneys for Defendants
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7372

                                                    /

**JOINT RULE 26(f) PLAN AND STATUS REPORT**

Pursuant to Fed. R. Civ. P. 26(f)(3), and the Court's practice guidelines, the parties, through their undersigned counsel, jointly submit their Rule 26(f) Plan and Status Report, and state as follows:

1. **Rule 26(f) Conference**

On August 13, 2010, the parties' respective counsel met and discussed the issues identified under Fed. R. Civ. P. 26(f).

**2.      Jurisdiction**

The basis for the court's jurisdiction is federal question jurisdiction, pursuant to 28 U.S.C. § 1331.  Jurisdiction is conceded.

**3.      Jury Trial**

This case is to be tried before a jury.

**4.      Magistrate Judge**

The parties discussed requesting "consent jurisdiction" (28 U.S.C. § 636(c)), to the assigned Magistrate Judge.  Plaintiff agrees to "consent jurisdiction."  Defendant does not agree.

**5.      Nature of Plaintiffs' Claims**

Plaintiffs state that Plaintiff Michael Dupree, Jr. was enrolled in the Cranbrook Kingswood High School for four years.  Plaintiff's parents, Michael Dupree, Sr. and Darlene Dupree paid his tuition.  Plaintiff completed all academic requirements to graduate by May 27, 2004.  Plaintiff was dismissed by defendants on June 1, 2004.  Defendants claim plaintiff misused defendant's computer system and used marijuana.  These allegations are false.  Defendants threatened plaintiff with federal and state prosecution.  On plaintiff's official transcript issued by defendants the defendants claimed that plaintiff withdrew from high school on June 1, 2004.  This is false.  Defendant has sent this transcript to several colleges.  Plaintiff claims fraud, breach of contract, mail fraud, wire fraud, extortion and RICO violations.

**6.      Withdrawal of Plaintiffs' Claims**

At this time, Plaintiffs are not withdrawing any claims.

**7.      Pendant State Law Claims**

Plaintiffs' supplemental (or "pendant") state law claims are: (a) Count I – fraud and misrepresentation; and (b) Count VI – breach of contract.

2

**8.     Nature of Defendants' Defenses**

Defendants state that Plaintiff Michael Dupree, Jr. was dismissed from Cranbrook Kingswood Upper School effective June 1, 2004. He did not complete all requirements to receive a diploma from the Cranbrook Educational Community (the "School"). Plaintiffs have no contractual right to a diploma. Defendants did not breach any contract with Plaintiffs. Further, Defendants have repeatedly explained to Plaintiffs why a withdrawal designation appears on Plaintiff Michael Dupree, Jr.'s transcript. There are no bases for Plaintiffs' fraud and misrepresentation, mail fraud, wire fraud, extortion, RICO, or any other claims.

**9.     Withdrawal of Defendants' Affirmative Defenses**

Defendants withdraw no affirmative defenses.

**10.    Answer**

The Answer was filed on July 30, 2010, pursuant to Fed. R. Civ. P. 12(a)(1)(A)(ii).

**11.    Commencement of Discovery**

The parties have not begun discovery by agreement.

**12.    Discovery Plan**

The parties have read the Court's guidelines on discovery, developed the following discovery plan, and recommend that the court enter an Order to this effect:

a)  The parties have agreed to exchange initial disclosures within 14 days of the Rule 26(f) conference pursuant to Fed. R. Civ. P. 26(a).

b)  Discovery may be needed on the following subjects:

- Plaintiffs state discovery is needed on Defendants' reasons for dismissal and false transcripts.

- Defendants state discovery will be needed on Plaintiffs' factual and legal bases for asserting their claims of fraud and misrepresentation, mail fraud, wire fraud, extortion, RICO violations, and breach of contract, as well as on Plaintiffs' alleged damages and Defendants' affirmative defenses.

c)  This is a simple case. Discovery should continue through and be completed by

> **November 15, 2010,** including service and response to interrogatories, document requests, requests for admission and scheduling of factual depositions.

  d) Discovery need not be conducted in phases.

  e) No changes to the limitations on discovery imposed under the court rules are necessary.

  f) The parties do not foresee any additional limitations on discovery at this time, except that they have agreed to discuss a stipulated protective order to maintain the confidentiality of documents and information produced or otherwise disclosed in this matter.

  g) The following orders should be entered at this time relating to privileges, or under Rule 16(b) or under Rule 16(c):

- The parties shall exchange non-expert witness lists by **September 7, 2010.**
- Plaintiffs shall identify expert witnesses by **September 10, 2010**.
- Defendant shall indentify expert witnesses by **October 8, 2010.**
- Dispositive motions shall be filed by **December 15, 2010**.

  h) With regard to discovery costs, the parties state as follows:

- Plaintiffs estimate their discovery costs, including attorney fees, may reach about $7,500.00. Plaintiffs' counsel has specifically advised Plaintiffs Michael Dupree, Jr., Michael Dupree, Sr., and Darlene Dupree of the estimated discovery costs, above, and they have approved those costs.
- Defendants estimate their discovery costs, including attorney fees, may reach about $25,000.00. Defendants' counsel has specifically advised Defendants Cranbrook Educational Community, John J. Winter, and Charles Shaw of the estimated discovery costs, above, and they have approved those costs.

**13.**  **<u>Alternative Dispute Resolution</u>**

The parties have discussed the possibility of prompt resolution, (including the advisability of alternative dispute resolution, arbitration, early facilitative mediation, an early settlement conference with the court, etc.). Given the significant settlement discussions that have taken place between the parties prior to the filing of the Complaint, the parties' joint view is that facilitative mediation or other forms of alternative dispute resolution will not be productive.

**14.** **Trial Schedule**

Based on what is known at this time, the parties estimate that at trial we may require approximately: (a) 12-15 in-court hours for the presentation of Plaintiffs' case, and (b) 12-15 in-court hours for the presentation of Defendants' case.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP

By: /s/ Christopher R. Sciotti
    Christopher R. Sciotti (P33501)
24825 Little Mack
St. Clair Shores, MI 48080
(586) 779-7810

Attorney for Plaintiffs

By: /s/ Matthew S. Disbrow
    Russell S. Linden (P34863)
    Matthew S. Disbrow (P65378)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7372

Attorneys for Defendants

DATED:  August 20, 2010

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2010, I electronically filed the Joint Rule 26(f) Plan and Status Report with the Clerk of the Court using the ECF system, which will provide electronic notice to Christopher R. Sciotti, Esq.

        Respectfully submitted,

        HONIGMAN MILLER SCHWARTZ AND COHN LLP
        Attorneys for Defendants

        By: /s/ Matthew S. Disbrow
           Russell S. Linden (P34863)
           Matthew S. Disbrow (P65378)
        2290 First National Building
        660 Woodward Avenue
        Detroit, MI 48226-3506
        (313) 465-7372

Dated: August 20, 2010        mdisbrow@honigman.com

DETROIT.4306876.1