**EXHIBIT 11**

Westlaw.

Page 1

Not Reported in F.Supp.2d, 2007 WL 954108 (E.D.Pa.)
(Cite as: 2007 WL 954108 (E.D.Pa.))

**H**
Only the Westlaw citation is currently available.

United States District Court,
E.D. Pennsylvania.
Ali WARIS, Plaintiff,
v.
Joseph FRICK, et al., Defendants.

Civil Action No. 06-5189.
March 28, 2007.

Ali Waris, Newtown Square, PA, pro se.

Eric Kraeutler, Michael J. Riffitts, Susannah R. Henderson, Morgan Lewis & Bockius LLP, Gerald J. Dugan, Dugan Brinkman Maginnis and Page, Mary E. Butler, Administrative Office of PA Courts, Philadelphia, PA, for Defendants.

Gerald J. Dugan, Dugan Brinkman Maginnis and Page, Philadelphia, PA, pro se.

## MEMORANDUM AND ORDER

KATZ, S.J.

*1 Now before the court are the "Judicial Defendants' Motion to Dismiss Plaintiff's Complaint" (Document No. 36) and Plaintiff's response thereto (Document No. 48). For the following reasons, the motion will be granted in part and denied in part.

**I. Summary of Facts**

Plaintiff is a member of Keystone Health Plan East ("KHPE"), a health maintenance organization whose ultimate parent corporation is Independence Blue Cross. *See* Compl. ¶ 16. In September 2004, Plaintiff sought reimbursement of about $100 in medical expenses from KHPE, which agreed to reimburse about $31. *Id.* ¶¶ 40-41. Over the next 14 months, Plaintiff repeatedly called KHPE to ask why he had not received his reimbursement check. *Id.* ¶¶ 43-44. Each time, often after lengthy waits on hold, Plaintiff was told by KHPE's customer service representatives "that the check had been sent to the wrong address and that it would take them some time to stop that payment and several additional weeks to re-issue the check." *Id.* ¶ 45-46. Plaintiff alleges, however, that KHPE "had no plans to reimburse" him, and that KHPE's "false promises" were designed to cause Plaintiff to stop seeking reimbursement. *Id.* ¶¶ 3, 34, 42.

On November 4, 2005, Plaintiff, proceeding *pro se,* filed suit against KHPE in the Delaware County Court of Common Pleas ("DCCCP"), alleging tortious and contractual malfeasance by KHPE in its failure to reimburse Plaintiff's $31. *Id.* ¶¶ 48-49. KHPE's attorney, Defendant Gregory F. Lepore ("Lepore"), filed preliminary objections to the complaint, but these were not sustained. *Id.* ¶¶ 50-51. Plaintiff alleges that Defendant Lepore's preliminary objections contained materially false statements, and that Lepore subsequently tampered with evidence produced in discovery and failed to properly verify the truth and completeness of his discovery responses. *Id.* ¶¶ 52-64.[FN1] On April 7, 2006, Plaintiff filed a motion to compel KHPE to give Plaintiff a signed copy of its response to a particular discovery request. *Id.* ¶ 65.

FN1. Plaintiff also alleges that the verification of discovery responses he received from KHPE on April 4, 2006 was "materially false." *Id.* ¶ 107, 521 A.2d 33(f). This verification was signed by Defendant Anya Pollard ("Pollard"), a paralegal at KHPE. *Id.* ¶¶ 20, 62.

After the filing of this motion to compel, KHPE hired Defendant Gerald J. Dugan ("Dugan"), a partner in the Defendant law firm of Dugan, Brinkmann, Maginnis and Pace ("DBMP"), to replace Defendant Lepore as KHPE's counsel in the DCCCP case. *Id.* ¶ 68. Plaintiff alleges that Defendant Dugan used his influence with the DCCCP to have Plaintiff's motion re-assigned to the Honorable Harry J. Bradley ("Judge Bradley"), who, according to Plaintiff, "is a former insurance defense

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 954108 (E.D.Pa.)
(Cite as: 2007 WL 954108 (E.D.Pa.))

lawyer with an established reputation of ruling in favor of insurance companies." *Id.* ¶¶ 66-76, 77, 79. Defendant Judge Bradley then denied Plaintiff's motion to compel. *Id.* ¶ 78.

