**EXHIBIT 13**

Not Reported in N.W.2d, 2004 WL 405920 (Mich.App.)
(Cite as: 2004 WL 405920 (Mich.App.))

C
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Court of Appeals of Michigan.
Jag KAUL, Plaintiff/Counter-Defendant/Third-Party Defendant-Appellee,
v.
Kamal RAINA and Kamini Raina, Defendants/Counter-Plaintiffs/Third-Party Plaintiffs-Appellants,
and
Manmohan KAUL, Orthro Neuro Rehabilitation, Inc., and Allied Rehabilitation Services, Counter-Defendants/Third-Party Defendants-Appellees.

No. 244045.
March 4, 2004.

Before: BORRELLO, P.J., and WHITE and SMOLENSKI, JJ.

[UNPUBLISHED]
PER CURIAM.

*1 Defendants/Counter-Plaintiffs (defendants) appeal as of right the circuit court's order dismissing their counter-claims of eavesdropping, invasion of privacy, extortion, intentional infliction of emotional distress, and violation of public policy. We affirm in part and reverse in part.

Defendants Kamal and Kamini Raina, husband and wife, formerly worked for companies owned by plaintiff/counter-defendant (plaintiff) Jag Kaul and his brother, Manhoman Kaul. Plaintiff Jag Kaul filed suit against the Rainas alleging that they had failed to repay $10,000 he loaned them to obtain a mortgage.[FN1] The Rainas responded that the money was a gift and counter-complained. On cross-motions for summary disposition, the circuit court dismissed plaintiff Jag Kaul's complaint. Jag Kaul did not appeal that ruling.

   FN1. Jag Kaul's complaint also alleged breach of contract, fraud, defamation, and unjust enrichment.

The circuit court also dismissed defendants' counter-complaint in its entirety under MCR 2.116(C)(10). Defendants appeal the dismissal of their claims of eavesdropping, invasion of privacy, extortion, intentional infliction of emotional distress and violation of public policy.[FN2]

   FN2. Defendants do not appeal the dismissal of their national origin discrimination, fraud and misrepresentation, failure to pay prevailing wages, breach of contract, and intentional interference with a contractual relationship claims.

This Court reviews de novo the circuit court's grant of summary disposition. Spiek v Dep't of Transportation, 456 Mich. 331, 337; 572 NW2d 201 (1998). When reviewing a(C)(10) motion, a trial court considers affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable to the nonmoving party. Quinto v Cross & Peters Co, 451 Mich. 358, 362; 547 NW2d 314 (1996). The court may grant the motion if the documentary evidence shows there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Id., citing MCR 2.116(C)(10), (G)(4).

I

Defendants argue the circuit court erred by dismissing their claim of eavesdropping, invasion of privacy and extortion.[FN3]

   FN3. These were pleaded as one claim.

Defendants' counter-complaint alleged that Jag Kaul and the third-party defendants either individu-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.W.2d, 2004 WL 405920 (Mich.App.)
(Cite as: 2004 WL 405920 (Mich.App.))

ally or in conspiracy with each other unlawfully used electronic eavesdropping equipment to secretly record private conversations between Kamini Raina and others, without Kamini Raina's consent, which conversations contained intimate details of a highly personal nature. Defendants' counter-complaint further alleged that Kaul and the third-party defendants disseminated copies of cassette tapes containing these conversations to defendant Kamal Raina and others, knowing that publication of the tapes would reveal Kamini Raina's private affairs to others, and that any reasonable person would find such revelations highly offensive, embarrassing and humiliating. The counter-complaint alleged that Kaul and the third-party defendants threatened Kamini Raina that the tapes would be disseminated, and by inference attempted to threaten Kamal Raina that he would be humiliated and embarrassed if he cooperated with any investigation of their unlawful or unethical acts. Defendants further alleged that the invasion of privacy of the Rainas by use of unlawful eavesdropping was an attempt to extort money from them and done intentionally and with malice, in violation of state and federal law.

*2 The circuit court concluded in pertinent part:

Defendant claims Plaintiff tape-recorded her telephone conversations arising from her adulterous affair. The telephone conversations allegedly occurred in the work place. However, Defendants have been unable to present any evidence that Plaintiff was involved in the tape-recording of the telephone conversations. Instead, Defendants rely on contradictory affidavits and hearsay, which is not to be considered by the Court in reviewing a motion of this nature. Thus, summary disposition is appropriate pursuant to MCR 2.116(C)(10).

