**EXHIBIT 14**

Not Reported in N.W.2d, 2003 WL 1558207 (Mich.App.)
(Cite as: 2003 WL 1558207 (Mich.App.))

C
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Court of Appeals of Michigan.
Roland J. JERSEVIC, Plaintiff-Appellant,
v.
Carol KUHL, Defendant-Appellee.

No. 238808.
March 25, 2003.

Before: DONOFRIO, P.J., and SAAD and OWENS, JJ.

[UNPUBLISHED]
PER CURIAM.

*1 Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8). We reverse.

Generally, we review de novo a trial court's ruling on a motion for summary disposition. *Beaudrie v. Henderson*, 465 Mich. 124, 129; 631 NW2d 308 (2001). The *Beaudrie* Court added:

> A motion for summary disposition brought under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the basis of the pleadings alone. The purpose of such a motion is to determine whether the plaintiff has stated a claim upon which relief can be granted. The motion should be granted if no factual development could possibly justify recovery. [*Id.* at 129-130.]

"All well-pleaded facts are accepted as true and are construed in the light most favorable to the non-moving party." *Madejski v. Kotmar Ltd*, 246 Mich.App 441, 444; 633 NW2d 429 (2001).

Plaintiff contends that the trial court erred in summarily dismissing his cause of action for extortion, blackmail, and threats. We agree.

We agree with plaintiff's contention that Michigan law recognizes the cause of action.[FN1] Our Supreme Court has indicated that a party may recover money that was extorted. *Marlatte v. Weickgenant*, 147 Mich. 266, 275; 110 NW 1061 (1907). Moreover, the *Marlatte* Court suggested that, where there are aggravating circumstances, a party may also recover damages in excess of the money extorted. *Id.* Thus, we believe that our Supreme Court has indicated that Michigan law recognizes a cause of action for extortion. In addition, our Supreme Court has also opined that "unlawful and malicious threats may by reason of their intended results become actionable." *Edwards v. Grisham*, 339 Mich. 531, 535; 64 NW2d 715 (1954). The *Edwards* Court explained that a party may recover where the "thing threatened" is unlawful and "the making of a threat" is also unlawful. *Id.* at 534. Accordingly, threats are also actionable. In light of these decisions, the trial court erred as a matter of law in concluding that Michigan law does not recognize this cause of action.

> FN1. We reject defendant's contention that plaintiff forfeited appellate review of this issue through his statements below. The record plainly reveals that plaintiff urged the trial court to reconsider its earlier rulings. His comments merely recognized that his request for reconsideration was not likely to succeed.

We also agree with plaintiff's contention that he properly pleaded a cause of action. Here, plaintiff alleged that defendant assisted in preparing documents used to threaten plaintiff, supplied equipment used in the scheme, and helped conceal plaintiff's property. Plaintiff also alleged that defendant threatened him. Because extortion is illegal, M.C.L. § 750.213, it follows that the threats were unlawful. See *Edwards, supra* at 534-535. Moreover, plaintiff's pleadings alleged facts that a

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.W.2d, 2003 WL 1558207 (Mich.App.)
(Cite as: 2003 WL 1558207 (Mich.App.))

trier of fact could find rose to a level of aggravating circumstances. *Marlatte, supra* at 275. Accordingly, plaintiff properly pleaded a cause of action for extortion or threats. *Id.; Edwards, supra* at 534-535. Consequently, the trial court erred as a matter of law in dismissing this cause of action. *Beaudrie, supra* at 129-130.

*2 Next, plaintiff contends that the trial court erred in dismissing his cause of action for invasion of privacy based on the disclosure of embarrassing private matters. Again, we agree.

In *Porter v. Royal Oak*, 214 Mich.App 478, 489; 542 NW2d 905 (1995), quoting *Duran v. Detroit News*, 200 Mich.App 622, 631; 504 NW2d 715 (1993), we explained the elements of this tort:

> A cause of action for public disclosure of private facts requires the disclosure of information that would be highly offensive to a reasonable person and of no legitimate concern to the public, and the information disclosed must be of a private nature that excludes matters already of public record or otherwise open to the public eye.

Here, the trial court found it beyond dispute that there was a public disclosure of the content of plaintiff's videotapes. The trial court further found that it was beyond dispute that the videotapes depicted private matters and that the dissemination to the public would be highly offensive to a reasonable person. However, the trial court ruled that the subject matter of the tapes was of legitimate public concern. Alternatively, the trial court ruled that the tapes were part of the criminal prosecution and, therefore, "already of public record." See *Porter, supra* at 489.

