UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DUPREE, JR., a Colorado Resident,
MICHAEL DUPREE, SR. and DARLENE DUPREE,
His parents, Residents of the Country of Austria,

       Plaintiffs,                 Case No. 2:10-CV-12094-LPZ-MKM
                                        Hon. Lawrence P. Zatkoff
vs.                            Magistrate Judge Mona K. Majzoub

CRANBROOK EDUCATIONAL COMMUNITY,
JOHN J. WINTER and CHARLES SHAW,

       Defendants.

_____/

| | |
|---|---|
| Christopher R. Sciotti (P33501) | Russell S. Linden (P34863) |
| Attorney for Plaintiffs | Tara E. Mahoney (P68697) |
| 24825 Little Mack | Honigman Miller Scwartz and Cohn LLP |
| St. Clair Shores, MI 48080 | Attorneys for Defendants |
| (586) 779-7810 | 2290 First National Building |
| | 660 Woodward Avenue |
| | Detroit, MI 48226-3506 |
| | (313) 465-7466 |

_____/

## PLAINTIFF'S RESPONSE AND BRIEF OPPOSING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### RESPONSE

NOW COME Plaintiffs, Michael Dupree, Jr., Michael Dupree, Sr., and Darlene Dupree, by and through their attorneys, Thomas, Garvey, Garvey & Sciotti, by Christopher Sciotti, and in response to Defendants' Motion for Summary Judgment state that summary judgment pursuant to Fed. R. Civ. P. 56 should be granted in part and denied in part.

WHEREFORE, Plaintiffs respectfully request this Court to:

1.  Grant and deny Defendants' Motion for Summary Judgment in part, and

2.  Enter an order compelling Defendant to issue Plaintiff, Michael Dupree, Jr. a high school diploma.

**BRIEF OPPOSING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………….…..4

CONCISE STATEMENT OF ISSUES PRESENTED……………………….......5

STATEMENT OF MOST CONTROLLING AUTHORITY……………………......6

PREFATORY REMARKS…………………………………………………......7

I.      INTRODUCTION………………………………………………….…...8

II.     STATEMENT OF MATERIAL FACTS……………………………….8

III.    ARGUMENT……………………………………………………...12

IV.     CONCLUSION………………………………………………………17

## <u>TABLE OF AUTHORITIES</u>

### CASES

*Celotex Corp.* v. *Catrett*, 447 U.S. 317 (1986)……………………..………………..……...12

*Hi-Way Motor Comp. v. Int'l Harvester Co.,* 398 Mich. 330; 247 N.W.2d 813 (1976)..13

*In Re Brown*, 342 Fed. 3d. 620 (6th Cir. 2003)…………………………………………..15

*Klepper* v. *First American Bank*, 916 F.2nd 337 (6th Cir. 1990)……...……………......12

## CONCISE STATEMENT OF ISSUES PRESENTED

1.  WHETHER PLAINTIFFS' FRAUD AND MISREPRESENTATION CLAIM
    SHOULD BE DISMISSED BECAUSE THEY CANNOT ESTABLISH (A) ANY
    FALSE REPRESENTATIONS (B) ANY MISREPRESENTATION WAS
    MADE WITH THE INTENT THAT PLAINTIFFS ACT ON IT, AND (C)
    PLAINTIFFS ACTUALLY RELIED ON IT OR SUFFERED ANY INJURY?

    Defendants say:          Yes

    Plaintiffs say:          No

    This Court should say:   No

2.  PLAINTIFFS WITHDRAW THEIR CLAIMS FOR MAIL AND WIRE FRAUD.

3.  PLAINTIFFS WITHDRAW THEIR CLAIMS FOR EXTORTION.

4.  PLAINTIFFS WITHDRAW THEIR CLAIM UNDER THE RACKETEER
    INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO).

5.  WHETHER PLAINTIFFS' BREACH OF CONTRACT CLAIM SHOULD BE
    DISMISSED BECAUSE THE UNDISPUTED FACTS ESTABLISH THAT THE
    CONTRACT WAS NOT BREACHED AND THAT PLAINTIFFS SUFFERED
    NO DAMAGES?

    Defendants say:          Yes

    Plaintiffs say:          No

    This Court should say:   No

6.  DEFENDANT DID NOT MOVE FOR SUMMARY JUDGMENT ON
    PLAINTIFFS' CLAIM FOR SPECIFIC PERFORMANCE AND EQUITABLE
    RELIEF AND THEREFORE, THE COURT SHOULD NOT DISMISS THOSE
    COUNTS AND PLAINTIFFS REQUEST AN ORDER COMPELLING
    DEFENDANTS TO ISSUE MICHAEL DUPREE, JR. A FULL DIPLOMA.

