UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DUPREE, JR., a Colorado Resident,
MICHAEL DUPREE, SR. and DARLENE DUPREE,
his parents, Residents of the Country of Austria,

    Plaintiffs,

vs.

CRANBROOK EDUCATIONAL COMMUNITY,
JOHN J. WINTER and CHARLES SHAW,

    Defendants.
_____/

Case No. 2:10-CV-12094-LPZ-MKM
Hon. Lawrence P. Zatkoff
Magistrate Judge Mona K. Majzoub

| | |
|---|---|
| Christopher R. Sciotti (P33501)<br>Attorneys for Plaintiffs<br>24825 Little Mack<br>St. Clair Shores, MI 48080<br>(586) 779-7810 | Russell S. Linden (P34863)<br>Tara E. Mahoney (P68697)<br>Honigman Miller Schwartz and Cohn LLP<br>Attorneys for Defendants<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226-3506<br>(313) 465-7466 |

_____/

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

### A. **Plaintiffs Cannot Establish Their Fraud and Misrepresentation Claim**

Plaintiffs agree that to establish fraud or misrepresentation they must prove "with a reasonable degree of certainty" that: (1) Defendants made a material misrepresentation; (2) it was false; (3) when Defendants made the misrepresentation they knew it was false, or made it recklessly, without any knowledge of its truth; (4) Defendants made it with the intention that it should be acted upon by Plaintiffs; (5) Plaintiffs acted in reliance upon it; and (6) Plaintiffs suffered injury. Plaintiffs' Response at 13; *Hi-Way Motor Comp. v. Int'l Harvester Co.*, 398 Mich. 330, 336; 247 N.W.2d 813 (1976). Plaintiffs cannot establish their claim.

As detailed in Defendants' brief in support of their summary judgment motion, the withdrawal date notation on the high school transcript is neither a false misrepresentation nor was it done with the knowledge that it was false. It is undisputed that Plaintiffs knew in advance of the transcript's issuance that it would have the withdrawal notation. *See* Defendants' Brief at 9-10. Further, Plaintiffs have not established they acted in reliance on any representation or any injury.

Plaintiffs now argue for the first time that Defendants misrepresented the terms of Dupree Jr.'s probation. Defendants never made a false misrepresentation regarding the terms of that probation. Contrary to Plaintiffs' argument, the terms of the probation letter (Defendants' Brief at 6; Exhibit 4) do not indicate that Dupree Jr. could not be dismissed for conduct discovered after the letter but committed before that date.[1] Plaintiffs cannot establish reliance on the allegedly false probation terms or injury by any reliance.

---

[1] In effect, Plaintiffs argue that Dupree Jr. was granted amnesty for any prior offense regardless of how serious it may have been. The letter does not indicate any such grant.

Finally, Plaintiffs assert that Defendants engaged in fraud by misrepresenting Dupree Jr.'s involvement in the computer hacking scandal.[2]  Plaintiffs, however, cannot establish (1) a false misrepresentation, (2) reliance on any such representation or (3) injury.  Plaintiffs' fraud and misrepresentation claim should be dismissed.

**B. Defendants Are Entitled to Costs and Fees Associated With Plaintiffs' Belated and Improper "Withdrawal" of Their Federal Claims**

As required by LR 7.1(a), prior to filing their summary judgment motion, Defendants' counsel contacted Plaintiffs' counsel seeking concurrence in the motion.  Plaintiffs' counsel never responded to that telephone call.  Now, after considerable costs have been incurred, Plaintiffs simply state that they "withdraw" their mail fraud, wire fraud, extortion and RICO claims.  Although Defendants agree that those claims lack merit and should be dismissed, Plaintiffs did not act in accord with the Federal Rules of Civil Procedure and should be sanctioned for pursuing those meritless claims through to summary judgment.

Fed. R. Civ. P. 41 governs voluntary dismissal of claims and provides that Plaintiffs may only dismiss a claim:  (1) before Defendants served either an answer or motion for summary judgment; or (2) by submitting a stipulation of dismissal signed by all parties.  Plaintiffs have never complied with that rule.

