UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DUPREE, JR.,
a Colorado Resident;
MICHAEL DUPREE, SR.; and
DARLENE DUPREE, his parents,
Residents of the Country of Austria,

    Plaintiffs,

v.

CRANBROOK EDUCATIONAL
COMMUNITY; JOHN J. WINTER;
and CHARLES SHAW,

    Defendants.

Case No. 10-CV-12094

Hon. Lawrence P. Zatkoff
Hon. Mag. Mona K. Majzoub

_____/

| | |
|---|---|
| Christopher R. Sciotti (P33501)<br>Thomas, Garvey, Garvey & Sciotti<br>24825 Little Mack Ave.<br>St. Clair Shores, MI 48080<br>(586) 779-7810<br>Attorneys for Plaintiffs | Russell S. Linden (P34863)<br>Tara E. Mahoney (P68697)<br>Honigman Miller Schwartz and Cohn LLP<br>2290 First National Building<br>600 Woodward Ave.<br>Detroit, MI 48226<br>(313) 465-7466<br>Attorneys for Defendants |

_____/

**PLAINTIFFS' MOTION FOR LEAVE TO RE-FILE PLAINTIFFS'
AMENDED COMPLAINT PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 15(a)**

Plaintiffs, Michael Dupree, Jr., Michael Dupree, Sr. and Darlene Dupree, by and through their attorneys, Thomas, Garvey, Garvey & Sciotti, hereby move for leave to Re-File Plaintiffs' Amended Complaint Pursuant to Federal Rule of Civil Procedure 15(a).

Plaintiffs rely upon the following Brief in Support of their Motion.

In accordance with Eastern District of Michigan Local Rule 7.1(a), Plaintiffs sought, but did not receive, concurrence in this Motion from Defendants, Cranbrook Educational Community, John J. Winter, and Charles Shaw.

                Respectfully submitted,

                THOMAS, GARVEY, GARVEY & SCIOTTI

                s/Christopher R. Sciotti
                chrissciotti@amertech.net
                24825 Little Mack Ave.
                St. Clair Shores, MI 48080
                (586)779-7810
                Attorneys for Plaintiffs
                (P33501)

April 12, 2011

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| MICHAEL DUPREE, JR., a Colorado Resident; MICHAEL DUPREE, SR.; and DARLENE DUPREE, his parents, Residents of the Country of Austria,<br><br>Plaintiffs,<br><br>v.<br><br>CRANBROOK EDUCATIONAL COMMUNITY; JOHN J. WINTER; and CHARLES SHAW,<br><br>Defendants. | Case No. 10-CV-12094<br><br>Hon. Lawrence P. Zatkoff<br>Hon. Mag. Mona K. Majzoub |

| | |
|---|---|
| Christopher R. Sciotti (P33501)<br>Thomas, Garvey, Garvey & Sciotti<br>24825 Little Mack Ave.<br>St. Clair Shores, MI 48080<br>(586) 779-7810<br>Attorneys for Plaintiffs | Russell S. Linden (P34863)<br>Tara E. Mahoney (P68697)<br>Honigman Miller Schwartz and Cohn LLP<br>2290 First National Building<br>600 Woodward Ave.<br>Detroit, MI 48226<br>(313) 465-7466<br>Attorneys for Defendants |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
FOR LEAVE TO RE-FILE PLAINTIFFS'
AMENDED COMPLAINT PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 15(a)**

## STATEMENT OF QUESTION PRESENTED

Whether Plaintiffs' should be granted leave to re-file their Amended Complaint where Defendants will not be prejudiced by this relief and where Plaintiffs' Amended Complaint is not futile.

## MOST CONTROLLING AUTHORITY

*Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004)

*Janikowski v. Bendix Corporation*, 823 F.2d 945, 951 (6th Cir. 1987)

*Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003)

## BACKGROUND

On May 25, 2010 plaintiffs filed a Complaint against the defendants alleging several Counts and requesting damages for failure of the defendants to issue the plaintiff Michael Dupree, Jr. a high school diploma and other damages. This case was originally assigned to Judge Robert H. Cleland. (Exhibit 1, Docket) On August 26, 2010, a scheduling conference was held before Judge Cleland, at which time it was agreed that Plaintiffs could file an Amended Complaint by way of stipulation and order.

