## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MICHAEL DUPREE, JR.,
a Colorado Resident;
MICHAEL DUPREE, SR.; and
DARLENE DUPREE, his parents,
Residents of the Country of Austria,

      Plaintiffs,

v.

CRANBROOK EDUCATIONAL
COMMUNITY; JOHN J. WINTER;
and CHARLES SHAW,

      Defendants.

Case No.  10-CV-12094

Hon. Lawrence P. Zatkoff
Hon. Mag. Mona K. Majzoub

---

Christopher R. Sciotti (P33501)
Thomas, Garvey, Garvey & Sciotti
24825 Little Mack Ave.
St. Clair Shores, MI  48080
(586) 779-7810
Attorneys for Plaintiffs

Russell S. Linden (P34863)
Tara E. Mahoney (P68697)
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
600 Woodward Ave.
Detroit, MI  48226
(313) 465-7466
Attorneys for Defendants

---

## AMENDED COMPLAINT

    NOW COME the plaintiffs, Michael Dupree, Jr., Michael Dupree, Sr., and Darlene

Dupree, by and through their attorneys, Thomas, Garvey, Garvey & Sciotti, and as their

Amended Complaint against the defendants, Cranbrook Educational Community, John J. Winter

and Charles Shaw, state as follows:



## THE PARTIES

1. Plaintiff Michael Dupree, Jr. is an individual and resident of the State of Colorado who attended Cranbrook/Kingswood High School.

2. Plaintiff Michael Dupree, Sr. is an individual, a U.S. Citizen, and resident of the Country of Austria, who is the father of plaintiff Michael Dupree, Jr.

3. Plaintiff Darlene Dupree is an individual, a U.S. Citizen, and resident of the Country of Austria, who is the mother of plaintiff Michael Dupree, Jr.

4. Defendant, Cranbrook Educational Community [hereinafter referred to as "Cranbrook"], is a Domestic Nonprofit Organization, ID Number 786039, under the laws of the State of Michigan.

5. That at all times relevant to the issues in this Complaint, John J. Winter was Dean of Boys at Cranbrook Educational Community.

6. That at all times relevant to the issues in this Complaint, Charles Shaw was an employee and/or agent of defendant Cranbrook Educational Community.

## JURISDICTION AND VENUE

7. This Complaint challenges the actions of defendant Cranbrook were violative of the First and Fourteenth Amendments to the United States Constitution, and seeks both equitable and money damages.

8. This Court has jurisdiction to resolve the constitutional questions presented in this case pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(3), and also pursuant to 48 U.S.C. §1983.

9. This Court also has jurisdiction pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 USC §1961(1)(B), 1962(c), 1964(c) and that the defendants'

conduct constituted intentional infliction of emotional distress (like RICO "IIED") under Michigan Law.

10.  This Court has jurisdiction regarding the Mail Fraud Count under 18 U.S.C. §1341.

11.  Venue is proper pursuant to 28 U.S.C. §1391(b) and (c).

12.  That amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of costs, interest and attorney fees.

## STATEMENT OF FACTS

13.  Plaintiff Michael Dupree, Jr. attended Cranbrook Kingswood Upper School from August 25, 2000 until May/June, 2004.

14.  Plaintiff Michael Dupree, Jr.'s last exam was taken on May 27, 2004.  As of that date, he completed every single requirement to graduate and matriculate from Cranbrook Educational Community.

15.  The defendant Cranbrook Educational Community's Handbook clearly states that the "school year means the number of consecutive calendar days beginning with the first day of classes and ending on the last day of final exams."  Plaintiff Michael Dupree, Jr. completed all of the requirements expected of him on May 27, 2004 and was entitled to a diploma.  The Student Handbook also defines "withdrawal means withdrawal from school for any reason **other than dismissal** or extended medical absence."  (Emphasis added) Plaintiff Michael Dupree, Jr. never withdrew from Cranbrook, and his transcript issued by Cranbrook is an absolute fraud.  In the Student Handbook the action of "dismissal means severance from all classes for the balance of the school year, which is at the direction of the school authorities, due to either academic or disciplinary reasons."  (Exhibit A)

16.  Plaintiff's school year was already completed because he had taken his last day of final exams on May 27, 2004.  Plaintiff had passed all of his classes and was entitled to receive a diploma.  The alleged dismissal which the plaintiff's received in a letter dated June 1, 2004 was null and void.

