UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DUPREE, JR., a Colorado Resident,
MICHAEL DUPREE, SR. and DARLENE DUPREE,
his parents, Residents of the Country of Austria,

        Plaintiffs,                    Case No. 2:10-CV-12094-LPZ-MKM
                                           Hon. Lawrence P. Zatkoff
vs.                                         Magistrate Judge Mona K. Majzoub

CRANBROOK EDUCATIONAL COMMUNITY,
JOHN J. WINTER and CHARLES SHAW,

        Defendants.
_____/

Christopher R. Sciotti (P33501)        Russell S. Linden (P34863)
Attorneys for Plaintiffs                    Tara E. Mahoney (P68697)
24825 Little Mack                           Honigman Miller Schwartz and Cohn LLP
St. Clair Shores, MI 48080              Attorneys for Defendants
(586) 779-7810                               2290 First National Building
                                                660 Woodward Avenue
                                                Detroit, MI 48226-3506
                                                (313) 465-7466

_____/

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR
LEAVE TO FILE A SUR-REPLY TO DEFENDANTS' REPLY BRIEF**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................ ii

CONCISE STATEMENT OF ISSUES PRESENTED .................................................... iii

STATEMENT OF MOST CONTROLLING AUTHORITY .......................................... iv

I.      INTRODUCTION ................................................................................................ 1

II.     STATEMENT OF FACTS .................................................................................... 1

III.    ARGUMENT ........................................................................................................ 2

        A.    Plaintiffs' Motion Should be Denied Because the Filing of a Sur-Reply is Not Recognized by the Federal Rules of Civil Procedure, Including Fed. R. Civ. P. 56, and Defendants Did Not Raise Any New Issues in Their Reply Brief ....................................................................................................... 2

        B.    Plaintiffs' Proposed Sur-Reply Does Not Provide Any Substantive Information Relevant to Deciding Defendants' Summary Judgment Motion ................................................................................................................ 4

IV.    CONCLUSION .................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Dassault Systemes, S.A. v. Childress*, No. 09-10534, 2009 WL 36020084 (E.D. Mich. Oct. 27, 2009) .................................................................................................................. 3

*Flagstar Bank, FSB v. Federal Ins. Co.*, No. 05-70950, 2005 WL 1631338 (E.D. Mich. July 12, 2005) ................................................................................................................. 3

*Kimble v. Hoso*, 439 F.3d 331 (6th Cir. 2006) ................................................................................. 3

## CONCISE STATEMENT OF ISSUES PRESENTED

1. WHETHER PLAINTIFFS SHOULD BE GRANTED LEAVE TO FILE A SUR-REPLY TO DEFENDANTS' SUMMARY JUDGMENT MOTION WHEN DEFENDANTS ONLY RESPONDED TO THE ARGUMENTS RAISED BY PLAINTIFFS IN THEIR RESPONSE AND THE FEDERAL RULES OF CIVIL PROCEDURE DO NOT PROVIDE FOR FILING A SUR-REPLY?

    Defendants say:          No

    Plaintiffs say:          Yes

    This Court should say:   No

2. WHETHER PLAINTIFFS SHOULD BE GRANTED LEAVE TO FILE A SUR-REPLY WHERE SUCH REPLY WOULD NOT PROVIDE ANY SUBSTANTIVE INFORMATION RELEVANT TO DECIDING DEFENDANTS' SUMMARY JUDGMENT MOTION?

