# Exhibit 1

Westlaw.

Slip Copy, 2009 WL 3602084 (E.D.Mich.)
(Cite as: 2009 WL 3602084 (E.D.Mich.))

Page 1

H
Only the Westlaw citation is currently available.

United States District Court,
E.D. Michigan,
Southern Division.
DASSAULT SYSTEMES, S.A., Plaintiff,
v.
Keith CHILDRESS d/b/a Practical Catia Training,
Defendant.

No. 09-10534.
Oct. 27, 2009.

Douglas P. Lalone, Rader, Fishman, Bloomfield Hills, MI, for Plaintiff.

Keith Childress Algonac, MI, pro se.

**OPINION AND ORDER**
LAWRENCE P. ZATKOFF, District Judge.

**I. INTRODUCTION**

*1 This matter is before the Court on Plaintiff's "Motion for Protective Order and Privacy Act Order and for Leave to Serve Subpoena on FBI" [dkt 12]; Defendant's "Motion for Protective Order and to Strike Certain Information from Complaint" [dkt 16]; and Plaintiff's motion for default judgment [dkt 19]. The parties have fully briefed the motions.[FN1] The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the following reasons, Plaintiff's Motion for Protective Order and Privacy Act Order and for Leave to Serve Subpoena on FBI [dkt 12] is GRANTED; Defendant's Motion for Protective Order and to Strike Certain Information from Complaint [dkt 16] is DENIED; and Defendant is ordered to SHOW CAUSE as to why Plaintiff's motion for default judgment [dkt 19] should not be granted.

FN1. The Court DENIES Defendant's motion to exceed the 5-page limit on reply briefs [dkt 22] and has considered only the first 5 pages of that brief. The Court also DENIES Defendant's motions for leave to file sur-replies [dkts 24 & 27], as such filings are not anticipated by the local pleading rules. Finally, the Court ORDERS that Defendant's sur-replies [dkts 24 & 27] be STRICKEN from the record.

**II. BACKGROUND**

Plaintiff, a French corporation, is the developer of a computer software design program known as CATIA. Plaintiff has held a registered trademark, U.S. Reg. No. 1,274,136, on its CATIA software since 1984. See Compl. Ex. A. Plaintiff also holds a registered copyright on CATIA Version 5, Release 12 ("Release 12"), Registration No. 5-856-769, and has a pending copyright registration for its most recent release, CATIA Version 5, Release 14 ("Release 14"). See Compl. Ex. C; ¶ 16.

Defendant, appearing *pro se,* is a design engineer. Defendant, along with some familial assistance, operates a business under the name of Practical CATIA Training. Practical CATIA Training provides its customers instruction in the use of CATIA software.

CATIA software requires a license and Target ID in order to execute the program on a computer. Plaintiff alleges that Defendant purchased one license for Release 12 and was assigned a corresponding Target ID. Plaintiff further contends that Defendant cloned the software and Target IDs onto 20 computers, which Defendant used to operate his business. Plaintiff maintains that these actions infringe its copyright and trademark rights and violate the Michigan Consumer Protection Act, Mich. Comp. Laws. § 445.901.

Defendant responded to Plaintiff's complaint by filing a motion for a more definite statement,

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 3602084 (E.D.Mich.)
(Cite as: 2009 WL 3602084 (E.D.Mich.))

Page 2

stay of the proceedings, and evidentiary hearing. In that motion, Defendant alleged that Plaintiff was in possession of secret grand jury information and had used said information in its complaint, all in violation of Fed.R.Crim.P. 6(e)(2). The Court denied the motion, finding that Defendant had not adequately explained how the information contained in the complaint implicated matters occurring before a grand jury or how Plaintiff was subject to discipline under Fed.R.Crim.P. 6(e) (2).

While Defendant's motion was pending, Defendant became aware that Plaintiff had served a subpoena on the Federal Bureau of Investigation (FBI) seeking access to evidence that the FBI had seized from Defendant. Defendant filed a motion to quash the subpoena [dkt 10], arguing that the subpoena was untimely under Fed.R.Civ.P. 26 and that the information sought by Plaintiff was protected under Fed.R.Crim.P. 6(e)(2). The parties stipulated [dkt 11] that Plaintiff would withdraw its subpoena and Defendant would withdraw his motion to quash, and the Court entered a corresponding order [dkt 13].

*2 Plaintiff has now moved for the Court's permission to serve its subpoena prior to a Rule 26(f) conference and for a protective order and Privacy Act order. Defendant challenges this motion and has filed his own motion for a protective order, and he seeks to strike certain information from the complaint. Plaintiff also seeks a default judgment because Defendant has not yet filed an answer to the complaint.

