UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DUPREE, JR., a Colorado Resident,
MICHAEL DUPREE, SR. and DARLENE DUPREE,
his parents, Residents of the Country of Austria,

        Plaintiffs,

vs.

CRANBROOK EDUCATIONAL COMMUNITY,
JOHN J. WINTER and CHARLES SHAW,

        Defendants.

_____/

Case No. 2:10-CV-12094-LPZ-MKM
Hon. Lawrence P. Zatkoff
Magistrate Judge Mona K. Majzoub

Christopher R. Sciotti (P33501)
Attorneys for Plaintiffs
24825 Little Mack
St. Clair Shores, MI 48080
(586) 779-7810

Russell S. Linden (P34863)
Tara E. Mahoney (P68697)
Honigman Miller Schwartz and Cohn LLP
Attorneys for Defendants
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7466

_____/

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR
LEAVE TO RE-FILE PLAINTIFFS' AMENDED COMPLAINT
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(A)</u>**

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................................. i

TABLE OF AUTHORITIES ...................................................................................... ii

CONCISE STATEMENT OF ISSUES PRESENTED................................................. iv

STATEMENT OF MOST CONTROLLING AUTHORITY .......................................v

I.      INTRODUCTION ...........................................................................................1

II.     STATEMENT OF MATERIAL FACTS ........................................................1

III.    ARGUMENT ...................................................................................................2

      A.      Plaintiffs' Untimely Motion Must be Denied Because They Cannot
            Establish Good Cause ..........................................................................2

      B.      Plaintiffs' Untimely Motion Must be Denied Because It Would Prejudice
            Defendants ...........................................................................................4

      C.      Plaintiffs' Motion Should be Denied Because Leave is Sought in Bad
            Faith and for Dilatory Motives ...........................................................6

      D.      Plaintiffs' Motion Should be Denied Because the Amendment Would be
            Futile ...................................................................................................7

IV.     CONCLUSION................................................................................................8

## TABLE OF AUTHORITIES

**Cases**

*AT&T Capital Services, Inc. v. Shore Financial Services, Inc.*,
　　No. 09-cv-1360, 2010 WL 2649874 (N.D. Ill. June 20, 2010) ......................................... 7

*Bridgeport Music, Inc. v. Dimension Films*,
　　410 F.3d 792 (6th Cir. 2005) ............................................................................................ 5

*Cascade Elec. Co. v. Rice*,
　　70 Mich. App. 420; 245 N.W.2d 774 (1976) .................................................................... 8

*Duggins v. Steak 'N Shake, Inc.*,
　　195 F.3d 828 (6th Cir. 1999) ............................................................................................ 5

*Ferrell v. Busbee*,
　　91 F.R.D. 225 (D.C. G.A. 1981) ....................................................................................... 6

*Foman v. Davis*,
　　371 U.S. 178 (1962) ........................................................................................................... 6

*Gorman v. Colosky*,
　　No. 268650, 2006 WL 2355080 (E.D. Mich. Aug. 15, 2006) ........................................... 7

*Huhtala v. Travelers Ins. Co.*,
　　401 Mich. 118; 257 N.W.2d 640 (1977) ........................................................................... 8

*Inge v. Rock Financial Corp.*,
　　388 F.3d 930 (6th Cir. 2004) ............................................................................................ 3

*Invensys Inc. v. American Manufacturing Corp.*,
　　No. Civ. A. 04-3744 (E.D. P.A. March 15, 2005) ............................................................ 7

*Janikowski v. Bendix Corp.*,
　　823 F.2d 945 (6th Cir. 1987) ............................................................................................ 3

*Leary v. Daeschner*,
　　349 F.3d 888 (6th Cir. 2003) ............................................................................................ 3

*Priddy v. Edelman*,
　　883 F.2d 438 (6th Cir. 1989) ............................................................................................ 5

ii

*Reisner v. General Motors Corp.*,
    511 F. Supp. 1167 (D.C. N.Y. 1981) ................................................................................. 6

*Rowry v. Univ. of Michigan,*
    441 Mich. 1; 490 N.W.2d 305 (1992) ............................................................................... 7

*Sinay v. Lamson & Sessions Co.,*
    948 F.2d 1027 (6th Cir. 1991) .......................................................................................... 7

*Terry Barr Sales Agency, Inc. v. All-Lock Co., Inc.,*
    96 F.3d 174 (6th Cir. 1996) .............................................................................................. 8

*Wade v. Knoxville Utilities Board,*
    259 F.3d 452 (6th Cir. 2001) ....................................................................................... 3, 4

*Winget v. JP Morgan Chase Bank, N.A.,*
    537 F.3d 565 (6th Cir. 2008) ........................................................................................... 7

## CONCISE STATEMENT OF ISSUES PRESENTED

1.  WHETHER PLAINTIFFS SHOULD BE GRANTED LEAVE TO RE-FILE THEIR AMENDED COMPLAINT WHERE THEY HAVE NOT ESTABLISHED GOOD CAUSE FOR THEIR DELAY?