In the months following this ruling, Plaintiff alleges that Defendant Dugan's litigation conduct included "open lies, false attestations and certifications, continuous harassment of the Plaintiff, and commitment [sic] of postal fraud." *Id.* ¶ 81.[FN2] More particularly, Plaintiff claims that Defendant Dugan improperly tried to pressure Plaintiff to submit to an inconvenient deposition and committed postal fraud related to the service and filing of motions and discovery requests. *Id.* ¶¶ 87-103.

> FN2. Plaintiff further alleges that Defendant Michael Zipfel ("Zipfel"), one of KHPE's in-house lawyers, was "regularly informed of both Lepore and Dugan's conduct" during this period. *Id.* ¶ 19, 82.

*2 Plaintiff further complains of the conduct and rulings of Defendant Judge Bradley, the Honorable George A. Pagano ("Judge Pagano") of the DCCCP, and Defendant Gerald C. Montella ("Montella"), the administrator of the DCCCP. *Id.* ¶¶ 24-25. With regard to a KHPE motion to compel filed by Defendant Dugan on July 17, 2006 and subsequently assigned to Judge Bradley, Plaintiff repeatedly wrote to Defendant Montella to question whether that assignment had been random. Defendant Montella either ignored these letters or sent perfunctory responses. *Id.* ¶¶ 100-116. Yet on October 3, 2006, KHPE's pending motion was reassigned to Defendant Judge Pagano, who allegedly granted it the same day without affording Plaintiff an opportunity to respond. *Id.* ¶¶ 117-118. On October 19, 2006, Plaintiff filed an emergency petition to stay his DCCCP case; the motion was assigned to Judge Bradley who denied it the same day. *Id.* ¶¶ 120-122.

Plaintiff filed the Complaint in this case on November 27, 2006. The Complaint comprises ten counts, most of which target either the "RICO Defendants" or the "Judicial Defendants." The "RICO Defendants" are the Board of Directors of KHPE (the "Board"), Joseph Frick ("Frick"),[FN3] Zipfel, Pollard, Dugan, DBMP, and Lepore. *Id.* ¶¶ 17, 27. The "Judicial Defendants" are Montella, Judge Bradley, and Judge Pagano. *Id.* ¶ 28.

> FN3. Defendant Frick is the Chief Executive Officer of KHPE. *Id.* ¶ 18, 521 A.2d 33

With respect to the RICO Defendants, Plaintiff's basic grievance is that "[t]he KHPE leadership has developed an innovative scheme to raise the revenue of the company, and thereby their own bonuses, by unfairly denying, or unjustifiably delaying, reimbursements to a substantial number of its insured and providers of medical services to increase its profits." *Id.* ¶ 4. Plaintiff goes on to allege that "KHPE's leadership, including its Board of Directors and key staff, together maintain an AS-SOCIATION-IN-FACT ENTERPRISE with some salaried and contracted attorneys whose law practice is mainly a FRONT. In reality, the said attorneys are KHPE's controlling partners in its Association-in-Fact racketeering Enterprise that, *inter alia*, robs KHPE's legal opponents of their property value in the litigation against KHPE" by using "mob-like techniques" to defeat legal challenges to KHPE's practices and "deter others from suing KHPE." *Id.* ¶¶ 4, 5. Finally, Plaintiff alleges that "the tentacles of KHPE's racketeering enterprise extend to certain courthouses as well where the court officials under the COLOR OF STATE LAW, and the COLOR OF OFFICIAL RIGHT, help KHPE fix cases and intimidate its opponents." *Id.* ¶ 7.

With respect to the Judicial Defendants, Plaintiff's basic grievance is that Defendant Montella's failure to follow the DCCCP's procedures for the random assignment of cases, and Defendant Judges Bradley and Pagano's rulings violated Plaintiff's First and Fourteenth Amendment rights-more specifically, Plaintiff's rights to free speech and procedural and substantive due process. *Id.* ¶¶ 76, 109, 118-119, 123-125.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 954108 (E.D.Pa.)
(Cite as: 2007 WL 954108 (E.D.Pa.))