A
MCL 750.539d provides in pertinent part:

Any person who installs in any private place, without the consent of the person or persons entitled to privacy there, any device for observing, photographing, or eavesdropping upon the sounds or events in such places, or uses any such unauthorized installation, is guilty of a felony punishable by imprisonment in a state prison for not more than 2 years or by a fine of not more than $2,000.00, or both.

MCL 750.539h provides civil remedies for violation of the eavesdropping statute:
Any parties to any conversation upon which eavesdropping is practiced contrary to this act shall be entitled to the following civil remedies:

(a) An injunction by a court of record prohibiting further eavesdropping.

(b) All actual damages against the person who eavesdrops.

(c) Punitive damages as determined by the court or by a jury.

MCL 750.539i provides that:
In any criminal or civil action, proof of the installation in any private place of any device which may be used for the purposes of violating the provisions of this act shall be prima facie evidence of a violation of section 539d.

B
Intrusion upon seclusion is one of the categories of invasion of privacy. Beaumont v Brown, 401 Mich. 80, 95-98; 257 NW2d 522 (1977), overruled in part on other grounds Bradley v Saranac Comm Schools Bd of Ed, 455 Mich. 285, 301-302; 565 NW2d 650 (1997). A cause of action for intrusion has the following elements: 1) an intrusion by the defendant, 2) into a matter in which the plaintiff has a right of privacy, and 3) by a means or method that would be found objectionable by a reasonable person. Saldana v Kelsey-Hayes Co, 178 Mich.App 230, 233; 443 NW2d 382 (1989). The duty to refrain from intrusion into another's private affairs is not absolute; rather, it is limited by those rights arising from social conditions, including the busi-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.W.2d, 2004 WL 405920 (Mich.App.)
(Cite as: 2004 WL 405920 (Mich.App.))

ness relationship. Id. at 234. "Whether the intrusion is objectionable to a reasonable person is a factual question best determined by a jury." Id. Damages are available to compensate for mental suffering, shame or humiliation. Harkey v Abate, 131 Mich.App 177, 180; 346 NW2d 74 (1983). The question in an intrusion upon seclusion case is "whether plaintiff intended and reasonably expected that the conversation was private, not whether the subject matter was intended to be private." Dickerson v Raphael, 461 Mich. 851; 601 NW2d 108 (1999). [FN4]

> FN4. Reversing in part *Dickerson v. Raphael,* 222 Mich.App 185; 564 NW2d 85 (1997).

C

*3 We conclude that defendants presented evidence sufficient to withstand plaintiff's motion for summary disposition of the invasion of privacy/ eavesdropping claim. Kamini Raina testified that she did not consent to the recording of her conversations. She also testified, and in an affidavit stated, that Manmohan Kaul told her he had taped her conversations in the workplace and that she had to have sex with him or he would disclose the tapes' contents to her husband and others. Defendant Kamini Raina testified that tapes of such conversations between herself and her lover were delivered to her house and to her husband's new place of employment, that the tapes were of phone conversations she had had from work, and that she had turned copies of the tapes over to the FBI. Her affidavit stated that she did not disclose her affair to her husband until after the tape was sent to their home. Chaman Bhan testified at deposition that plaintiff Jag Kaul played a tape for him of a conversation in which he recognized Kamini Raina's voice, that portions of the conversation were of a highly intimate sexual nature, and that he was unaware that Kamini Raina was having an extra-marital affair before he heard this tape.

We conclude that there was evidence from which a reasonable jury could find that plaintiff Jag Kaul and/or third-party defendant Manmohan Kaul intruded into phone conversations defendant Kamini Raina had at work, which she intended and reasonably expected were private, without her consent. We conclude that this method of intrusion, the covert taping of private employee phone conversations by employers, could be found objectionable by a reasonable person, as could threatening an employee with exposure of such tapes absent her agreement to engage in certain conduct. The Kauls offer no explanation for taping Kamini Raina's phone conversations; they do not allege, for example, that they were legitimately investigating her work performance. See Saldana, supra at 234-235 (noting that the defendants' surveillance of the plaintiff at his home was part of legitimate investigation of suspected illegal conduct in the course of employment, specifically, that the plaintiff's work-related disability was a pretext). Although some of the evidence defendants relied on was hearsay,[FN5] the circuit court's conclusion that defendants presented no evidence that plaintiff was involved in eavesdropping and invading Kamini Raina's privacy was error, given the evidence summarized above.

> FN5. Kilgore's testimony was largely hearsay.