On appeal, plaintiff contends that the subject matter of the tapes was not of legitimate public concern because the tapes involved purely private "intimate" matters, not matters related to his public office or matters involving public property. In *Doe v. Mills*, 212 Mich.App 73, 84; 536 NW2d 824 (1995), we noted that whether an individual has an abortion is a private matter because it "concerns matters of sexual relations and medical treatment, both of which are regarded as private matters." "Sexual relations, for example, are normally entirely private matters." *Id.* at 82, quoting 3 Restatement Torts, 2d, § 652D, comment b, p 386.[FN2] Thus, there is ample support for plaintiff's claim that his status as a public official did not necessarily elevate his sexual relations into a matter of legitimate public interest. There is no evidence that plaintiff used or misused his office or in any way made his private sexual matters a matter of public concern. Therefore, at the very least, we conclude that plaintiff has pleaded a prima facie case of invasion of privacy, as necessary to preclude summary disposition pursuant to MCR 2.116(C)(8).[FN3] See *Doe, supra* at 85.

> FN2. As an example, we noted: "There may be some intimate details of a motion picture actress' life, such as sexual relations, which even the actress is entitled to keep to herself." *Doe, supra* at 82, quoting 3 Restatement Torts, 2d, § 652D, comment h, p 391.

> FN3. We also disagree with the trial court ruling that the videotapes were already part of the public record because of the criminal prosecution. This exception is factually inapplicable where, as here, the defendant's actions allegedly caused the tapes to become part of the criminal prosecution, and, therefore, the public record.

Next, plaintiff contends that the trial court erred in dismissing his cause of action for conversion by aiding in the concealment of stolen property. The common law tort of conversion is " 'any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein.' " *Head v Phillips Camper sales & Rental, Inc*, 234 Mich.App 94, 111; 593 NW2d 595 (1999), quoting *Foremost Ins Co v. Allstate Ins Co*, 439 Mich. 378, 391; 486 NW2d 600 (1992). "Statutory conversion, by contrast, consists

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

of knowingly 'buying, receiving, or aiding in the concealment of any stolen, embezzled, or converted property.' MCL 600.2919a." *Head, supra* at 111. Here, plaintiff alleged that defendant knowingly concealed, or at least helped conceal, his property after it was stolen. Accordingly, plaintiff's complaint stated a claim upon which relief could be granted. *Id.*

*3 We note that the trial court's dismissal of this cause of action was premised on plaintiff's failure to separate these allegations into a separate count. Our Supreme Court has noted that a "complaint must provide reasonable notice to opposing parties." *Dacon v. Transue,* 441 Mich. 315, 329; 490 NW2d 369 (1992). MCR 2.111(B)(1) states that a complaint must contain "the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend...." The *Dacon* Court explained:

> This rule is designed to avoid two opposite, but equivalent, evils. At one extreme lies the straightjacket of ancient forms of action. Courts would summarily dismiss suits when plaintiffs could not fit the facts into these abstract conceptual packages. At the other extreme lies ambiguous and uninformative pleading. Leaving a defendant to guess upon what grounds plaintiff believes recovery is justified violates basic notions of fair play and substantial justice. Extreme formalism and extreme ambiguity interfere equivalently with the ability of the judicial system to resolve a dispute on the merits. The former leads to dismissal of potentially meritorious claims while the latter undermines a defendant's opportunity to present a defense. Neither is acceptable. [*Dacon, supra* at 329 (citations and footnote omitted).]

We review a trial court's decision regarding the meaning and scope of pleadings for an abuse of discretion.[FN4] *Id.* at 328.

> FN4. "An abuse of discretion exists when the result is so palpably and grossly violative of fact and logic that it evidences perversity of will or the exercise of passion or bias rather than the exercise of discretion." *Churchman v. Rickerson,* 240 Mich.App 223, 233; 611 NW2d 333 (2000).

Here, three paragraphs of the complaint alleged that defendant, along with others, knowingly concealed and converted plaintiff's property. To be sure, the paragraphs were entirely within count I. However, this count was not titled "extortion." Therefore, we are not persuaded that defendant was mislead. Further, in requesting treble damages, plaintiff's complaint specifically referenced M.C.L. § 600.2919a, the statutory conversion statute. Accordingly, defendant cannot credibly contend that she was not given reasonable notice that plaintiff was pursuing damages for statutory conversion. Consequently, we conclude that the trial court abused its discretion in dismissing this cause of action.[FN5] *Dacon, supra* at 328; *Churchman, supra* at 233.

> FN5. In light of our decision, we need not address plaintiff's contention that the trial court erred in denying his request to file a first amended complaint.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

Mich.App.,2003.
Jersevic v. Kuhl
Not Reported in N.W.2d, 2003 WL 1558207 (Mich.App.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.