## STATEMENT OF MOST CONTROLLING AUTHORITY

*Hi-Way Motor Comp. v. Int'l Harvester Co.,*
    398 Mich. 330; 247 N.W.2d 813 (1976)

*In Re Brown*,
    342 Fed. 3d. 620 (6th Cir. 2003)

*Klepper* v *First American Bank*,
    916 F.2nd 337 (6th Cir. 1990)

## PREFATORY REMARKS

Michael Dupree, Sr. and Darlene Dupree enrolled their son, Michael Dupree, Jr., at Cranbrook Educational Community High School in the fall of 2000. He attended Cranbrook for four years and completed all high school requirements enabling him to graduate and receive his diploma in the spring of 2004. Michael was placed on probation in March of 2004. He did not violate his probation terms. Cranbrook claims he violated a school policy prior to being put on probation. Just days prior to graduation, Cranbrook arbitrarily and capriciously dismissed him from school. Cranbrook fraudulently noted on his official transcript that Michael withdrew from high school and sent the transcript to several colleges.

Plaintiffs filed a lawsuit containing eight counts. After discovery, plaintiffs have withdrawn several counts. Plaintiffs should prevail on the allegations of fraud and misrepresentation, breach of contract and specific performance and equitable relief. Michael Dupree, Jr. completed all the requirements to earn a diploma. Plaintiffs request this Court to deny Defendants' Motion for Summary Judgment on those counts not withdrawn, and also request this Court to enter an order compelling Defendants to issue a diploma.

Plaintiff also relies on all of the exhibits listed and attached by the Defendants.

## I.   __INTRODUCTION__

Plaintiffs Michael Dupree, Jr. (Michael), and his parents, Michael Dupree, Sr. (Dupree Sr.), and Darlene Dupree (Darlene), have waited six long years to receive a diploma from Defendants Cranbrook Educational Community (Cranbrook), Charles Shaw (Shaw), the Head of the Upper School, and John J. Winter (Winter), the Dean of the Boys School. During these last six years, Michael Dupree, Sr. and Darlene Dupree were waiting for their other son to graduate from Cranbrook. They were concerned that if they filed suit that Cranbrook would retaliate and treat their younger son in the same arbitrary and capricious manner that they treated Michael Dupree, Jr.

In the last three years, Cranbrook and Plaintiffs were in negotiations to resolve their dispute. These are the reasons there was a delay in filing this lawsuit.

The Defendants arbitrarily and capriciously withheld Michael's diploma that he rightfully earned. After four years at Cranbrook, Michael completed all academic graduation requirements and *never* violated the terms of his probation commenced in March of 2004. Three days before graduation, Cranbrook wrongfully dismissed Michael and refused to issue Michael a diploma. In order to obtain Michael's diploma and damages, Plaintiffs filed this lawsuit with claims of (1) fraud and misrepresentation (2) mail fraud, (3) wire fraud, (4) extortion, (5) violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) (6) breach of contract, (7) attorney fees, and (8) Specific Performance and/or Equitable Relief, Plaintiff has withdrawn their counts of mail fraud, wire fraud, extortion, and violation of the Racketeer Influenced Corrupt Organization Act (RICO).

## II.     STATEMENT OF MATERIAL FACTS

### a.     The Parties

Cranbrook is a private school with a lower, middle and upper school. Plaintiffs are Michael Dupree, Jr., and his parents, Michael Dupree, Sr., and Darlene Dupree. After his parents paid more than $80,000 and Michael attended Cranbrook for four years from fall of 2000 until June of 2004, Cranbrook dismissed Michael after classes were complete and three days before graduation. Michael Dupree, Sr. Deposition (Dupree, Sr. Dep.) at 5,10. Michael is now 25 years old and resides in Denver, Colorado. Michael Dep. at 5. Michael Dupree, Sr. and Darlene Dupree currently reside in Vienna, Austria. In June of 2004 when Cranbrook dismissed Michael, Defendant Winter was the Dean of the Boys School and Defendant Shaw was Head of the Upper School.

### b.     The Enrollment Contract

Dupree, Sr. signed an Enrollment Contract for the 2003-2004 school year—the year Michael was dismissed. The Enrollment Contract contained the following provisions:

> I understand that this contract is for one school year only.
>
> I specifically understand and agree that the Schools reserve the right to dismiss Michael at any time if, in the judgment of the schools, Michael's health, efforts, progress, behavior or influence is unsatisfactory or his account is past due.
>
> I understand that Michael will be responsible for abiding by the policies and procedures stated in his Schools' handbook.