In effect, Plaintiffs have admitted that their federal claims lack merit.  Accordingly, Defendants are entitled to their costs and attorneys' fees associated with seeking summary judgment on those claims pursuant to 28 U.S.C. § 1927.  In imposing monetary sanctions under

---

[2] Plaintiffs assert Dupree Jr. "shared his password with another student . . . with the full knowledge of" Cranbrook. Response at 11. However, the deposition citation referenced does not contain any such proof – there is no evidence to support that unfounded assertion. Instead, Plaintiffs' Response is riddled with numerous unsupported assertions.

this statute, "courts need not make a finding of subjective bad faith . . . ." *Bailey v. Papa John's USA, Inc.*, 236 Fed. Appx. 200, 204 (6th Cir. 2007). In *Bailey*, the plaintiff alleged a violation of Title VII and the Fair Labor Standards Act ("FLSA") but admitted during his deposition that he was properly considered an exempt employee. *Bailey*, 236 Fed. Appx. at 202. Despite this admission, the plaintiff did not withdraw his FLSA claim, and the defendant was forced to seek summary judgment. In his response to that motion, the plaintiff provided only a one-page response on the FLSA claim. *Id.* The Sixth Circuit affirmed an award of $5,000 in attorneys' fees to the defendant pursuant to 28 U.S.C. § 1927 and Fed. R. Civ. P. 11.

As evidenced by their "withdrawal" of the four federal claims, Plaintiffs were aware before the summary judgment filing deadline that their mail fraud, wire fraud, extortion and RICO claims lacked merit. As in *Bailey*, it was incumbent upon Plaintiffs to dismiss those claims instead of forcing Defendants to seek summary judgment on these claims.

### C. Plaintiffs' Contract Claim Lacks Merit

Plaintiffs admit that Dupree Jr. "could be dismissed at any time" if his behavior was unsatisfactory. Plaintiffs' Response at 16. Based on that admission, it is clear that Defendants did not breach the contract.

Plaintiffs must also prove that Defendants' alleged breach caused them an injury. *See New Freedom Mort. Corp. v. Globe Mort. Corp.*, 281 Mich. App. 63, 69-70; 761 N.W.2d 832 (Mich. App. 2008). Conclusory and unsupported statements and beliefs in attempting to establish an injury are insufficient. At the summary judgment stage, such statements cannot defeat an otherwise properly-supported summary judgment motion. *See O'Shea v. The Detroit News*, 887 F.2d 683, 687-688 (6th Cir. 1989); *see also Miller v. Lorain County Bd. of Elections*, 141 F.3d 252, 256 (6th Cir. 1998); *see also* Fed. R. Civ. P. Rule 56(e)(2). Plaintiffs have not

provided any support (other than their attorney's bald assertions) for their injury claim. Defendants are entitled to summary judgment on Plaintiffs' breach of contract claim.

### D. Plaintiffs' Specific Performance and Equitable Relief Claims Were Never Properly Pled

Plaintiffs claim that they filed an amended complaint and alleged specific performance and equitable relief and that Defendants did not move for summary judgment on these claims. Plaintiffs' Response at 17. Plaintiffs, however, ignore the order entered on September 27, 2010 striking the stipulation allowing the filing of the amended complaint adding those claims. Thus, leave was never granted to file their amended complaint, which was never served. Plaintiffs never sought leave to amend their complaint or relief from that order. Thus, Plaintiffs do not have "eight counts" including claims for specific performance or equitable relief.[3] Under the circumstances, Defendants are entitled to their costs and attorneys' fees in responding to Plaintiffs' non-existent claims of specific performance and equitable relief.

### E. Conclusion

Based on the foregoing, Defendants Cranbrook Educational Community, John J. Winter and Charles Shaw respectfully request that their motion for summary judgment be granted, Plaintiffs' claims be dismissed and the Court grant such other relief deemed appropriate, including their costs and attorneys' fees.

---

[3] Those claims otherwise lack merit. Specific performance is a remedy, not a cause of action. Similarly, equitable relief is not a cause of action. Both claims relate to the contract claim, which likewise lacks merit.

|  |  |
|---|---|
|  | Respectfully submitted,<br>HONIGMAN MILLER SCHWARTZ AND COHN LLP<br>Attorneys for Defendants<br><br>By: /s/ Russell S. Linden<br>    Russell S. Linden (P34863)<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226-3506 |
| Dated:  April 5, 2011 | (313) 465-7466 |

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on April 5, 2011, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | HONIGMAN MILLER SCHWARTZ AND COHN LLP<br>Attorneys for Defendants |
|  | By:/s/ Russell S. Linden _____<br>     Russell S. Linden (P34863)<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226-3506<br>(313) 465-7466 |
| Dated:  April 5, 2011 | rlinden@honigman.com |

8951115.2