On September 24, 2010, Plaintiffs filed an Amended Complaint (Exhibit 1, R. 12; Exhibit 2), and also filed the Stipulated Order allowing Plaintiffs to file the Amended Complaint. (Exhibit 1, R. 13; Exhibit 3) On September 27, 2010, the Court entered the following "Text-Only Order":

> TEXT-ONLY ORDER STRIKING as improvidently filed Stipulation and order re: 13 Amended Complaint filed by John J Winter, Cranbrook Educational Community, Michael Sr. Dupree, Michael Dupreee, Jr., Darlene Dupreee, Charles Shaw. Signed by District Judge Robert H Cleland. (LWag) (Entered 09/27/2010)

(Exhibit 1)

About two weeks later, the case was reassigned from Judge Cleland to Judge Nancy G. Edmunds. (Exhibit 1, R. 14) That same day an Order of Disqualification was entered reassigning the case to this Court. (Exhibit 1, R. 15)

Plaintiffs and defendants conducted discovery in this matter as if the Amended Complaint had been filed. On more than one occasion Plaintiffs' counsel discussed the claims for specific performance and equitable relief with defense counsel. Plaintiffs' counsel mistakenly did not understand that the Amended Complaint was technically not filed, since he received a copy of

the filed Amended Complaint from the ECF System, which indicated that the Amended Complaint was filed as Entry 12 on the Docket.

On March 2, 2011, Defendants filed their Motion for Summary Judgment. (Exhibit 1, R. 17, R. 21) Plaintiffs timely filed their Response to Defendants' Motion for Summary Judgment on March 22, 2011 (Exhibit 1, R. 22), and Defendants timely filed their Reply to Plaintiffs' Response on April 5, 2011. (Exhibit 1, R. 24)

In their Reply Brief, Defendants argue that Plaintiffs' claims for specific performance and equitable relief are not before the Court as the Amended Complaint and stipulation were not properly filed.

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 15(a) indicates that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a) Indeed, the Sixth Circuit has emphasized that "the case law in this Circuit manifests 'liberality in allowing amendments to a Complaint'." *Janikowski v. Bendix Corporation*, 823 F.2d 945, 951 (6th Cir. 1987) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)) "Rule 15 reinforces the principle that cases should be tried on their merits rather than the technicalities of pleadings, and therefore assumes a liberal policy of permitting amendments." *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004)

A motion for leave to amend should only be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or undue prejudice to the opposing party, or would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Sixth Circuit has cautioned that "delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial

prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001).

In *Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003), the Sixth Circuit considered the intersection of rule 15's liberal amendment mandate and Federal Rule of Civil Procedure 16's requirement that a court's scheduling order may be modified "upon a showing of good cause and by leave of the district judge," when leave to amend is sought after the dates set forth in the court's scheduling order have passed. *Id.* at 906 (quoting Fed. R. Civ. P., 16(b)). The Court found that a plaintiff may satisfy the good cause requirement for failing to comply with the scheduling order "by showing that despite their diligence they could not meet the original deadline." *Id.* at 907. In addition, the Court found that while prejudice to the defendant is not a component of Rule 16, it is nonetheless a relevant consideration to the analysis.

Thus, because plaintiffs' motion for leave to amend is outside the time parameters set by this Court's scheduling order, considerations relevant to both Rule 15(a) and Rule 16(b) must be addressed. See *Leary*, 349 F.3d at 906-09 (citing *Sosa v. Airprint Sys. Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.")). As demonstrated above, plaintiffs can meet the requirements of both rules.

Defendant will not be prejudiced by allowing the Amended Complaint to be filed, since discovery was conducted as if the Amended Complaint had actually been filed. Further, defendant stipulated to filing of the Amended Complaint, and in the initial scheduling conference Judge Cleland had indicated that he would allow the Amended Complaint upon entry of the

stipulated order. Finally, Defendants' Amended Complaint is not futile as specific performance and equity are viable claims in this case.

## CONCLUSION

For the above-stated reasons, Plaintiffs request that this Court grant their Motion for Leave to File an Amended Complaint as presented in Exhibit 4.

                              Respectfully submitted,

                              THOMAS, GARVEY, GARVEY & SCIOTTI

                              s/Christopher R. Sciotti
                              chrissciotti@amertech.net
                              24825 Little Mack Ave.
                              St. Clair Shores, MI  48080
                              (586)779-7810
                              Attorneys for Plaintiffs
                              (P33501)

April 12, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification to all ECF participants of record.

                                        Respectfully submitted,

                                        s/Christopher R. Sciotti
                                        Christopher R. Sciotti
                                        chrissciotti@amertech.net
                                        24825 Little Mack Ave.
                                        St. Clair Shores, MI 48080
                                        (586)779-7810
                                        Attorneys for Plaintiffs
                                        (P33501)

April 12, 2011