17.  Yet, in spite of completing all of the requirements by May 27, 2004, the defendant sent a letter dated June 1, 2004 dismissing plaintiff Michael Dupree, Jr. from Cranbrook. (Exhibit B)

18.  Plaintiffs Michael Dupree, Sr. and Darlene Dupree had a meeting on or about May 28, 2004 with Mr. Shaw, Dean John J. Winter and Mr. Pickett regarding the school's suspicions that plaintiff Michael Dupree, Jr. was allegedly involved in violating the Cranbrook Schools Technology Use Policies, specifically involving computer passwords.

19.  Officials at Cranbrook have never substantiated that plaintiff Michael Dupree, Jr. had any involvement in violating school policies with passwords or any other misconduct.

20.  Defendant Cranbrook threatened plaintiff and his parents with federal prosecution unless he confessed to their allegations of violating the Cranbrook Schools Technology Use Policies, specifically involving passwords.  All of the plaintiffs invited the defendant forthwith by welcoming a federal investigation, which would have exonerated the plaintiff child.

21.  For their own reasons, defendant decided not to pursue this matter with the U.S. Attorney's office, even though they threatened prosecution to somehow obtain a confession from plaintiff Michael Dupree, Jr.

22.  The defendant Cranbrook, through their agents and/or employees, also coerced and pleaded with a fellow student to state and testify that Michael Dupree had supplied drugs,

specifically marijuana, to students at Cranbrook. This particular student declined to do so, at his own peril.

23. Plaintiff Michael Dupree, Jr. fulfilled all the requirements for graduating and received all the necessary credits to receive his diploma.

24. Defendant failed to provide plaintiff Michael Dupree, Jr. with his diploma based on arbitrary and unsubstantiated allegations.

25. John J. Winter, Dean of Boys from Cranbrook Kingswood Upper School, sent plaintiffs Michael Dupree, Sr. and Darlene Dupree correspondence dated June 1, 2004 stating that their son Michael Dupree, Jr. had "been dismissed from Cranbrook Kingswood Upper School effective June 1, 2004." (See Exhibit B)

26. Plaintiff Michael Dupree, Jr.'s transcript from Cranbrook states that there was a "withdrawal date" of June 1, 2004. (Exhibit C)

27. Plaintiff Michael Dupree, Jr. never withdrew from Cranbrook, yet defendant failed to correct this on the transcript.

28. Defendant has full knowledge that plaintiff Michael Dupree, Jr. never withdrew from Cranbrook, yet circulated his transcript that states clearly that there was a "withdrawal date" of June 1, 2004, effectuating and perpetuating a fraud.

29. Despite the overwhelming evidence and fact that Michael Dupree, Jr. never withdrew from Cranbrook, defendant Charles Shaw repeatedly insisted to plaintiff's parents, plaintiffs Michael Dupree and Darlene Dupree, that Cranbrook would be indicating that Michael Dupree, Jr. withdrew from Cranbrook because they had to put something on the transcript, and this actually would help Michael Dupree, Jr.

30.  Plaintiff Michael Dupree, Jr. received an email from Arlyce Seibert dated June 16, 2004 and states in pertinent part "no diploma will be possible in this matter.  Over the past months, we have discussed both academic and other issues that could jeopardize Mike's ability to graduate from Cranbrook."

31.  During the academic year of 2003-2004 the defendant Cranbrook acknowledged and understood there was a marijuana use problem with both students and staff.  It is a fact that the defendant Cranbrook during this school year dismissed and sanctioned both students and staff for marijuana use.

32.  At the very end of the school year, in May, 2004, the defendant tried to sanction and dismiss plaintiff Michael Dupree, Jr. for marijuana use.

33.  During the end of the year of his senior year defendant Cranbrook attempted to coerce other students into admitting and confessing that Michael Dupree, Jr. used and abused marijuana in order to have him dismissed under the drug use policy.

34.  Despite defendant's coercions, no student or faculty member ever agreed to state that Michael Dupree, Jr. used or abused marijuana for the simple fact that this was untrue.