    Defendants say:          No

    Plaintiffs say:          Yes

    This Court should say:   No

## STATEMENT OF MOST CONTROLLING AUTHORITY

*Dassault Systemes, S.A. v. Childress*,
    No. 09-10534, 2009 WL 3602084 (E.D. Mich. Oct. 27, 2009)

*Flagstar Bank, FSB v. Federal Ins. Co.*,
    No. 05-70950, 2005 WL 1631338 (E.D. Mich. July 12, 2005)

## I. INTRODUCTION

After responding to Defendants Cranbrook Educational Community, John J. Winter and Charles Shaw's (collectively, "Defendants") summary judgment motion, Plaintiffs Michael Dupree, Sr., Darlene Dupree and Michael Dupree, Jr. (collectively, "Plaintiffs") want another opportunity to respond by seeking leave to file a sur-reply brief. Defendants raised no new issues in their Reply Brief. Moreover, neither the Federal Rules of Civil Procedure nor the Local Rules provide for the filing of a sur-reply. Further, Plaintiffs' proposed sur-reply provides no substantive new information relevant to Defendants' pending summary judgment motion. For the following reasons, Plaintiffs' motion for leave to file a sur-reply to Defendants' Reply Brief should be denied.

## II. STATEMENT OF FACTS

On May 25, 2010, Plaintiffs filed their Complaint alleging the following claims: (1) fraud and misrepresentation; (2) mail fraud; (3) wire fraud; (4) extortion; (5) Racketeer Influenced and Corrupt Organizations Act ("RICO") violation; (6) breach of contract; and (7) attorney fees. *See* Complaint, Docket Number 1. On September 24, 2010, Plaintiffs filed an Amended Complaint and a stipulation allowing the filing of the Amended Complaint. Docket Numbers 12, 13. The Amended Complaint was nearly identical to the Complaint but added an eighth claim for specific performance and/or equitable relief. Docket Number 12. On September 27, 2010, the Court issued a text-only order striking the stipulation allowing the filing of the Amended Complaint.[1] Docket Number 14. After that order, Plaintiffs never sought leave to file an amended complaint or sought to serve their stricken Amended Complaint.

---

[1] Plaintiffs also have moved for leave to re-file this Amended Complaint. Defendants' response to that motion is being filed contemporaneously with this brief and it is incorporated by reference.

1

The parties engaged in extensive discovery, and discovery closed on January 31, 2011. Docket Number 17. Defendants filed their summary judgment motion on the dispositive motion deadline which was March 2, 2011. Docket Numbers, 19, 21. On March 22, 2011, Plaintiffs filed their response to Defendants' summary judgment motion. Docket Number 22. In that response, Plaintiffs "withdrew" all of their federal claims including mail fraud, wire fraud, extortion and RICO.[2] *Id.* at 15. Plaintiffs also, for the first time, relying on their stricken Amended Complaint argued that summary judgment should not be granted on their claims for specific performance and equitable relief. *Id.* at 17. On April 5, 2011, Defendants timely filed their Reply Brief noting that the Amended Complaint never was properly filed or served and that there was no eighth count of specific performance and/or equitable relief. Docket Number 24 at 4.

### III.    ARGUMENT

#### A. PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THE FILING OF A SUR-REPLY IS NOT RECOGNIZED BY THE FEDERAL RULES OF CIVIL PROCEDURE, INCLUDING FED. R. CIV. P. 56, AND DEFENDANTS DID NOT RAISE ANY NEW ISSUES IN THEIR REPLY BRIEF

Plaintiffs state that they seek leave to file a sur-reply "for the purpose of explaining to the Court the status of the Amended Complaint and the circumstances surrounding its apparent non-entry on the Court's Docket . . . [and] to explain that they should not be sanctioned for ultimately concurring with Defendants regarding the dismissal of Plaintiffs['] federal law claims." Plaintiffs' motion at 6-7. Plaintiffs, however, have not provided any authority for filing a sur-reply, a filing that effectively changes the procedure recognized in Fed. R. Civ. P. 56.

---

[2] The withdrawal of those claims was not in accordance with Fed. R. Civ. P. 41.

As this Court has held, the filing of a sur-reply is "not anticipated by the local pleading rules." *Dassault Systemes, S.A. v. Childress*, No. 09-10534, 2009 WL 3602084 (E.D. Mich. Oct. 27, 2009) (Zatkoff, J.) (attached as Exhibit 1). Further, it is appropriate to deny a request to file a sur-reply where the defendant's "[r]eply brief raised no new issues, but merely responded to the arguments of [the plaintiff's] response brief."[3] *Flagstar Bank, FSB v. Federal Ins. Co.*, No. 05-70950, 2005 WL 1631338 (E.D. Mich. July 12, 2005) (Zatkoff, J.) (attached as Exhibit 2).