### III. ANALYSIS
### A. Plaintiff's Motion for Leave to File Subpoena

Plaintiff seeks leave pursuant to Fed.R.Civ.P. 26(d) to serve a subpoena on the FBI to procure computers and documents seized from Defendant. Plaintiff also seeks the entry of a protective order under Rule 26(c)(1), and a Privacy Act order pursuant to a FBI request. Defendant continues to insist that this evidence is protected by Fed.R.Crim.P. 6(e)(2).

i. Fed.R.Crim.P. 6(e)

This analysis requires a detailed discussion of *In re Grand Jury Proceedings*, 851 F.2d 860 (6th Cir.1988), this circuit's seminal case on the subject. In that case, the Sixth Circuit adopted a "rebuttable presumption" approach to issues of grand jury secrecy:

> The general rule, however, must be that confidential documentary information not otherwise public obtained by the grand jury by coercive means is presumed to be "matters occurring before the grand jury" just as much as testimony before the grand jury. The moving party may seek to rebut that presumption by showing that the information is public or was not obtained through coercive means or that disclosure would be otherwise available by civil discovery and would not reveal the nature, scope, or direction of the grand jury inquiry, but it must bear the burden of making that showing, just as it bears the burden of showing that there is a "particularized need ."

*Id.* at 866-67.

The Court denied Defendant's original motion because Defendant had not presented any evidence that the alleged secret grand jury information was procured through the grand jury's coercive powers. Defendant now presents evidence strongly suggesting that the FBI and grand jury investigations are intertwined. Attached to Defendant's response to Plaintiff's motion are three grand jury subpoenas to produce documents, along with a search warrant for Defendant's business address. *See* Def.'s Resp. Br. Exs. 1-4. All four documents bear the same date of issuance. The search warrant was issued to the same FBI special agent who is listed as the investigative agent on the subpoenas. Thus, the Court finds that Defendant's computers and documents were procured by the grand jury's coercive powers as defined by the Sixth Circuit.

As the evidence Plaintiff seeks was not public information, and Defendant has proffered evidence suggesting that his computers were seized by the

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 3602084 (E.D.Mich.)
**(Cite as: 2009 WL 3602084 (E.D.Mich.))**

coercive powers of the grand jury, the Court is constrained by the Sixth Circuit's holding in *In re Grand Jury Proceedings*-a rule more stringent than those of its sister circuits. *Compare id. with United States v. Dynavac, Inc.*, 6 F.3d 1407, 1412 (9th Cir.1993) ("[W]e think that the disclosure of business records independently generated and sought for legitimate purposes would not 'seriously compromise the secrecy of the grand jury's deliberations' ") (citations omitted); *DiLeo v. C.I.R.*, 959 F.2d 16, 20 (2d Cir.1992) ("The records ... were sought for their own sake and not to learn what took place before the grand jury and clearly did not compromise the secrecy of the grand jury's deliberations."). Accordingly, the presumption of non-disclosure applies.

**\*3** "Mere contact with a grand jury, however, does not change every document into a matter 'occurring before a grand jury' within the meaning of Rule 6," and the seeking party has the opportunity to rebut the presumption of non-disclosure. *United States v. Rutherford*, 509 F.3d 791, 795 (6th Cir.2007); *see also In re Grand Jury Proceedings*, 196 F.R.D. 57, 64 (S.D.Ohio 2000) (moving party met burden that subpoenaed documents were available through civil discovery and did not reveal the scope or direction of the grand jury's inquiry).

Plaintiff contends that the evidence which it seeks is otherwise discoverable because it consists of Defendant's business records and was prepared prior to any grand jury action. Further, Plaintiff disputes that the evidence at issue would reveal the nature, scope, or direction of the grand jury's inquiry.

The Court agrees that the seized evidence is otherwise available through civil discovery. Defendant's business records are undoubtedly discoverable evidence. *See, e.g., In re Grand Jury Proceedings*, 196 F.R.D. at 64 (holding that presumption of grand jury secrecy was rebutted because business records were otherwise available through discovery). Furthermore, inspection of a computer's contents is frequently permitted in cases involving copyright infringement of computer files or programs. *See, e.g., Capitol Records, Inc. v. Alaujan*, Nos. 03CV11661-NG, 07cv11446-NG, 2009 WL 1292977, at \*2 (D.Mass. May 6, 2009) (ordering inspection of computer that had a "sufficiently close" connection to the alleged copyright violation); *Fharmacy Records v. Nassar*, 248 F.R.D. 507, 516 (E.D.Mich.2008) (noting that magistrate judge had granted motion to compel production of computers in music copyright case); *Xpel Techs. Corp. v. Amer. Filter Film Distribs.*, No. SA-08-CV-0175, 2008 WL 744837, at \*1 (W.D.Tex. Mar.17, 2008) (granting order for expedited computer forensic imaging in copyright case). Finally, the Court cannot conceive how allowing Plaintiff access to this evidence would reveal anything about the nature, direction, or scope of the grand jury's inquiry.