        Defendants say:        No

        Plaintiffs say:         Yes

        This Court should say:     No

2.  WHETHER PLAINTIFFS SHOULD BE GRANTED LEAVE TO RE-FILE THEIR AMENDED COMPLAINT WHERE DEFENDANTS WOULD BE PREJUDICED IF LEAVE IS GRANTED?

        Defendants say:        No

        Plaintiffs say:         Yes

        This Court should say:     No

3.  WHETHER PLAINTIFFS SHOULD BE GRANTED LEAVE TO RE-FILE THEIR AMENDED COMPLAINT WHERE FILING IS (A) SOUGHT IN BAD FAITH AND/OR FOR DILATORY MOTIVE AND (B) FUTILE?

        Defendants say:        No

        Plaintiffs say:         Yes

        This Court should say:     No

## STATEMENT OF MOST CONTROLLING AUTHORITY

*Bridgeport Music, Inc. v. Dimension Films*,
     410 F.3d 792 (6th Cir. 2005)

*Duggins v. Steak 'N Shake, Inc.*,
     195 F.3d 828 (6th Cir. 1999)

*Foman v. Davis*,
     371 U.S. 178 (1962)

*Huhtala v. Travelers Ins. Co.*,
     401 Mich. 118; 257 N.W.2d 640 (1977)

*Leary v. Daeschner*,
     349 F.3d 888 (6th Cir. 2003)

*Priddy v. Edelman*,
     883 F.2d 438 (6th Cir. 1989)

*Sinay v. Lamson & Sessions Co.*,
     948 F.2d 1027 (6th Cir. 1991)

*Wade v. Knoxville Utilities Board*,
     259 F.3d 452 (6th Cir. 2001)

*Winget v. JP Morgan Chase Bank, N.A.*,
     537 F.3d 565 (6th Cir. 2008)

## I.     INTRODUCTION

This case was filed on May 25, 2010 and was premised on alleged wrongdoing by Defendants Cranbrook Educational Community, John J. Winter and Charles Shaw (collectively, "Defendants") dating back to 2004.   Almost a year after filing their Complaint and after extensive discovery, including the depositions of Plaintiffs Michael Dupree, Sr., Darlene Dupree and Michael Dupree, Jr. (collectively, "Plaintiffs"), and after Defendants filed their motion for summary judgment and reply brief, Plaintiffs now belatedly seek leave to file an Amended Complaint adding a new "claim" of specific performance and/or equitable relief.   Plaintiffs' motion for leave to re-file Plaintiffs' Amended Complaint should be denied because: (1) they cannot establish good cause for the delay in filing their motion; (2) Defendants would be prejudiced; (3) they have acted in bad faith and for a dilatory motive; and (4) amendment would be futile.

## II.     STATEMENT OF MATERIAL FACTS

On May 25, 2010, Plaintiffs filed their Complaint alleging claims for: (1) fraud and misrepresentation; (2) mail fraud; (3) wire fraud; (4) extortion; (5) Racketeer Influenced and Corrupt Organizations Act ("RICO") violation; (6) breach of contract; and (7) attorney fees. *See* Complaint, Docket Number 1.

On September 24, 2010, Plaintiffs filed a stipulation allowing the filing of an Amended Complaint and also filed the Amended Complaint which sought to add a claim for specific performance and/or equitable relief.  Docket Numbers 12, 13.  On September 27, 2010, the Court issued an order striking the stipulation allowing the filing of the Amended Complaint.  Docket Number 14.   After entry of that order, Plaintiffs never attempted to re-file their Amended Complaint.  The Amended Complaint never was served on Defendants.

The parties engaged in extensive discovery including the depositions of all Plaintiffs. During those depositions, Plaintiffs were questioned about their claims in reliance on the only properly-filed and served complaint – the original Complaint filed on May 25, 2010. *See* Exhibit 1, Deposition of Darlene Dupree ("Dupree Dep.") at 64-76 and Dupree Dep. Exhibit 3; Exhibit 2, Deposition of Michael Dupree, Sr. at 16, 87-88, 96, 98.