*3 Count I alleges that the RICO Defendants violated 18 U.S.C. § 1962(a) and (d); Count II that they violated 18 U.S.C. § 1962(b) and (d); and Count III that they violated 18 U.S.C. § 1962(c) and (d). *Id.* ¶¶ 129-155. Count IV seeks recovery against the Judicial Defendants in their personal capacities under 42 U.S.C. § 1983 for violating Plaintiff's First and Fourteenth Amendment rights; Count V seeks recovery on the same grounds against the same Defendants in their official capacities. *Id.* ¶¶ 156-173. Counts VII and VIII assert freestanding claims against the Judicial Defendants under the First and Fourteenth Amendments, respectively. *Id.* ¶¶ 178-191. Count VI alleges that Defendants Frick, Dugan, and Montella violated the Hobbs Act (*i.e.*, 18 U.S.C. § 1951). *Id.* ¶¶ 174-177. Count IX claims that all Defendants are liable to Plaintiff for engaging in common law fraud and deceit. *Id.* ¶¶ 192-197. Count X asserts a corporate negligence claim against Defendants Frick, Zipfel, and the Board. *Id.* ¶¶ 198-202. Plaintiff seeks money damages against the RICO Defendants, and money damages and declaratory and prospective injunctive relief against the Judicial Defendants. *Id.* ¶ 12.

## II. Legal Standard

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of the complaint. *See Jodek Charitable Trust, R.A. v. VerticalNet, Inc.*, 412 F.Supp.2d 469, 474 (E.D.Pa.2006) (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993)). In considering the motion, the court must accept as true all well-pleaded factual allegations in the complaint and "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant," *see Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir.1994), but the court need not credit bald assertions or legal conclusions. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997). Moreover, the court may look "only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *See Jordan,* 20 F.3d at 1261. The court may grant the motion only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## III. Discussion

The instant motion seeks dismissal of Plaintiff's claims in Counts IV, V, VI, VII, VIII, and IX against Defendants Montella, Judge Bradley, and Judge Pagano-*i.e.*, the "Judicial Defendants." For the following reasons, the motion will be granted in part and denied in part.

### A. The *Rooker-Feldman* Doctrine

The Judicial Defendants argue that the *Rooker-Feldman* doctrine requires that all of Plaintiff's claims against them be dismissed for lack of subject-matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The court rejects this argument, because the *Rooker-Feldman* doctrine, as narrowed by *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), does not reach Plaintiff's claims. The Supreme Court held in *Exxon Mobil* that:

> *4 The *Rooker-Feldman* doctrine ... is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

*Id.* at 284. Here, Plaintiff alleges that the Judicial Defendants violated his rights under the First and Fourteenth Amendments of the United States

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 954108 (E.D.Pa.)
(Cite as: 2007 WL 954108 (E.D.Pa.))

Constitution, and defrauded him by not disclosing their relationships with his adversaries in the DCCCP case. Plaintiff also alleges that Defendant Montella violated the Hobbs Act-*i.e.*, 18 U.S.C. § 1951. The *Rooker-Feldman* doctrine does not deprive the court of subject-matter jurisdiction over these claims, because they do not "invit[e] district court review and rejection" of any ruling in the DCCCP case, which apparently has not yet reached a final judgment. *Exxon Mobil,* 544 U.S. at 284; *Taliaferro v. Darby Twp. Zoning Bd.,* 458 F.3d 181, 192-93 (3d Cir.2006) (rejecting the application of *Rooker-Feldman* in a similar 42 U.S.C. § 1983 case).