Defendants also challenge the dismissal of their claim for extortion,[FN6] but cite no authority in support of their argument or in support of a civil remedy based on the statute. Defendants thus have not properly presented this issue; they have not properly addressed the merits of their assertion of error and have thus abandoned the issue. Yee v Shiawassee County Bd of Comm'rs, 251 Mich.App 379, 406; 651 NW2d 756 (2002).

> FN6. MCL 750.213 provides:
>
> Malicious threats to extort money-Any person who shall, either orally or by a written or printed communication, maliciously threaten to accuse another of any crime or offense, or shall orally or by

Not Reported in N.W.2d, 2004 WL 405920 (Mich.App.)
(Cite as: 2004 WL 405920 (Mich.App.))

any written or printed communication maliciously threaten any injury to the person or property or mother, father, husband, wife or child of another with intent thereby to extort money or any pecuniary advantage whatever, or with intent to compel the person, so threatened to do or refrain from doing any act against his will, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 20 years or by a fine of not more than 10,000 dollars.

## II

Defendants next argue that the circuit court erred by dismissing their claim of intentional infliction of emotional distress. We disagree.

*4 To establish a cause of action for the tort of intentional infliction of emotional distress, a party must prove the following elements: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress. Doe v Mills, 212 Mich.App 73, 91; 536 NW2d 824 (1995), citing Linebaugh v Sheraton Michigan Corp, 198 Mich.App 335, 342; 497 NW2d 585 (1993).

Liability for extreme and outrageous conduct "has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Roberts v Auto-Owners Ins Co, 422 Mich. 594, 602-603; 374 NW2d 905 (1985), quoting Restatement Torts, 2d § 46, comment d, pp 72-73.

Although defendants testified at deposition that they were highly upset and depressed when the tapes were divulged, there was no evidence that either of them sought counseling, medical treatment, or medication. We conclude that defendants failed to present evidence of severe emotional distress, and that their claim was thus properly dismissed.

## III

Defendants next argue that the circuit court erred by dismissing their claim of violation of public policy We disagree.

"At will" employment is presumed in Michigan. Lynas v Maxwell Farms, 279 Mich. 684, 687; 273 NW 315 (1937). Generally, under an at-will relationship, an employee may be terminated with or without cause "at any time for any, or no, reason." Vagts v Perry Drug Stores, Inc. 204 Mich.App 481, 484; 516 NW2d 102 (1994), quoting Suchodolski v Gas Co, 412 Mich. 692, 694-695; 316 NW2d 710 (1982). However, "some grounds for discharging an employee are so contrary to public policy as to be actionable." Phillips v Butterball Farms, 448 Mich. 239, 244; 531 NW2d 144 (1995). "A cause of action has been found to be implied where the alleged reason for the discharge of the employee was the failure or refusal to violate a law in the course of employment." Suchodolski, supra at 695; see also Trombetta v Detroit, T & I R Co, 81 Mich.App 489; 265 NW2d 385 (1978) (discharging an employee for refusing to falsify state-required pollution control reports).

Defendants correctly argue that the circuit court erred when it held that a claim for violation of public policy could be found only where the terminated employee acted in accordance with a statutory duty. A claim for violation of public policy can also be found when an employee is terminated for refusal to violate the law. Suchodolski, supra, 412 Mich. at 695. However, the circuit court reached the right result in dismissing this claim, albeit for the wrong reason. Portice v Otsego Co Sheriff's Dep't, 169 Mich.App 563, 566; 426 NW2d 706 (1988).

Defendant Kamal Raina's affidavit and deposition testimony indicate that he refused to sign a fraudulent wage verification for plaintiff's wife so she could obtain insurance benefits. However, there was no evidence that his refusal to sign a fraudulent wage verification for an insurance claim was a factor in plaintiff's decision to terminate his em-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.W.2d, 2004 WL 405920 (Mich.App.)
**(Cite as: 2004 WL 405920 (Mich.App.))**

ployment. See Quinto, supra at 362-362 (nonmoving party must present documentary evidence demonstrating existence of a factual dispute, mere allegations and unsupported assertions are insufficient to satisfy burden). Thus, defendants failed to demonstrate the existence of a genuine issue of material fact in support of the claim that Kamal Raina was terminated from his position for refusing to engage in conduct that would have violated the law.

*5 We affirm the dismissal of defendants' extortion, intentional infliction of emotional distress, and violation of public policy claims. We reverse the dismissal of defendants' claim of invasion of privacy/eavesdropping. We do not retain jurisdiction.

Mich.App.,2004.
Kaul v. Raina
Not Reported in N.W.2d, 2004 WL 405920 (Mich.App.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.