Exhibit 1.

### c.     Cranbrook's Upper School Community Handbook

Cranbrook Upper School issues a Community Handbook (Handbook) to each student for each school year. The Dupree family received a Handbook for the 2003-2004

school year. Dupree, Sr. Dep. At 13. In the Handbook, speaking of students, parents,

faculty and staff, Charles Shaw, the Head of the Upper School, describes the Handbook

as the following:

> …[a] stated set of policies and procedures that articulate our
> rights and responsibilities. These statements assist us in both
> our individual and collective pursuits. Hence, this *Handbook*
> serves a critical need. I do expect that each of us will commit
> ourselves, not only to the prescribed expectations and standard
> contained herein, but also to the spirit of our school
> community.

Exhibit 2 at i (emphasis in original).

The Handbook also contains the following provisions:

> NOTE: Any situation that may involve a lengthy probation, a
> suspension of two or more days or a dismissal must go to
> either a Conduct Review Board or an administrative review.
>
> ***
>
> Conduct Probation: Students who violate a major school rule
> or have a pattern of other behavior violations can expect to be
> placed on Conduct Probation for an extended length of time
> (they also may be dismissed)… **During Conduct Probation**,
> if the student violates any school rules, she or he is subject to
> immediate dismissal.

Ex. 2 at 75 (emphasis added).

The Handbook also addressed Cranbrook's Technology Use Policy. In the

Handbook section entitled "Highlights of the Cranbrook Schools Technology Use Policy,"

there are "guidelines **to prevent the loss of computer/network privileges at school**." One

of the guidelines states, "Do not share your computer accounts or passwords with another

person." Ex. 2 at 89 (emphasis added). In a different section of the Handbook, "Any

violation of the Cranbrook Technology Policy" is a Major School Rule Violation. Ex. 2 at

70. The 2004-2005 Handbook section entitled "Highlights of the Cranbrook Schools

Technology Use Policy" was amended to state that sharing a password was a major school violation because it "read better to make it clearer." Arlyce Seibert Deposition (Seibert Dep.) at 63-64.

**d.    Michael Dupree, Jr. shares his password in September 2003, is placed on probation in March 2004 for possession of a pipe, and is dismissed from Cranbrook on June 1, 2004.**

On or about the first week of school in the fall of 2003, Michael Dupree, Jr. shared his password with another student, Randy Bruder. This was done with the full knowledge of Defendant Cranbrook's employee, Doctor Lamb. Doctor Lamb was the de facto head of the computer department.  Michael Dupree, Jr., changed his password within days, this was done many months before Michael Dupree, Jr.'s probation in March of 2004. In fact Michael Dupree, Jr. changed his passwords on several occasions prior to his probation.  That was his best memory, Michael Dupree, Jr. Deposition (Michael Dep.) at 91-94. Michael Dupree, Jr. was not punished in any way for allowing temporary use of his account.

Randy Bruder was the hacker. He put faculty and classmen's ID and passwords in Michael Dupree, Jr.'s network storage. Randy Bruder chose to withdraw from Cranbrook and ironically graduated with a high school diploma from a public school.

Sometime in March 2004, Dean Winter found a pipe (not necessarily a marijuana pipe) and after a Conduct Review Board hearing, Michael Dupree, Jr. was placed on probation. Exhibit 3.

From that date forward, Michael Dupree, Jr. never violated the terms of his probation. Michael Dupree, Jr. completed all the requirements necessary to receive a high

school diploma as evidenced by his transcript and admitted by Cranbrook. Exhibit 4;
Charles Shaw Deposition (Shaw Dep.) at 15; Siebert Dep. at 30.

On June 1, 2004, Defendants arbitrarily and capriciously dismissed Michael from
school, just days before graduation. Exhibit 5.

Defendants Cranbrook then issued Michael's official high school transcript with a
seal and fraudulent withdrawal date of June 1, 2004. Defendants John Winter and Charles
Shaw both indicate that Michael Dupree, Jr. did not withdraw. John Winter Deposition
(Winter Dep.) at 40-41; Shaw Dep at 49-52.

Following graduation, Michael Dupree, Jr. attended several colleges and
Cranbrook sent the official transcript with the fraudulent withdrawal date of June 1, 2004
to several colleges. Michael Dep. at 20-34.