35.  That at the end of the school year in 2004 Cranbrook never alleged or sanctioned plaintiff Michael Dupree, Jr. for marijuana use, even though their staff wholeheartedly tried to obtain corroboration of Michael Dupree, Jr.'s marijuana use.

36.  That officials at Cranbrook actually printed and manufactured a diploma for graduation from Cranbrook Educational Community for Michael Dupree, Jr. and destroyed it just prior to the graduation ceremonies.

37. That the staff and administrators at defendant Cranbrook Educational Community made it known to plaintiff's mother, plaintiff Darlene Dupree, that they did print and manufacture a diploma for her son Michael Dupree, Jr. and destroyed it just prior to the graduation ceremonies.

38. That the defendants knew that Darlene Dupree was participating in organizing and carrying out graduation ceremonies for all fo the students, including her son.

39. That plaintiffs Michael Dupree, Sr. and Darlene Dupree paid defendant Cranbrook Educational Community approximately $80,000.00 or more for the education of their son Michael Dupree, Jr., which included, among other things, education from 9th through 12th grades and issuance of a high school diploma if Michael Dupree, Jr. fulfilled all of the requirements for graduation and received the necessary credits, which he did over the four year period.

## COUNT I

### FRAUD AND MISREPRESENTATION

40. Plaintiffs repeat and reallege, by reference, the allegations set forth above as if fully set forth herein.

41. Defendant intentionally made the following false representations to plaintiffs:

a. If plaintiff Michael Dupree, Jr. attended Cranbrook Schools and completed the required credits, he would obtain a revered education and high school diploma;

b. That plaintiff Michael Dupree, Jr. was involved in alleged activities that violated Cranbrook Schools Technology Use Policies. They informed all of the plaintiffs that the school system computer was hacked into, costing millions of dollars of damage. Defendant Charles Shaw told the plaintiffs this fact and indicated in addition there was a personal violation of his rights, since staff emails and files were opened. Further, defendant Charles Shaw indicated that tests were stolen from the teachers' sites and sold to other students. He further indicated that Michael's computer account was used and computer passwords were stolen and

stored in a text file on his account without his knowledge and by the other junior student Randy's own admission;

c. That on May 27, 2004 Michael Dupree, Jr. was personally questioned by defendant John J. Winter, who repeatedly tried to extort a confession from Michael Dupree, Jr. that he violated the rules of the school concerning the alleged hacking into the school's computer system and stealing files and tests. Michael Dupree, Jr. refused to admit to any of these allegations because they were untrue. Dean of Boys defendant John J. Winter threatened Michael Dupree, Jr. with federal prosecution if he did not admit. At that time Michael Dupree, Jr. invited a federal prosecution investigation because he was and remains completely innocent;

d. In fact, no federal prosecution or investigation was initiated or requested upon plaintiffs' best information and belief;

e. In fact, another student at Cranbrook Kingswood of junior standing confessed to "hacking" into the school's computer systems, including (or while using) Michael Dupree Jr.'s computer account. This other student, by self-admission, had not only Michael Dupree, Jr's password but also hundreds of other students, faculty, administrators, and by information and belief even board members; Upon information and belief, no other penalties were given;

f. Defendant must acknowledge that plaintiff Michael Dupree, Jr. did meet the qualifications to obtain his high school diploma from Cranbrook;

g. Defendant has stated in writing on his official transcript that plaintiff Michael Dupree, Jr. withdrew from Cranbrook on June 1, 2004 and documented this on his official transcript. This is completely false, and there is no evidence whatsoever to substantiate the claim that he withdrew.

42. Defendants' representations regarding the following were false when they were being made and continue to be made.

43. Defendants knew that these particular representations were false when they were being made or made them recklessly, without knowing whether they were untrue.

44. Defendants intended that plaintiffs rely on the representations.

45. Plaintiffs specifically relied upon defendants' false representations by, including but not limited to plaintiff Michael Dupree, Jr. that if he completed his credits, school work, and graduation requirements from Cranbrook, that he would be entitled to his high school diploma.

46. In fact, plaintiff did not receive a high school diploma from the defendant, and has not received a diploma at the present time.