Here, Defendants did not raise any new issues in their Reply Brief. Instead, Defendants simply responded to the arguments Plaintiffs raised in their Response. For instance, Plaintiffs "withdrew" all of their federal claims. Docket Number 22 at 15. In their reply, Defendants asserted that sanctions are appropriate because those claims should have been dismissed instead of forcing Defendants to seek summary judgment on these claims. Docket Number 24 at 2-3. Plaintiffs alleged in their Response that they were entitled to relief for their specific performance and/or equitable relief claim; a count only contained in the stricken, unserved Amended Complaint. Docket Number 22 at 17. In their reply, Defendants argued that the Amended Complaint was stricken and, consequently, that an eighth count of specific performance and/or equitable relief did not exist. Docket Number 24 at 4. Clearly, Plaintiffs' motion should be denied.

---

[3] While it is true as Plaintiffs assert, that district courts "enjoy broad discretion in matters of pretrial management," *Kimble v. Hoso*, 439 F.3d 331 (6th Cir. 2006), does not support Plaintiffs' motion. In *Kimble*, the Sixth Circuit found the district court had appropriately exercised its discretion by granting the plaintiffs additional time to reply to the defendant's summary judgment motion. The court did not address the filing of a sur-reply brief.

3

### B. PLAINTIFFS' PROPOSED SUR-REPLY DOES NOT PROVIDE ANY SUBSTANTIVE INFORMATION RELEVANT TO DECIDING DEFENDANTS' SUMMARY JUDGMENT MOTION

Plaintiffs state that their sur-reply brief is necessary to explain the status of the stricken Amended Complaint. Plaintiffs' motion at 1. That status is readily apparent from the Court's docket. The circumstances surrounding its non-entry are irrelevant.

The proposed sur-reply brief attached to Plaintiffs' motion does not provide any relevant information supporting their arguments. Instead, Plaintiffs admit that "the Court automatically provides notice to ECF participants of record when an entry or filing is made," which would include the text order striking the stipulation and Amended Complaint. The proposed sur-reply purports to blame Plaintiffs' failure to act on the case being reassigned to other judges. Plaintiffs' motion, Exhibit 4 at 3. That reassignment and Plaintiffs' apparent failure to review the docket or read ECF notifications are not at all connected. Plaintiffs have not provided any correlation between the two other than their bald assertion that a connection exists.

Plaintiffs' proposed sur-reply also argues that they should not be sanctioned for "ultimately concurring" in the dismissal of their federal claims. Plaintiffs' motion, Exhibit 4 at 4. Plaintiffs, however, ignore that their "withdrawal" argument came only *after* Defendants incurred significant costs in discovery on those claims and filing summary judgment on those claims. Moreover, Plaintiffs' actions otherwise did not comply with Fed. R. Civ. P. 41.

## IV. CONCLUSION

Based on the foregoing, Defendants Cranbrook Educational Community, John J. Winter and Charles Shaw respectfully request that Plaintiffs' motion for leave to file a sur-reply to Defendants' Reply Brief be denied and the Court grant such other relief deemed appropriate, including awarding costs incurred in defending their motion.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Defendants

By:/s/ Russell S. Linden
    Russell S. Linden (P34863)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7466

Dated: April 22, 2011

## CERTIFICATE OF SERVICE

I hereby certify that, on April 22, 2011, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                                            Respectfully submitted,

                                            HONIGMAN MILLER SCHWARTZ AND COHN LLP
                                            Attorneys for Defendants

                                            By:/s/ Russell S. Linden
                                                 Russell S. Linden (P34863)
                                            2290 First National Building
                                            660 Woodward Avenue
                                            Detroit, MI 48226-3506
                                            (313) 465-7466

Dated: April 22, 2011                     rlinden@honigman.com

9029678.2