Therefore, Plaintiff has overcome the presumption of non-disclosure, and the evidence at issue is not protected by Fed.R.Civ.P. 6(e)(2). *See In re Grand Jury Subpoenas*, 454 F.3d 511, 522 (6th Cir.2006) (noting that the "discovery exception to grand jury secrecy has been interpreted somewhat broadly"). To hold otherwise would allow Defendant to use the shield of Fed.R.Crim.P. 6(e)(2) as a sword to prevent Plaintiff from obtaining evidence that would be discoverable but for the grand jury proceedings.

**ii. Fed.R.Civ.P. 26(d)(1)**

Plaintiff maintains that Defendant refuses to participate in a Rule 26(f) conference until the outstanding motions have been decided. Plaintiff insists that expedited discovery is necessary to obtain access to the computers before they are returned to Defendant in order to "preserve the integrity of the original material that was seized by the FBI." Plaintiff's proposed subpoena seeks "[a]ll computers, materials, and documents that were seized at Keith Childress' business, Practical Catia."

**\*4** Rule 26(d)(1) prevents a party from seeking discovery materials "from any source before the parties have conferred as required by Rule 26(f) except ... when authorized by these rules, by stipula-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 3602084 (E.D.Mich.)
(Cite as: 2009 WL 3602084 (E.D.Mich.))

Page 4

tion, or by court order." A party must show good cause when seeking expedited discovery prior to a Rule 26(f) conference. *See Arista Records, LLC v. Does 1-4*, No. 1:07-cv-1115, 2007 WL 4178641, at *1 (W.D.Mich. Nov.20, 2008).

The Court finds that Plaintiff has shown good cause for expedited discovery in this matter. Defendant's refusal to file an answer or participate in a Rule 26(f) conference has greatly impeded discovery. Further, Defendant's argument that Plaintiff's proposed subpoena is not "narrowly tailored" is without merit. The Court finds that Plaintiff's request is narrowly tailored to include evidence that is available through civil discovery and relevant to its allegations of copyright infringement.

Therefore, Plaintiff's motion for leave to serve subpoena on the FBI is GRANTED. The Court also GRANTS Plaintiff's motion for a protective order and Privacy Act order, and it will enter Plaintiff's proposed protective order contemporaneously with this order. In addition to the requirements and limitations contained in the protective order, Plaintiff shall not in any manner destroy, alter, or otherwise tamper with Defendant's computers and other materials, and the evidence shall be returned in the same condition as it was received.

**B. Defendant's Motion for Protective Order and to Strike**
Defendant has moved (1) for a protective order barring Plaintiff from acquiring secret grand jury information; and (2) to strike certain paragraphs of Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(f). Plaintiff challenges the motion on several procedural grounds.

**1. Motion for Protective Order**
The Court construes Defendant's motion for a protective order as a request to protect the evidence currently in the possession of the FBI. As discussed *supra*, the seized evidence is not protected by Fed.R.Civ.P. 6(e)(2) as matters occurring before a grand jury. Therefore, Defendant's motion for a protective order is DENIED.

**2. Motion to Strike**
Defendant also requests that the Court strike paragraphs 17, 18, 19, and 21 from Plaintiff's complaint. These paragraphs state as follows:

17. In 2003, Defendant Keith Childress, purchased one license for CATIA® Version 5, Release 12. On information and belief, Defendant Childress and his company were able to crack and clone the Target IDs on the license and clone the software on twenty machines on order to train students on the software.

18. On October 30, 2006, Defendant Childress and his company Practical Catia were raided by the Federal Bureau of Investigation. The Federal Bureau of Investigation confiscated 20 computers with the cloned software which are reproductions of, or derivations of, Plaintiff's CATIA® software. The raid took place at Defendants' office which continues to be located in Algonac, Michigan.

*5 19. Following the raid in Defendants' office, the FBI discovered that computers that were confiscated at Defendants' office had installed thereon Plaintiff's CATIA® Version 5, Release 14 software. Each computer had the same license information and Target ID for the one license Defendants had purchased. The same Target ID on each of the machines indicates that the software was cloned and is a bootlegged copy.

21. On or about April 2007, Defendants requested a license to use the CATIA® software on multiple machines. The request was denied because of the FBI's investigation of Defendant's illegal usage of Plaintiff's software.