Discovery closed on January 31, 2011. Docket Number 17. Defendants filed their summary judgment motion on the dispositive motion deadline of March 2, 2011. Docket Numbers, 19, 21. Plaintiffs filed their response on March 22, 2011. Docket Number 22. In that response, Plaintiffs "withdrew" all of their federal claims; mail fraud, wire fraud, extortion and RICO. *Id.* at 15. Plaintiffs, relying on their stricken Amended Complaint, sought specific performance and equitable relief. *Id.* at 17. On April 5, 2011, Defendants in their reply brief noted that the Amended Complaint never was properly filed or served and that no specific performance and/or equitable relief claim existed. Docket Number 24 at 4.

On April 12, 2011, or more than six months after their Amended Complaint was stricken, Plaintiffs have now filed this motion. Plaintiffs' proposed Amended Complaint, however, is not identical to the one previously stricken. Plaintiffs' proposed Amended Complaint only includes claims of: (1) fraud and misrepresentation; (2) breach of contract; and (3) specific performance and/or equitable relief. Plaintiffs' motion, Exhibit 4.

### III.   ARGUMENT

#### A. PLAINTIFFS' UNTIMELY MOTION MUST BE DENIED BECAUSE THEY CANNOT ESTABLISH GOOD CAUSE

Fed. R. Civ. P. 15(a) typically governs amending pleadings except where as here, the time for amending has expired. Instead, Plaintiffs must establish, pursuant to Fed. R. Civ. P. 16,

good cause for such amendment.[1]  Fed. R. Civ. P. 16(b) provides that "[a] schedule *shall not be modified except upon a showing of good cause* and by leave of the district judge . . ."  (emphasis added).  As the Sixth Circuit has explained, "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)."  *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *see also Wade v. Knoxville Utilities Board*, 259 F.3d 452, 459 (6th Cir. 2001) (holding that "[w]hen amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier").

Good cause "is measured by the movant's diligence in attempting to meet the case management order's requirements," and a plaintiff establishes good cause by "showing that despite their diligence they could not meet the original deadline."  *Leary*, 349 F.3d at 906, 907. In *Leary*, the plaintiffs could not justify their delay in seeking amendment because although they were "obviously aware of the basis of the claim for many months," they "failed to pursue the claim until after it was brought to their attention by [the defendant's] final summary judgment motion."  *Id.* at 908.

Here, as in *Leary*, Plaintiffs have offered no justification for their delay in now seeking leave to file their Amended Complaint.  Instead, Plaintiffs simply state that "Plaintiffs' counsel

---

[1] Plaintiffs admit that their "motion for leave to amend is outside the time parameters set by this Court's scheduling order, considerations relevant to both Rule 15(a) and Rule 16(b) must be addressed."  Plaintiffs' motion at 8.  As such, Plaintiffs' reliance on *Janikowski v. Bendix Corp.*, 823 F.2d 945 (6th Cir. 1987) is misplaced.  In *Janikowski*, the plaintiff timely moved to amend his complaint within the original motion cutoff date which meant he did not have to establish good cause under Fed. R. Civ. P. 16(b).  *Janikowski*, 823 F.2d at 951.  Similarly misplaced is Plaintiffs' reliance on *Inge v. Rock Financial Corp.*, 388 F.3d 930 (6th Cir. 2004) for the broad proposition "that cases should be tried on their merits rather than technicalities of pleadings . . ."  Plaintiffs' motion at 7.  Plaintiffs ignore the fact that the Inge court held that denying the plaintiff's motion for leave to file a fourth amended complaint was proper because the defendant would have been prejudiced as significant discovery had been completed and the dispositive motion cut-off date expired.  The *Inge* court also found the amendment would be futile.  *Inge*, 388 F.3d at 937-938.

3

mistakenly did not understand that the Amended Complaint was technically not filed, since he received a copy of the filed Amended Complaint from the ECF System." Plaintiffs' motion at 6. Plaintiffs do not address the fact that they also received notification through the ECF System that the stipulation allowing the filing of the Amended Complaint had been stricken on September 27, 2010. Further, contrary to Plaintiffs' unsupported assertion, discovery was not conducted as if the Amended Complaint had been filed. During the discovery process, no one relied on the Amended Complaint, and, in fact, Plaintiffs were questioned only about the original Complaint. As in *Leary*, it was not until Defendants stated in their reply brief that an amended complaint had not been filed or served that Plaintiffs belatedly filed this motion. Clearly, Plaintiffs cannot establish that they acted diligently. Because Plaintiffs cannot establish good cause at this late date, their motion should be denied.