**B. Counts VII and VIII-Implied Causes of Action Under the First and Fourteenth Amendments**

Plaintiff's claims against the Judicial Defendants in Counts VII and VIII will be dismissed with prejudice pursuant to FED. R. CIV. P. 12(b)(6), because they impermissibly duplicate Counts IV and V. Count IV seeks recovery against the Judicial Defendants in their personal capacities under 42 U.S.C. § 1983 for violating Plaintiff's First and Fourteenth Amendment rights; Count V seeks recovery on the same grounds against the same Defendants in their official capacities. *See* Compl. ¶¶ 156-173. Counts VII and VIII, however, duplicate Counts IV and V by asserting freestanding claims against the Judicial Defendants under the First and Fourteenth Amendments, respectively. *Id.* ¶¶ 178-191. With respect to Plaintiff's Fourteenth Amendment claim in Count VIII, the Third Circuit has held that such a freestanding claim must be dismissed where relief is also sought under 42 U.S.C. § 1983.[FN4] *See Rogin v. Bensalem Twp.,* 616 F.2d 680, 686-87 (3d Cir.1980); *Mahone v. Waddle,* 564 F.2d 1018, 1024-25 (3d Cir.1977); *Three Rivers Cablevision, Inc. v. City of Pittsburgh,* 502 F.Supp. 1118, 1134 (W.D.Pa.1980); *cf. Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 735, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). As for Plaintiff's First Amendment claim in Count VII, the court is aware of no case dismissing such a claim on this ground. Nevertheless, the court finds *Rogin* and *Mahone's* logic equally applicable to Plaintiff's First Amendment claim and will therefore dismiss it with prejudice, along with Plaintiff's Fourteenth Amendment claim in Count VIII. *See Rogin,* 616 F.2d at 686-87 ("[I]t would be a redundant and wasteful use of judicial resources to permit the adjudication of both direct constitutional and § 1983 claims where the latter wholly subsume the former."); *Mahone,* 564 F.2d at 1024 (" *[ Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) ] teaches that the existence of an effective and substantial federal statutory remedy for the plaintiffs obviates the need to imply a constitutional remedy on the plaintiffs' behalf ....").[FN5]

FN4. 42 U.S.C. § 1983 reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983 (2006).

FN5. In the alternative, the court holds that Plaintiff's freestanding First Amendment

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 954108 (E.D.Pa.)
(Cite as: 2007 WL 954108 (E.D.Pa.))

claim for money damages in Count VII is barred by the doctrines of absolute judicial and quasi-judicial immunity, which are discussed in Section III.D., *infra*.

### C. Count VI-Hobbs Act (18 U.S.C. § 1951)

*5 Plaintiff's claim against Defendant Montella in Count VI is based on his alleged violation of a criminal statute-*i.e.*, the Hobbs Act (18 U.S.C. § 1951).[FN6] This claim will be dismissed with prejudice pursuant to FED. R. CIV. P. 12(b)(6), because there is no express or implied private right of action under 18 U.S.C. § 1951. *See Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 408-09 (8th Cir.1999); *Bajorat v. Columbia-Breckenridge Dev. Corp.*, 944 F.Supp. 1371, 1377-78 (N.D.Ill.1996); *Barrett v. City of Allentown*, 152 F.R.D. 50, 56 (E.D.Pa.1993); *John's Insulation, Inc. v. Siska Constr. Co., Inc.*, 774 F.Supp. 156, 163 (S.D.N.Y.1991); *Peterson v. Philadelphia Stock Exch.*, 717 F.Supp. 332, 335-36 (E.D.Pa.1989); *Creech v. Fed. Land Bank of Wichita*, 647 F.Supp. 1097, 1099 (D.Colo.1986).

> FN6. The Hobbs Act reads, in pertinent part, as follows:
>
> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
>
> 18 U.S.C. § 1951(a) (2006).

### D. Counts IV and V-Absolute Judicial and Quasi-Judicial Immunity

The settled doctrine of absolute judicial immunity requires the dismissal with prejudice, pursuant to FED. R. CIV. P. 12(b)(6), of Plaintiff's 42 U.S.C. § 1983 claims *for money damages* in Counts IV and V against Defendant Judges Bradley and Pagano. Quasi-judicial immunity, however, does not require the dismissal of Plaintiff's § 1983 claims *for money damages* in Counts IV and V against Defendant Montella, so the motion to dismiss these claims will be denied without prejudice with leave to renew by motion for summary judgment following the completion of discovery.

### 1. The Doctrines

"[G]enerally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). The Supreme Court has expanded on this principle as follows:

> Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial. Rather, our cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Id.* at 11-12 (internal citations omitted). With regard to the first exception, "whether an act by a judge is a 'judicial' one relates to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* at 12 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)); *see also Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 769 (3d Cir.2000) ( "Our task is to 'draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges,' such as administrative acts.") (quoting *Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 954108 (E.D.Pa.)
(Cite as: 2007 WL 954108 (E.D.Pa.))