### III.      ARGUMENT

### STANDARD OF REVIEW

A Motion for Summary Judgment brought under the Federal Rules of Civil
Procedure 56 must be granted only if the pleadings, depositions answers to
interrogatories and admissions on file together with the affidavits, if any, show that there
is no genuine issue as to any material fact and that the moving party would be entitled to
judgment as a matter of law.  The non-moving party must present sufficient evidence to
create a genuine issue of material fact.  *Klepper* v *First American Bank*, 916 F.2nd 337,
341-342 6th Cir. (1990) citing *Celotex Corp* v *Catrett*, 447 U.S. 317, 322 (1986).

### a.      PLAINTIFFS' FRAUD AND MISREPRESENTATION CLAIM

Defendants contend that the Plaintiffs cannot establish the elements of fraud and misrepresentation under Michigan Law because Defendants never made any material misrepresentations, and because the Plaintiffs never relied on any misrepresentations and because the Plaintiffs were never injured by the misrepresentations. There is a factual dispute regarding this issue. According to Michigan law, to establish fraud or misrepresentation Plaintiffs must prove (1) That defendant made a material representation; (2) that it was false; (3) that when Defendant made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that Defendant made it with the intention that it should be acted upon by Plaintiff; (5) that Plaintiff acted in reliance upon it; and (6) that Plaintiff thereby suffered injury. *Hi-Way Motor Comp. v. Int'l Harvester Co.,* 398 Mich. 330, 336; 247 N.W.2d 813 (1976). "Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery." *Id.*

The Plaintiffs can establish the elements of fraud and misrepresentation based on multiple misrepresentations Cranbrook made during Michael's enrollment. Cranbrook stamped Michael's transcript with a withdrawal date of June 1, 2004 even though Michael did not withdraw. Ex. 4. Cranbrook admits that Michael Dupree, Jr. did not withdraw. Shaw Dep. at 52. Plaintiff Michael Dupree, Sr. objected to Defendants indicating that Plaintiff Michael Dupree, Jr. withdrew on the official transcript. Dupree Sr. Dep at 7. Defendant urged the Plaintiffs to rely on this misrepresentation and even told the Plaintiffs that with this misrepresentation, Cranbrook would be doing Michael a favor. Dupree Sr. Dep at 49, 69-70, 96. If Plaintiffs wanted admission into any institute of

higher learning, they had to rely on the false transcript, as it is required in the college application process. Michael had to explain that he did not in fact withdraw to colleges he applied to. He was harmed by this fraud.

Cranbrook also misrepresented the terms of Michael's probation which he relied on so that he could graduate in June of 2004. If Michael completed his required credits, the terms of his probation, and did not have any other behavioral misconduct throughout his probation from March 2004 until June 4, 2004, Michael would graduate from Cranbrook. In a letter dated March 12, 2004, John Winter detailed the terms of Michael's probation and wrote that Michael "must make the decision to follow all school rules" and finish his last few months of school in "top form." Ex. 3. Michael relied on these statements and maintained his attendance, grades, and conduct throughout the rest of his probation. The Defendants agree that Michael completed his coursework and received passing grades in all of his classes he needed to graduate. Siebert Dep. at 30; Shaw Dep. at 15. Despite Michael's strict compliance with the terms of his probation, Cranbrook dismissed him. This is reckless conduct. Michael was injured by this misrepresentation because he was denied his high school diploma after he complied with all of his probation terms and after his parents paid over $80,000 for Michael's Cranbrook education. Without a high school diploma, his options for higher education were limited.

Further, Cranbrook misrepresented the fact that Michael was involved in a computer hacking scandal. Just prior to the day Michael was dismissed from Cranbrook, Shaw, Siebert, and Winter represented to Dupree, Sr. and Darlene that Michael was involved in a computer hacking incident at the school that resulted in faculty passwords and tests being stolen. Dupree Sr. Dep. at 91-94. Cranbrook also brought these

14

misrepresentations to the Conduct Review Board hearing that concluded Michael should be dismissed even though another student, Randy Bruder admitted full responsibility for the hacking incident. Michael Dep. at 129; Winter Dep. at 28 Later, Shaw and Winter admitted that Michael's only rule violation was sharing his password which occurred prior to the beginning of Michael's probation period began. Shaw Dep. at 48; Winter Dep. at 34-35. Cranbrook made these misrepresentations recklessly with no concrete evidence that Michael actually had anything to do with the hacking. Cranbrook never presented any evidence to the Plaintiffs that Michael was involved with the hacking incident. Dupree Sr. Dep. at 91-92. Shaw's, Winter's and Siebert's statements were made so that Michael, Dupree, Sr., Darlene and the Conduct Review Board would act on them. They all relied on Cranbrook's statements about Michael sharing the password and hacking into student and faculty accounts. Cranbrook's mere accusations caused Michael's dismissal from Cranbrook thus injuring him. Michael had completed all requirements for a high school diploma and therefore, he could not enroll at another high school and was forced to get a General Education Diploma (GED).