47. Plaintiff Michael Dupree, Jr. did obtain and receive his GED shortly after June 1, 2004. There is a big difference in the real world between obtaining a GED or graduating from a so-called esteemed school as Cranbrook Educational Community. Many higher learning institutions will not accept a GED.

48. As a result of obtaining a GED as opposed to a Cranbrook Educational Community High School Diploma, the plaintiff is limited in his options for receiving a higher learning education.

49. Recent studies have shown that career earnings of those with a high school diploma far exceed earnings of those with a GED by more than several hundred thousand dollars over a career. As a result, plaintiff is put at a significant disadvantage in a highly competitive workplace in seeking employment by having to indicate that he only received a GED, especially when compared to a high school diploma from Cranbrook Kingswood.

50. As a result of defendants' fraud and misrepresentations, plaintiffs have suffered substantial damages and economic losses in excess of $75,000.00 exclusive of interest, costs and attorney fees.

WHEREFORE, plaintiffs respectfully request that this Court order the following relief:

a. Award Judgment in plaintiffs' favor and against defendant for the full amount of his damages, plus all allowable interest and treble damages;

b.  Award all costs and attorney fees so wrongfully incurred;

c.  Order defendant Cranbrook Educational Community to issue a full high school diploma and to correct plaintiff Michael Dupree, Jr.'s transcript;

d.  Such other or additional relief as this Court deems necessary and equitable.

## COUNT II

## BREACH OF CONTRACT

51.  Plaintiffs repeat and reallege, by reference, the allegations set forth above as if fully set forth herein.

52.  Plaintiffs Michael Dupree, Sr. and Darlene Dupree entered into a contract with defendant to enroll their son, plaintiff Michael Dupree, Jr., at Cranbrook schools.

53.  Plaintiffs Michael Dupree, Sr. and Darlene Dupree paid defendant approximately $20,000.00 per year for plaintiff Michael Dupree, Jr.'s education at Cranbrook.

54.  Defendant promised to plaintiffs that their son, plaintiff Michael Dupree, Jr. would receive a revered education and a diploma upon his completion of the course requirements and credits.

55.  Plaintiff Michael Dupree, Jr. attended Cranbrook from August, 2000 until May/June, 2004 and completed all his course requirements.

56.  By May 27, 2004 plaintiff Michael Dupree, Jr. completed all of the requirements and course credits, entitling him to complete the school year according to the School Handbook and also be entitled to graduate and receive a high school diploma.

57.  That pursuant defendant Cranbrook Educational Community's Handbook, and given the consideration of the money the Dupree's paid, and Cranbrook's oral and written promises

constituted a binding and legal contract that if their son Michael Dupree, Jr. completed all of the course requirements and credits he would receive not only a revered education but also a diploma and graduate from the defendant Cranbrook Educational Community.

58.  That as of May 27, 2004 the plaintiff Michael Dupree, Jr. did complete all of the course requirements and obtained all of the credits necessary for obtaining a high school diploma and graduating from Cranbrook and from the defendant's high school.

59.  As of May 27, 2004 the plaintiff Michael Dupree, Jr. attained all of the requirements necessary to complete a "school year" under Cranbrook's own written policy, and was entitled to a diploma.

60.  Plaintiff Michael Dupree, Jr. did obtain and receive his GED shortly after June 1, 2004.  There is a big difference in the real world between obtaining a GED or graduating from a so-called esteemed school as Cranbrook Educational Community.  Many higher learning institutions will not accept a GED.

61.  As a result of obtaining a GED as opposed to a Cranbrook Educational Community High School Diploma, the plaintiff is limited in his options for receiving a higher learning education.

62.  The defendant clearly breached in writing the contract between the plaintiffs and defendant by sending a letter dated June 1, 2004 indicating that plaintiff Michael Dupree, Jr. was dismissed from Cranbrook.

63.  Defendant's conduct as described in this Complaint constitute a breach of contract between the parties.

64. Plaintiffs Michael Dupree, Sr. and Darlene Dupree have been damaged by defendant's breach in the amount of $80,000.00, which consists of the price of tuition that was paid to defendant for their son's education and ultimately, his diploma.