In support of his motion to strike, Defendant cites *Finn v. Schiller*, 72 F.3d 1182 (4th Cir.1996), and he avers that many similarities exist between information withdrawn from the record in that case and the information Defendant seeks to strike.

Defendant fails to note a detail of great import-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:10-cv-12094-LPZ-MKM ECF No. 27-2, PageID.590 Filed 04/22/11 Page 6 of 7

Page 5

Slip Copy, 2009 WL 3602084 (E.D.Mich.)
(Cite as: 2009 WL 3602084 (E.D.Mich.))

ance, however, that distinguishes *Finn* from the present case. In *Finn,* the defendant was an Assistant United States Attorney (*i.e.,* a party subject to Rule 6(e)(2)). Plaintiff here is a private corporation not implicated by the restrictions of Rule (6)(e)(2). "No obligation of secrecy can be imposed on any person except those listed in the Rule [ ]." 1 Charles Alan Wright and Andrew D. Leipold, *Federal Practice and Procedure,* § 106 pp. 362-63 (4th ed.2008). That is, Plaintiff cannot be sanctioned under Rule 6(e)(2) for further dissipating secret grand jury material even if the complaint contained such information. *See United States v. Jeter,* 775 F.2d 670, 675 (6th Cir.1985); *In re Polypropylene Carpet Antitrust Litig.,* 181 F.R.D. 680, 689 (N.D.Ga.1998).

Defendant also contends that the allegations in the complaint are "immaterial" and "scandalous" within the meaning of Fed.R.Civ.P. 12(f). Defendant argues that the paragraphs at issue are immaterial because any evidence relating to the FBI search and grand jury investigation is undiscoverable and inadmissible. Pleadings are immaterial when the material contained within "has no essential or important relationship to the claim for relief...." 5C Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure,* § 1382 p. 458 (4th ed.2008). The referenced allegations form the basis of Plaintiff's claim for relief and are therefore material to the pleadings.

Nor are the allegations scandalous within the meaning of Rule 12(f). Under the Rule, "[i]t is not enough that the matter offends the sensibilities of the objecting party of the person who is the subject of the statement in the pleading, if the challenged allegations describe acts or events that are relevant to the action." *Id.* at 466-67. The allegations in the challenged paragraphs are highly relevant to Plaintiff's claim; in fact, striking the paragraphs would eviscerate Plaintiff's cause of action. Therefore, the allegations are not scandalous.

*6 Plaintiff cites other procedural violations to support a denial of Defendant's motion, including Defendant's alleged failure to seek concurrence pursuant to Fed.R.Civ.P. 26(c)(1) and E.D. Mich. L.R. 7.1, and it observes that Defendant is barred from seeking further relief by Fed.R.Civ.P. 12(g)(2) (limiting further Rule 12 motions). The Court finds that the above reasons fully justify the denial of Defendant's motion, and Plaintiff's additional arguments need not be addressed.

### C. Plaintiff's Motion for Default Judgment

Plaintiff has requested that the Court enter a default judgment, noting that Defendant did not comply with the Court's May 22, 2009, order requiring Defendant to file an answer to Plaintiff's complaint within 30 days. Defendant maintains that he did not file his answer because of the outstanding issues that necessitated the current motions.

Defendant violated the Court's direct order that he file his answer within 30 days of the May 22, 2009, order. Accordingly, it is **HEREBY ORDERED** that Defendant **SHOW CAUSE,** in writing, no later than 5 p.m. on Tuesday, November 3, 2009, as to why the Court should not grant Plaintiff's motion for default judgment. Failure to comply with this order may result in the entry of a default judgment and/or the imposition of sanctions. Defendant's response shall contain specific and accurate legal support, including pinpoint citations to authority relied on and shall be limited to five pages and comply with E.D. Mich. L.R. 5.1. Additionally, Defendant shall fax his response to Judge Zatkoff's Chambers in Port Huron, at 810-984-1480.

### *IV. CONCLUSION*

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Protective Order and Privacy Act Order and for Leave to Serve Subpoena on FBI [dkt 12] is GRANTED;

IT IS FURTHER ORDERED that Defendant's Motion for Protective Order and to Strike Certain Information from Complaint [dkt 16] is DENIED;

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 3602084 (E.D.Mich.)
**(Cite as: 2009 WL 3602084 (E.D.Mich.))**

IT IS FURTHER ORDERED that Defendant SHOW CAUSE by 5 p.m. on Tuesday, November 3, 2009, as to why Plaintiff's motion for default judgment [dkt 19] should not be granted.

IT IS SO ORDERED.

E.D.Mich.,2009.
Dassault Systemes, S.A. v. Childress
Slip Copy, 2009 WL 3602084 (E.D.Mich.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.