### B. PLAINTIFFS' UNTIMELY MOTION MUST BE DENIED BECAUSE IT WOULD PREJUDICE DEFENDANTS

Prejudice to the defendant is an important consideration in determining whether an amended complaint should be permitted when such amendment is sought after the deadline for doing so has expired. As noted in *Leary v. Daeschner*, *supra*, "in addition to Rule 16's explicit 'good cause' requirement, we hold that a determination of the potential prejudice to the nonmovant also is required when a district court decides whether or not to amend a scheduling order." *Leary*, 349 F.3d at 909.

Courts have concluded prejudice would occur when amendment is sought after the completion of discovery and filing of summary judgment motions. In *Wade v. Knoxville Utilities Board*, *supra*, the plaintiff sought leave to amend his complaint after discovery had closed and summary judgment motions had been filed. *Wade*, 259 F.3d 452, 459. The Sixth Circuit

affirmed the district court's denial of the plaintiff's motion for leave to amend finding that

prejudice would result because "[t]he dispositive motion deadline has already past, the defendant

has filed a motion for summary judgment on all claims alleged in the original complaint . . .

[and] significant discovery has been completed . . ." *Id.*  Similarly, in *Priddy v. Edelman*, 883

F.2d 438, 446 (6th Cir. 1989), the Sixth Circuit affirmed denying the plaintiff's motion to amend

the complaint which was filed approximately six weeks after the summary judgment motion

deadline noting that:

> A party is not entitled to wait until the discovery cutoff date has
> passed and a motion for summary judgment has been filed on the
> basis of claims asserted in the original complaint before
> introducing entirely different legal theories in an amended
> complaint.

*Priddy*, 883 F.2d at 446.  The court also could not excuse the delay in seeking leave to file the

amended complaint when the amendment was "based on precisely the same facts but asserting

new theories of recovery."  *Id.; see also Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th

Cir. 1999) (defendant would be prejudiced by the amendment where the "plaintiff was obviously

aware of the basis of the claim for many months . . . [and] delayed pursuing this claim until after

discovery had passed, the dispositive motion deadline had passed, and a motion for summary

judgment had been filed."); *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792 (6th Cir.

2005).

Defendants here would similarly be prejudiced if Plaintiffs were permitted to file an

Amended Complaint at this late stage in the litigation.  Discovery has been complete since

January 31, 2011, and Defendants' summary judgment motion has been fully briefed and awaits

decision by this Court.  If Plaintiffs' motion was granted, discovery would need to be re-opened,

depositions would have to be taken and Defendants would need to file another summary

judgment motion on Plaintiffs' baseless specific performance/equitable relief claim.[2] Clearly, Plaintiffs' motion should be denied.

## C. PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE LEAVE IS SOUGHT IN BAD FAITH AND FOR DILATORY MOTIVES

If the Court chooses to look past the untimeliness of Plaintiffs' motion and their failure to establish good cause, ample other reasons exist to deny their motion. In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court interpreted the language of Fed. R. Civ. P. 15(a) that leave to amend "shall be freely given when justice so requires," but such a motion should be denied if leave was sought in bad faith, the movant acted dilatorily or the amendment would be futile. Application of these standards here establish that Plaintiffs' motion should be denied.

Here, Plaintiffs have offered no legitimate explanation for their dilatoriness in seeking leave. If Plaintiffs are attempting to forestall a ruling on Defendants' summary judgment motion, such action would constitute bad faith and require denying Plaintiffs' motion. *See Reisner v. General Motors Corp.*, 511 F. Supp. 1167, 1172 (D.C. N.Y. 1981) (holing that the plaintiff proposing a new pleading in an attempt to forestall a ruling on the defendant's summary judgment motion is considered bad faith and justifies denying a motion for leave to file an amended complaint). Further, attempting to excuse their delay because of "inadvertence and mistake" and only moving for leave to amend once Defendants pointed out their "amended complaint" had been stricken evidences dilatory motive. *See Ferrell v. Busbee*, 91 F.R.D. 225, 231-232 (D.C. G.A. 1981). Moreover, as discussed below, Plaintiffs' proposed amendment