538, 98 L.Ed.2d 555 (1988)). With regard to the second exception, the Third Circuit requires district courts to "distinguish between acts in the 'clear absence of all jurisdiction,' which do not enjoy the protection of absolute immunity, and acts that are merely in 'excess of jurisdiction,' which do enjoy that protection." *Gallas,* 211 F.3d at 769; *see also Figueroa v. Blackburn,* 208 F.3d 435, 443-45 (3d Cir.2000).[FN7]

> FN7. The *Stump* Court explained the difference as follows:
>
> > A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.
>
> *Stump,* 435 U.S. at 356 n. 6 (quoting *Bradley v. Fisher,* 13 Wall. 335, 80 U.S. 335, 351-52, 20 L.Ed. 646 (1871)).

*6 Court officers generally enjoy absolute quasi-judicial immunity that parallels the judicial immunity described above. *See Forrester v. White,* 484 U.S. 219, 225, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) (noting the extension of absolute immunity "to Executive Branch officials who perform quasi-judicial functions"); *Turack v. Guido,* 464 F.2d 535, 536 (3d Cir.1972) (extending absolute quasi-judicial immunity to a court administrator like Defendant Montella); *Marcades v. Barrett,* 453 F.2d 391, 391-92 (3d Cir.1971) (doing the same for "a Clerk of State Courts, a supervisor on the staff of such Clerk, the Administrative Assistant to the President Judge of the Allegheny County Court, and the State Court Reporter who reported state criminal court proceedings"); *Lockhart v. Hoenstine,* 411 F.2d 455, 460 (3d Cir.1969) ("In addition to the recognized immunity enjoyed by judicial and quasijudicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune from suit."); *Henig v. Odorioso,* 385 F.2d 491, 494 (3d Cir.1967); *Gonzales v. Clerk of Courts of Berks County,* Civ. A. No. 91-2082, 1991 WL 133647, at *2 (E.D.Pa. July 16, 1991); *DeFerro v. Coco,* 719 F.Supp. 379, 381 (E.D.Pa.1989); *Jodeco, Inc. v. Hann,* 674 F.Supp. 488, 497 (D.N.J.1987) ( "[A]bsolute immunity has been extended to protect those nonjudicial officials whose activities are integrally related to the judicial process and involve the exercise of discretion comparable to that of a judge.").[FN8]

> FN8. These holdings do not appear to have been affected by *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993), which held that court reporters are not entitled to absolute immunity, and which declared that:
>
> > The proponent of a claim to absolute immunity bears the burden of establishing the justification for such immunity. In determining which officials perform functions that might justify a full exemption from liability, we have undertaken a considered inquiry into the immunity historically accorded the relevant official at common law and the interests behind it.
>
> *Id.* at 432 (internal quotations omitted); *see also Gallas v. Supreme Court of Pennsylvania,* 211 F.3d 760, 772-73 (3d Cir.2000) (holding court administrator

Case 2:10-cv-12094-LPZ-MKM ECF No. 21-12, PageID.219 Filed 03/02/11 Page 8 of 11

Page 7

Not Reported in F.Supp.2d, 2007 WL 954108 (E.D.Pa.)
(Cite as: 2007 WL 954108 (E.D.Pa.))

entitled to absolute quasi-judicial immunity); *Davis v. Philadelphia County,* 195 F.Supp.2d 686, 688 (E.D.Pa.2002) (same, citing *Marcedes,* 453 F.2d at 391).

### 2. Application of the Doctrines to This Case

Plaintiff's 42 U.S.C. § 1983 claims against the Judicial Defendants seek relief in the form of money damages. *See* Compl. ¶¶ 12 (generally), 169 (Count IV), Prayer for Relief (¶¶ 3, 6, 7). The claims against Defendant Judges Bradley and Pagano therefore must be dismissed with prejudice under the doctrine of absolute judicial immunity, which applies to their alleged conduct. The claims against Defendant Montella, however, will not be dismissed, because Defendant Montella's alleged conduct is beyond the scope of his quasi-judicial immunity.