      **b.**    **PLAINTIFFS' WITHDRAW THEIR MAIL AND WIRE FRAUD CLAIMS**

      **c.**    **PLAINTIFFS' WITHDRAW THEIR EXTORTION CLAIM**

      **d.**    **PLAINTIFFS' WITHDRAW THEIR RICO CLAIM**

      **e.**    **PLAINTIFFS' BREACH OF CONTRACT CLAIM**

Plaintiffs' Breach of Contract claim should not be dismissed. Plaintiff Michael Dupree, Sr. signed an enrollment contract for the 2003-2004 shchool year. Plaintiffs acknowledge that they must prove the Defendants Cranbrook breached the

terms of that contract and that the breach caused Plaintiffs' injury. *In Re Brown*, 342 Fed. 3d. 620, 628 (6th Circuit, 2003). Plaintiffs can establish their claim.

The Enrollment Contract (Exhibit 1) indicates that Michael Dupree, Jr. must be "responsible for abiding by the policies and procedures stated in his school handbook." It further provides that Cranbrook has the right to dismiss Michael if his behavior is unsatisfactory. The evidence indicates that his behavior was not unsatisfactory and he did comply with the terms of his probation and completed his academic requirements. For the Defendants to state that Michael Dupree, Jr. "could be dismissed at any time" (see page 19 of Defendants' Brief) gives credence to the fact that Defendants acted arbitrarily and capriciously. Further, Plaintiffs did suffer an injury. Since he was not awarded a diploma Michael had to apply for and pass a General Educational Diploma (GED). A GED is not looked upon as favorably as a Cranbrook High School diploma. The Plaintiffs paid for an advanced education and Michael Dupree, Jr. received a GED, which is not indicative of the advanced education his parents paid for. Michael Dupree, Sr., and Darlene did not get what they paid for, even though Michael completed all of his courses. The fraudulent indication on Plaintiff's official transcript indicates to the world that he dropped out of high school. Obviously he did not drop out of high school Defendant Cranbrook has refused to change his official transcript. The fact of the matter is Michael Dupree, Jr. completed all the academic requirements to obtain his high school diploma and did not violate his terms of probation. Defendants' Motion for Summary Judgment on the Plaintiffs' Breach of Contract claim should be denied.

**f.      PLAINTIFFS' SPECIFIC PERFORMANCE AND EQUITABLE RELIEF**

Plaintiffs filed an amended complaint and alleged specific performance and equitable relief. Plaintiff is entitled to specific performance and equitable relief. First, Michael Dupree, Jr. admitted that he did share his password, with the knowledge of the Defendant in the beginning of his senior school year in 2003.  He was not punished or sanctioned. He was placed on probation for possessing a pipe in March of 2004. It is not disputed that he complied with all the terms of his probation.  Just days prior to graduation, Cranbrook arbitrarily and capriciously dismissed him from school despite the fact that he had completed all the academic requirements, as stated in his transcript and by Cranbrook's own admissions. Exhibit 6; Siebert Dep. at 30; Shaw Dep. at 15.

In fact, Cranbrook actually considers Michael a graduate. He receives regular letters, such as the letter dated May 21, 2009, which is attached as Exhibit 6. This letter identifies him as a graduate of the class of 2004 and identifies him as an alumnus. Defendants have not moved for Summary Judgment on the allegations in the Amended Complaint for specific performance and equitable relief. Plaintiffs request that this Honorable Court grant the request in Plaintiffs' Complaint for specific performance and equitable relief and enter an Order compelling the Defendants to issue a full diploma or in the alternative, set this matter for trial or an evidentiary hearing.

### IV. <u>CONCLUSION</u>

Based on the foregoing, Plaintiffs Michael Dupree, Jr., Michael Dupree, Sr., and Darlene Dupree respectfully request that the Defendants' Motion for Summary Judgment be denied as set forth herein, issue an Order compelling the Defendants to issue a full diploma to Michael Dupree, Jr. and that the Court grant any other relief deemed appropriate.

RESPECTFULLY SUBMITTED,

_____
Christopher R. Sciotti (P33501)
Attorney for Plaintiffs