65. The plaintiffs have been damaged by the defendant's breach of contract, in addition to the tuition paid by spending costs and attorney fees and interest and also in having them explain the details of why plaintiff graduated or did not graduate or received a diploma and/or did not receive a diploma from the defendant, and also by explaining the lie on his transcript that he had somehow withdrawn from Cranbrook.

66. Plaintiff Michael Dupree, Jr. has been damaged by defendant's breach of not providing him with his high school diploma and falsified transcript.

67. That as a direct and proximate result of the breach of contract, plaintiffs suffered and sustained substantial damages and economic losses in excess of $75,000.00, exclusive of interest, costs and attorney fees, being loss of tuition, failure to grant a high school diploma, falsifying the official transcript, and subjecting plaintiff to fear and trepidation with threats of prosecution.

WHEREFORE, plaintiffs respectfully request that this Court order the following relief:

    a. Award Judgment in plaintiffs' favor and against defendant for the full amount of his damages, plus all allowable interest and treble damages;

    b. Award all costs and attorney fees so wrongfully incurred;

    c. Order defendant Cranbrook Educational Community to issue a full high school diploma and to correct plaintiff Michael Dupree, Jr.'s transcript;

    d. Such other or additional relief as this Court deems necessary and equitable.

<u>COUNT III</u>

<u>**SPECIFIC PERFORMANCE AND/OR EQUITABLE RELIEF**</u>

68.  Plaintiffs repeat and allege, by reference, the allegations set forth above as if fully set forth herein.

69.  Plaintiff Michael Dupree, Jr. attended and was enrolled at Cranbrook from August 2000 until May/June 2004.

70.  Defendant set forth a yearly tuition amount for Plaintiff Michael Dupree, Jr.'s education at Cranbrook

71.  Plaintiffs Michael Dupree, Sr. and Darlene Dupree paid defendant the specified tuition amount for each year Plaintiff Michael Dupree, Jr. was enrolled at Cranbrook.

72.  Defendant set forth course and credit requirements, which upon successful completion would entitle Plaintiff Michael Dupree, Jr. a diploma from Cranbrook.

73.  By May 27, 2004, Plaintiff Michael Dupree, Jr. completed all of the course and credit requirements set forth by Defendant.

74.  Defendant refuses to issue Plaintiff Michael Dupree, Jr. a diploma from Cranbrook.

75.  Cranbrook's oral and written promises constituted a binding and legal agreement.

76.  Plaintiff's tuition payments constituted fair and reasonable consideration to the agreement.

77.  Plaintiff Michael Dupree, Jr. successfully performed the course and credit requirements  of the contract and thus is entitled to performance of contract obligations by the Defendant.

78.  Defendant has failed and refused, and continues to fail and refuse, to perform the conditions of the agreement that requires Plaintiff Michael Dupree, Jr. to receive a Cranbrook diploma.

79.  Plaintiffs have no adequate legal remedy in that damages, if awarded, cannot be properly ascertained since there is no fixed market value and damages will be inadequate to compensate.

WHEREFORE, Plaintiffs respectfully request that this Court order the following equitable relief:

   a.  Order defendant Cranbrook Educational Community to issue a full high school diploma and to update his transcript to reflect the same;

   b.  judgment in plaintiff's favor and against defendant for the amount of damages, plus all allowable interest; and

   c.  Such other or additional relief as this Court deems necessary and equitable.

Respectfully submitted,

THOMAS, GARVEY, GARVEY & SCIOTTI

By:/s/ Christopher R. Sciotti
Christopher R. Sciotti (P 33501)
chrissciotti@ameritech.net
   Attorney for Plaintiffs
   24825 Little Mack
   St. Clair Shores, MI 48080
   (586) 779-7810

April ___, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on April ___, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification to all ECF participants of record.

Respectfully submitted,

s/Christopher R. Sciotti_____
Christopher R. Sciotti
chrissciotti@amertech.net
24825 Little Mack Ave.
St. Clair Shores, MI  48080
(586)779-7810
Attorneys for Plaintiffs
(P33501)

April ___, 2011

# EXHIBIT A

Received Fax :          Dec 26 2006 9:55PM     Fax Station :   THOMAS GARVEY GARVEY&SCIO                    p.   11

5. "Insured Amount" means the amount of tuition including boarding costs, less any financial aid.