---

[2] Any claim by Plaintiffs that Defendants' prior stipulation in September, 2010 somehow negates the prejudice lacks merit. Defendants agreed to the stipulation over six months ago. Once the Court struck the stipulation and Defendants were never served with the Amended Complaint, Defendants conducted discovery and filed their motion for summary judgment based on the only properly-filed and served complaint. Defendants would not now stipulate to any request to amend at this late date because of the significant prejudice they would suffer if such amendment is allowed.

would be futile.  Defendants' counsel advised Plaintiffs' counsel of the futility of the amendment prior to Plaintiffs filing their motion, but Plaintiffs proceeded to file it anyway.  Based on the circumstances, Plaintiffs' unexplained delay in seeking leave may be in bad faith and for a dilatory motive.

### D.  PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THE AMENDMENT WOULD BE FUTILE

Motions for leave to amend should be denied where the proposed amendment would be futile.  *Foman*, 371 U.S. at 182; *see also Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008).  Stated differently, amendments should not be allowed if the amended complaint would not withstand a Fed. R. Civ. P. 12(b)(6) motion.  *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1027, 1041-1042 (6th Cir. 1991).  Plaintiffs' new claims would not survive such a challenge.

Here, without citation to any authority, Plaintiffs state that the Amended Complaint would not be futile "as specific performance and equity are viable claims in this case."  Plaintiffs' motion at 9.  In fact, neither specific performance nor equitable relief are recognized causes of action.  Instead, "specific performance of a contract [is] a purely equitable remedy," and incidental to a breach of contract claim; a claim pled in Plaintiffs' original Complaint.  *Rowry v. Univ. of Michigan*, 441 Mich. 1, 9; 490 N.W.2d 305 (1992); *see also Gorman v. Colosky*, No. 268650, 2006 WL 2355080 (E.D. Mich. Aug. 15, 2006) (attached as Exhibit 3) ("specific performance of a contract is an equitable remedy").[3]  Plaintiffs' Amended Complaint

---

[3] *See also AT&T Capital Services, Inc. v. Shore Financial Services, Inc.*, No. 09-cv-1360, 2010 WL 2649874 (N.D. Ill. June 20, 2010) (attached as Exhibit 4)  (holding that "injunctive relief and specific performance are remedies, not independent causes of action"); *Invensys Inc. v. American Manufacturing Corp.*, No. Civ. A. 04-3744 (E.D. P.A. March 15, 2005) (attached as Exhibit 5) (holding that "specific performance is not itself a claim, but rather an equitable remedy available to a party who was damaged by another's breach of contract and has no adequate remedy at law").

only seeks to add specific performance and/or equitable relief which are not recognized causes of action and accordingly should be dismissed pursuant to a Fed. R. Civ. P. 12(b)(6) motion.

Further, if Plaintiffs attempt to cast their Amended Complaint as seeking relief for promissory estoppel, that amendment also would be futile. The statute of limitations for a promissory estoppel claim is six years. *Huhtala v. Travelers Ins. Co.*, 401 Mich. 118, 125; 257 N.W.2d 640 (1977). Here, Plaintiffs' claim accrued at the time of his dismissal (June 1, 2004), and the filing of the Amended Complaint now would be outside the statute of limitations since more than six years has passed. Moreover, it is well established that "[w]hile an express contract is in force between the parties, a contract cannot be implied in law." *Cascade Elec. Co. v. Rice*, 70 Mich. App. 420, 426; 245 N.W.2d 774 (1976); *see also Terry Barr Sales Agency, Inc. v. All-Lock Co., Inc.*, 96 F.3d 174, 181 (6th Cir. 1996). The parties agree that the Enrollment Contract entered into between the parties is such an express contract. Thus, amendment would be futile.

## IV.  CONCLUSION

Based on the foregoing, Defendants Cranbrook Educational Community, John J. Winter and Charles Shaw respectfully request that Plaintiffs' motion for leave to re-file Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a) be denied and the Court grant such other relief deemed appropriate, including awarding reasonable costs incurred in responding to the motion.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Defendants


By:/s/ Russell S. Linden _____
       Russell S. Linden (P34863)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7466

Dated:  April 22, 2011

9

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 22, 2011, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Defendants

By:/s/ Russell S. Linden _____
  Russell S. Linden (P34863)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7466
rlinden@honigman.com

Dated:  April 22, 2011

9026252.2