### a. Defendant Judges Bradley and Pagano

Plaintiff's claims against Defendant Judge Bradley arise out of two of his rulings in Plaintiff's DCCCP case. First, Judge Bradley allegedly denied a motion to compel discovery from KHPE that Plaintiff had filed on April 7, 2006. *See* Compl. ¶ 78. Second, Judge Bradley allegedly denied, on October 19, 2006, Plaintiff's emergency petition to stay his DCCCP case, which Plaintiff had filed that day after an unfavorable October 3, 2006 ruling (by Defendant Judge Pagano) on a KHPE motion to compel. *Id.* ¶¶ 118, 120, 122.

Plaintiff's claims against Defendant Judge Pagano arise out of his only ruling in Plaintiff's DCCCP case-on October 3, 2006, Judge Pagano granted a KHPE motion to compel more specific discovery responses from Plaintiff, allegedly without giving Plaintiff an opportunity to respond. *Id.* ¶¶ 110, 117-119. This motion to compel had been filed by Defendant Dugan on July 17, 2006, and originally was assigned to Judge Bradley, and subsequently was reassigned to Judge Pagano. *Id.*

*7 The rulings of Judges Bradley and Pagano fall within the scope of their absolute judicial immunity, because they were judicial acts, and because they were not issued in the clear absence of all jurisdiction. *See generally Mireles,* 502 U.S. at 9-13; *Figueroa,* 208 F.3d at 443-45. In finding that these rulings were judicial acts, the court finds that they were acts "normally performed by a judge," *Stump,* 435 U.S. at 362, and that Plaintiff "dealt with [Judges Bradley and Pagano] in [their] judicial capacit[ies]." *Id.* Moreover, Judges Bradley and Pagano acted within their respective jurisdictions. *Id.* at 356-57 (citing *Bradley,* 80 U.S. at 352). It follows that Plaintiff's 42 U.S.C. § 1983 claims for money damages against Judges Bradley and Pagano in Counts IV and V must be dismissed with prejudice.

### b. Defendant Montella

Plaintiff's claims against Defendant Montella arise out of three instances in which he allegedly used his authority as administrator of the DCCCP to circumvent the procedure for the random assignment of motions. *See* Compl. ¶¶ 24, 109. Not surprisingly, the three motions at issue are the same motions upon which Judges Bradley and Pagano ruled, thus giving rise to Plaintiff's claims against them: (1) Plaintiff's motion to compel, filed on April 7, 2006, and assigned to Judge Bradley; (2) Defendant KHPE's motion to compel, filed on July 17, 2006, and assigned first to Judge Bradley, then to Judge Pagano after Plaintiff complained extensively; (3) Plaintiff's emergency petition to stay his DCCCP case, filed on October 19, 2006, and assigned to Judge Bradley despite being addressed to Judge Clouse, President Judge of the DCCCP. *Id.* ¶ ¶ 65, 76-79, 110-117, 120, 121.

Since "[t]he County Court, like other civilized and honest courts, is required to follow a procedure based on random assignment of motions and cases to its judges so as to provide litigants equal protection under the law," *id.* ¶ 109, and since there is no indication that the DCCCP authorized the allegedly non-random assignment of the motions at issue, Defendant Montella's alleged actions lie beyond the scope of his absolute quasi-judicial immunity.[FN9]

Not Reported in F.Supp.2d, 2007 WL 954108 (E.D.Pa.)
(Cite as: 2007 WL 954108 (E.D.Pa.))

See *Lockhart,* 411 F.2d at 460 ("In addition to the recognized immunity enjoyed by judicial and quasijudicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official *acting pursuant to court directive* is also immune from suit.") (emphasis added); *cf. Turack,* 464 F.2d at 536; *Marcades,* 453 F.2d at 391-92; *Henig,* 385 F.2d at 494; *Gonzales,* 1991 WL 133647, at *2; *DeFerro,* 719 F.Supp. at 381. It follows that the motion to dismiss Plaintiff's 42 U.S.C. § 1983 claims for money damages against Defendant Montella in Counts IV and V must be denied without prejudice with leave to renew by motion for summary judgment following the completion of discovery.

> FN9. The court would reach the same conclusion at this stage even if Defendant Montella were shielded by only qualified immunity. *Cf. Crews v. Petrosky,* 509 F.Supp. 1199, 1204-05 (W.D.Pa.1981).