*EXAMPLE:*

| | |
|---|---|
| Tuition | $18,890 |
| Boarding | + 7,650 |
| Subtotal | $26,540 |
| Financial Aid | - 10,050 |
| Tuition Amount | $16,490 |

6. "School Year" means the number of consecutive calendar days beginning with the first day of classes and ending on the last day of final exams.  It excludes orientation, registration and graduation days.

7. "Sickness" means an illness or disease which commences during the term of the student's enrollment in the Tuition Refund Program.

8. "Disability" includes any disability recognized by applicable state or federal law.

9. "Withdrawal" means withdrawal from school for any reason other than Dismissal or an Extended Medical Absence.


## EXCLUSIONS AND LIMITATIONS

No refunds will be paid if withdrawal or dismissal is caused by any of the following occurrences:

1. An accidental injury which occurred prior to the effective date of enrollment in the Tuition Refund Program.

2. The inability of the School to operate and provide academic instruction for any reason.

3. Declared or undeclared war, rebellion riot, civil commotion or any act thereof or service in the armed forces of any country.

4. Boycotting of classes.

5. Pregnancy or childbirth.

6. The current use of any drug or narcotic except those prescribed by a Doctor.

7. Destruction of any school facility due to any cause whatsoever, or the inability of the school to operate and provide formal academic instruction, including closure for any reason.

8. Withdrawal or absence from class attendance for the balance of the school year due to early completion of academic requirements or early graduation.

No refund will be due or paid in the event the student resumes attending classes at the school.

Changes from boarding to day status or class schedule reductions for any reason are not a basis for payment of a refund, unless the change is for medical reasons.

# EXHIBIT B



CRANBROOK

1904        CENTENNIAL        2004

ACADEMY OF ART
ART MUSEUM
BROOKSIDE LOWER SCHOOL
CRANBROOK KINGSWOOD MIDDLE SCHOOL
CRANBROOK KINGSWOOD UPPER SCHOOL
INSTITUTE OF SCIENCE

20 Lone Pine Road
Correspondence to:
P O Box 801
Bloomfield Hills
higan 48303.0801
USA

ranbrook Campus
e 248 645. 3600
x 248 645. 3081

ngswood Campus
e 248 645. 3400
x 248 645. 3053

CRANBROOK
KINGSWOOD
PER SCHOOL

June 1, 2004

Mr. and Mrs. Michael J. Dupree, Sr.
55 Martell
Bloomfield Hills, MI 48304

Dear Mr. and Mrs. Dupree and Michael:

Your son, Michael Dupree, has been dismissed from Cranbrook Kingswood Upper
School effective June 1, 2004.

To assist you with any transition please call me at 248-645-3620 or email me at
jwinter@cranbrook.edu.

Sincerely,

John J. Winter
Dean of Boys

cc: Charles Shaw
    Sharon Peacock
    Arlyce Seibert







# EXHIBIT C

# CRANBROOK KINGSWOOD



Cranbrook Educational Community

## UPPER SCHOOL ACADEMIC TRANSCRIPT

(TEST RECORD ON REVERSE SIDE)

Last Name    First Name

GPAs are not cumulative

NAME: Dupree, Jr.    Michael Joseph   SEX: M
SS #: 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    DATE OF BIRTH: 08/27/85
PARENT/GUARDIAN: Mr&Mrs Michael Dupree, Sr.
RELATIONSHIP:    Parents
ENROLLED: 08/25/00   ENTERED UPPER SCHOOL: 09

GRADUATION DATE
WITHDRAWAL DATE    JUN 0 1 2004

GRADES:
A = 3.7 - 4.0      E,F = FAIL
B = 2.7 - 3.3      P = PASS
C = 1.7 - 2.3      WP = WITHDRAW PASSING
D = D.7 - 1.3      WF = WITHDRAW FAILING

Courses taken at other schools are converted to CK systems of credits.
ACCREDITATION: Independent Schools Association of Central States

An A+ = 4.3 points in the calculation of the G.P.A.