### E. Counts IV and V-Injunctive and Declaratory Relief

*8 Judge Bradley and Judge Pagano's absolute judicial immunity does not completely dispose of Plaintiff's 42 U.S.C. § 1983 claims in Counts IV an V, because Plaintiff also expressly seeks declaratory and prospective injunctive relief. *See* Compl. ¶ 12, 173 (Count V), Prayer for Relief (¶¶ 1, 2, 3).

Plaintiff's claims for injunctive relief against the Judicial Defendants in Counts IV and V will be dismissed with prejudice pursuant to FED. R. CIV. P. 12(b)(6), because they are barred by 42 U.S.C. § 1983 itself, which declares that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, *injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*" 42 U.S.C. § 1983 (2006) (emphasis added). Declaratory relief is available in this case, and the Judicial Defendants have not violated a declaratory decree. Moreover, as discussed above, the Judicial Defendants are "judicial officers" who were acting in their "judicial capacities." Plaintiff's claims for injunctive relief in Counts IV and V therefore must be dismissed with prejudice. *See Brandon E. ex rel. Listenbee v. Reynolds,* 201 F.3d 194, 197-98 (3d Cir.2000); *see also Roth v. King,* 449 F.3d 1272, 1286-87 (D.C.Cir.2006); *Smith v. City of Hammond, Indiana,* 388 F.3d 304, 307 (7th Cir.2004); *Local Union No. 12004, United Steelworkers of America v. Massachusetts,* 377 F.3d 64, 75 n. 9 (1st Cir.2004); *Montero v. Travis,* 171 F.3d 757, 761 (2d Cir.1999).

As stated above, declaratory relief under 28 U.S.C. § 2201 [FN10] is available with regard to Plaintiff's claims against the Judicial Defendants in Counts IV and V. *See, e.g., Kuhn v. Thompson,* 304 F.Supp.2d 1313, 1322 (M.D.Ala.2004). The court, in the exercise of its discretion, will dismiss without prejudice Plaintiff's request for a declaratory judgment against Defendant Judges Bradley and Pagano, but it will not dismiss Plaintiff's request for a declaratory judgment against Defendant Montella.

> FN10. 28 U.S.C. § 2201 reads, in pertinent part, as follows:
>
> > (a) In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.
>
> > 28 U.S.C. § 2201(a) (2006) (emphasis added).

The Supreme Court has explained how district courts should approach declaratory relief:

The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 954108 (E.D.Pa.)
(Cite as: 2007 WL 954108 (E.D.Pa.))

not impose a duty to do so. Of course a District Court cannot decline to entertain such an action as a matter of whim or personal disinclination. A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest.

*Public Affairs Assocs., Inc. v. Rickover,* 369 U.S. 111, 112, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962) (internal citations and quotations omitted); *accord Wilton v. Seven Falls Co.,* 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.").

*9 The court does not believe that adjudicating Plaintiff's request for a declaratory judgment against Defendant Judges Bradley and Pagano with regard to Counts IV and V would serve well the public interest or the interests in practicality and wise judicial administration. Defendant Judges Bradley and Pagano are immune from Plaintiff's claims for damages, and, so long as their alleged violations of Plaintiff's rights do not recur or threaten to recur, the court sees no need to start down the road to an injunction by declaring their conduct unlawful. *Cf. City of Los Angeles v. Lyons,* 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) ("The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again ...."). Besides, the purposes of judicial immunity and the limitations on injunctive relief in 42 U.S.C. § 1983 would be ill-served if judges routinely were forced to defend against declaratory judgment actions like this one, where their immunity obviously shields them from liability for money damages. *See Bradley,* 80 U.S. at 347 (It is "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."). The court, in the exercise of its discretion, therefore will dismiss without prejudice Plaintiff's request for declaratory relief against Defendant Judges Bradley and Pagano with regard to Counts IV and V. *Compare Kircher v. City of Ypsilanti,* 458 F.Supp.2d 439, 448 n. 9 (E.D.Mich.2006) (so holding); *Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts,* 83 F.Supp.2d 204, 210 (D.Mass.2000) (same, construing a similarly worded complaint) *with Tesmer v. Granholm,* 114 F.Supp.2d 603, 622 (E.D.Mich.2000) (issuing a declaratory judgment holding unconstitutional the defendant judges' practice of "denying appointed counsel to aid indigents seeking leave to appeal their plea-based felony conviction or nolo contendere").