DUPREE, JR. MI 09 2000-01
EN-English        2  B   1.00
MA-Algebra II     2  C   1.00
LN-Spanish I      2  C+  1.00
SC-Concept Phys   2  B-  1.00
HS-Ancient Soc    2  C+  0.50
RL-Hist of Relg   1  C+  0.50
AR-Begin Ceramc   2  B   0.25
CS-Computer Sci   1  B-  0.25
SP-Sports/Gd 9    2  P   0.50
  -Cmptr Exempt   2      0.00

UNWEIGHTED GPA: 2.5
   WEIGHTED GPA: 2.5

DUPREE, JR. MI 10 2001-02
EN-Expos Writng 2  B-  1.00
MA-Algebra II    2  B-  1.00
LN-Spanish II    2  C   1.00
SC-Biology I     2  C-  1.00
HS-Patts in Civ  2  C+  1.00
AR-Cont Ceramic  1  B+  0.25

UNWEIGHTED GPA: 2.33
   WEIGHTED GPA: 2.33

UNOFFICIAL COPY

DUPREE, JR. MI 11 2002-03
EN-Lit Tr         2  C-  1.00
MA-Pre-Calculus   2  C+  1.00
SC-Chemistry      2  C+  1.00
HS-Amer Studie    2  C   1.00
RL-Eastern Tr     2  C+  0.50
AR-Cont Ceramc    1  B+  0.25
AR-Cont Ceramic   2  B+  0.25
CS-Comptr Sci     1  B-  0.50

UNWEIGHTED GPA: 2.26
   WEIGHTED GPA: 2.26

DUPREE, JR. MI 12 2003-04
EN-Current Lit    1  B-  0.50
EN-Lit & Nature   2  D   0.50
MA-Statistics     2  C   1.00
SC-Envirnmt Sci   1  B   0.50
SC-Botany         2  C   0.50
HS-Grk Romn Civ   1  B-  0.50
HS-Psychology     2  WP  0.00
HS-Economics      2  D+  0.50
RL-Philosophy     1  B   0.50
AR-Ceram StdioH   1  B+  0.50
AR-Ceram StdioH   2  WP  0.00

UNWEIGHTED GPA: 2.3
   WEIGHTED GPA: 2.33

OTHER

SIGNED _____    TITLE _____    DATE _____

# CRANBROOK KINGSWOOD


**Cranbrook Educational Community**

## UPPER SCHOOL STANDARDIZED TEST RECORD   (ACADEMIC TRANSCRIPT ON REVERSE SIDE)

NAME: Dupree, J.   Michael Joseph   SEX: M
SS #: 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   DATE OF BIRTH: 08/27/85

### PSAT

Last DUPREE   First MICHAEL   M.I. J

| | Scores | Percentiles | |
|---|---|---|---|
| Verbal | 52 | 72 | Year 01 |
| Math | 53 | 74 | Grade 10 |
| Writing Skills | 54 | 70 | Optional Code |
| Selection Index | 159 | 67 | School Code 230355 |

PSAT/NMSQT

Last DUPREE   First MICHAEL   M.I.

| | Scores | Percentiles | |
|---|---|---|---|
| Verbal | 49 | 52 | Year 02 |
| Math | 57 | 75 | Grade 11 |
| Writing Skills | 58 | 81 | Optional Code |
| Selection Index | 164 | 75 | School Code 230355 |

PSAT/NMSQT

### SAT I

LAST DUPREE   First MICHAEL   M.I. J

| TEST DATE | GRADE | | |
|---|---|---|---|
| NOV03 | 12 | | |

SAT Program
The College Board

Verbal 590   SAT I – M 590

### ACT

| NAME OF STUDENT | TOTAL REQUEST NUMBER | TEST DATE |
|---|---|---|
| DUPREE MICHAEL | 365029443 | 10 03 |

| | ENGLISH | MATHEMATICS | READING | SCIENCE | COMPOSITE/% TILE |
|---|---|---|---|---|---|
| TEST SCORES: | 28 | 25 | 26 | 23 | 26 N |
| SUBSCORES: | 15 14 | 14 11 | 14 15 12 | | 86 |

UNOFFICIAL COPY

### SAT II

### ADVANCED PLACEMENT

SIGNED _____   TITLE _____   DATE _____

P.O. Box 801 Bloomfield Hills, MI 48303-0801      Fax: (248) 645-3081      School Code 230355