The court reaches a different result, however, with respect to Defendant Montella. Because neither absolute nor qualified quasi-judicial immunity completely shields him at this point, and because his alleged conduct may recur, the motion to dismiss Plaintiff's request for declaratory relief against Defendant Montella in Counts IV and V will be denied without prejudice with leave to renew by motion for summary judgment following the completion of discovery.

**F. Count IX-Immunity Under Pennsylvania State Law**

Plaintiff's state-law fraud/deceit claims in Count IX against Defendant Judges Bradley and Pagano will be dismissed with prejudice pursuant to FED. R. CIV. P. 12(b)(6), because they are barred by the Pennsylvania state-law doctrine of absolute judicial immunity, which parallels the federal doctrine discussed in Section III.D., *supra,* and which applies here for the reasons stated in Section III.D.2.a, *supra. See Matter of XYP,* 523 Pa. 411, 567 A.2d 1036, 1039 (Pa.1989); *Beam v. Daihl,* 767 A.2d 585, 586-87 (Pa.Super.2001) (judicial immunity); *Commonwealth v. Cauffiel,* 79 Pa.Super. 596 (1922); *see also* 1 STANDARD

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 954108 (E.D.Pa.)
(Cite as: 2007 WL 954108 (E.D.Pa.))

PENNSYLVANIA PRACTICE 2D § 3:75 (2006).

*10 The motion to dismiss Plaintiff's state-law fraud/deceit claim in Count IX against Defendant Montella will be denied without prejudice with leave to renew by motion for summary judgment following the completion of discovery. Pennsylvania law does recognize absolute quasi-judicial immunity, see *Feingold v. Hill,* 360 Pa.Super. 539, 521 A.2d 33, 36-38 (Pa.Super.1987) (quasi-judicial immunity); 1 STANDARD PENNSYLVANIA PRACTICE 2D § 3:76 (2006), but, for the reasons stated in Section III.D.2.b, *supra,* that doctrine does not bar this claim against Defendant Montella at this point.

**IV. Conclusion**

For the foregoing reasons, the Judicial Defendants' motion to dismiss will be granted in part and denied in part. Plaintiff's claims in Counts IV, V, VI, VII, VIII, and IX against Defendants Judge Bradley, Judge Pagano, and Montella will be dismissed with prejudice, with three exceptions: (1) Plaintiff's claims for declaratory relief against Defendant Judges Bradley and Pagano with regard to Counts IV and V will be dismissed without prejudice; (2) the motion to dismiss Plaintiff's claims for money damages and declaratory relief against Defendant Montella in Counts IV and V will be denied without prejudice with leave to renew by motion for summary judgment following the completion of discovery; and (3) the motion to dismiss Plaintiff's state-law fraud/deceit claim against Defendant Montella in Count IX will be denied without prejudice with leave to renew by motion for summary judgment following the completion of discovery.

An appropriate Order follows.

### ORDER

AND NOW, this 28th day of March, 2007, upon consideration of the "Judicial Defendants' Motion to Dismiss Plaintiff's Complaint" (Document No. 36) and Plaintiff's response thereto (Document No. 48), it is hereby **ORDERED** that said Motion is **GRANTED IN PART** and **DENIED IN PART.** Plaintiff's claims in Counts IV, V, VI, VII, VIII, and IX against Defendants Judge Bradley, Judge Pagano, and Montella are **DISMISSED WITH PREJUDICE**, with three exceptions:

(1) Plaintiff's claims for declaratory relief against Defendant Judges Bradley and Pagano with regard to Counts IV and V are **DISMISSED WITHOUT PREJUDICE;**

(2) the motion to dismiss Plaintiff's claims for money damages and declaratory relief against Defendant Montella in Counts IV and V is **DENIED WITHOUT PREJUDICE** with leave to renew by motion for summary judgment following the completion of discovery; and

(3) the motion to dismiss Plaintiff's state-law fraud/deceit claim against Defendant Montella in Count IX is **DENIED WITHOUT PREJUDICE** with leave to renew by motion for summary judgment following the completion of discovery.

E.D.Pa.,2007.
Waris v. Frick
Not Reported in F.Supp.2d, 2007 WL 954108 (E.D.Pa.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.