# Exhibit 3

Westlaw.

Not Reported in N.W.2d, 2006 WL 2355080 (Mich.App.)
**(Cite as: 2006 WL 2355080 (Mich.App.))**

**H**

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

Court of Appeals of Michigan.
Mark GORMAN, Plaintiff-Appellant,
v.
Rena COLOSKY, Defendant-Appellee.

Docket No. 268650.
Aug. 15, 2006.

Kent Circuit Court; LC No. 05-010012-CK.

Before: WHITBECK, C.J., and HOEKSTRA and
WILDER, JJ.

[UNPUBLISHED]
PER CURIAM.

**\*1** Plaintiff Mark Gorman appeals as of right
from the trial court's order denying his motion for
summary disposition and granting summary dispos-
ition in favor of defendant Rena Colosky and from
the trial court's order denying his motion for recon-
sideration. Gorman had sought specific perform-
ance of a contract for the sale of real property. We
affirm, albeit on grounds different than the trial
court. We decide this appeal without oral argument.
FN1

FN1. MCR 7.214(E).

I. Basic Facts And Procedural History

At issue is the enforceability of a written agree-
ment for Colosky's sale of vacant land to Gorman.
The document provides as follows:

Received one hundred dollars deposit toward pur-
chase of 30 acre parcel known as 4444 Egypt
Valley Ave. Ada, Mi. Total purchase price to be
$8000 per acre, subject to clear title.

A standard purchase agreement and sales agree-
ment to be executed within 30 days.

The agreement is dated August 24, 2005, and is
signed by Gorman as "Buyer," by Colosky as
"Owner," and by Colosky's adult son, as a
"witness."

Gorman filed a complaint seeking specific per-
formance of the contract, alleging that Colosky had
refused to have any contact with him following the
execution of the contract, and that she had notified
him of her intention not to enter into a more definit-
ive purchase and sale agreement or to close on the
sale of the property.

The trial court denied Gorman's subsequent
motion for summary disposition and sua sponte
entered summary disposition in favor of Colosky on
the ground that the subject document constituted a
"contract to contract" that was void for failure to
contain all of the essential terms of the proposed
contract.

II. Contract Requirements
A. Standard Of Review

We review de novo the grant or denial of a mo-
tion for summary disposition. FN2 A motion under
MCR 2.116(C)(10) tests the factual support of a
plaintiff's claim. FN3 "When a motion under [MCR
2.116(C)(10) ] is made and supported as provided
in this rule, an adverse party may not rest upon the
mere allegations or denials of his or her pleading,
but must, by affidavits or as otherwise provided in
this rule, set forth specific facts showing that there
is a genuine issue for trial." FN4 The trial court
may grant summary disposition under MCR
2.116(C)(10) if, considering the substantively ad-
missible evidence in a light most favorable to the
nonmoving party, there is no genuine issue con-
cerning any material fact and the moving party is
entitled to judgment as a matter of law .FN5

FN2. *Kreiner v. Fischer*, 471 Mich. 109,

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.W.2d, 2006 WL 2355080 (Mich.App.)
**(Cite as: 2006 WL 2355080 (Mich.App.))**

129; 683 NW2d 611 (2004); *Tipton v. William Beaumont Hosp,* 266 Mich.App 27, 32; 697 NW2d 552 (2005).

FN3. *Lind v. Battle Creek,* 470 Mich. 230, 238; 681 NW2d 334 (2004).

FN4. MCR 2.116(G)(4).

FN5. *Lind, supra* at 238.

The proper interpretation of a contract is also a question of law that we review de novo,[FN6] as is the issue " 'whether the statute of frauds bars enforcement of a purported contract." '[FN7] The primary goal of contract interpretation is to determine and enforce the parties' intent by reading the agreement as a whole and attempting to apply the plain language of the contract itself.[FN8]

FN6. *Schmalfeldt v. North Pointe Ins Co,* 469 Mich. 422, 426; 670 NW2d 651 (2003); *Archambo v. Lawyers Title Ins Corp,* 466 Mich. 402, 408; 646 NW2d 170 (2002).

FN7. *Kelly-Stehney & Associates, Inc v MacDonald's Industrial Products, Inc,* 265 Mich.App 105, 110; 693 NW2d 394 (2005), quoting *Zander v. Ogihara Corp,* 213 Mich.App 438, 441; 540 NW2d 702 (1995).

FN8. *Old Kent Bank v. Sobczak,* 243 Mich.App 57, 63; 620 NW2d 663 (2000).

Gorman's claim in this case is one for specific performance. Specific performance of a contract is an equitable remedy.[FN9] We review de novo the trial court's decision whether to grant equitable relief, but we review foe clear error the trial court's findings of fact.[FN10] "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed."[FN11]

FN9. *Rowry v. Univ of Mich,* 441 Mich. 1, 9; 490 NW2d 305 (1992).

FN10. *McFerren v B & B Investment Group (After Remand),* 253 Mich.App 517, 522; 655 NW2d 779 (2002).

FN11. *Walters v. Snyder,* 239 Mich.App 453, 456; 608 NW2d 97 (2000).

B. Enforceable Contract

**\*2** We conclude that the trial court erred to the extent that it characterized the parties' contract as an agreement to enter into a future contract and determined that the contract was void for indefiniteness because it failed to contain an essential term to be incorporated into the future contract. "Contract to contract" cases generally involve either mere letters of intent, pre-contractual negotiations, or circumstances in which one party clearly indicated an intent not to be bound until the execution of a more definitive agreement, are inapposite.[FN12] In contrast, the document here constituted a present contract for the sale of Colosky's real property, and the standard purchase agreement requirement simply constituted one of several obligations under the executory contract.

FN12. **See** *Opdyke Investment Co v. Norris Grain Co,* 413 Mich. 354, 359; 320 NW2d 836 (1982), citing *Socony-Vacuum Oil Co v. Waldo,* 289 Mich. 316, 323; 286 NW 630 (1939) ("a contract to make a contract can fail for indefiniteness if the trier of fact finds that it does not include an essential term to be incorporated into the final contract"); see also *Heritage Broadcasting Co v Wilson Communications, Inc,* 170 Mich.App 812, 818; 428 NW2d 784 (1988); *Scholnick's Importers-Clothiers, Inc v Lent,* 130 Mich.App 104; 343 NW2d 249 (1983); *Angelo DiPonio Equip Co v. Dep't of State Highways,* 107 Mich.App 756; 309 NW2d 566 (1981).

Nevertheless, because we conclude that Gor-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.W.2d, 2006 WL 2355080 (Mich.App.)
**(Cite as: 2006 WL 2355080 (Mich.App.))**

man cannot prevail in his claim for specific performance, we affirm the trial court's grant of summary disposition in favor of Colosky.[FN13]

> FN13. See *Grand Trunk Western R, Inc v. Auto Warehousing Co,* 262 Mich.App 345, 354; 686 NW2d 756 (2004) (noting that a trial court order will not be reversed "if the court reached the right result for the wrong reason").

### III. Nonperformance

The equitable remedy of specific performance will not be granted if the party seeking the decree has breached a material term of the contract or has not tendered full performance.[FN14] Here, it is undisputed that the "standard purchase agreement" called for by the parties' contract was never tendered or executed. Gorman claims that he cannot be faulted for this failure of performance because he was at all times ready, able, and willing to pay the purchase price, and because it was Colosky who refused to have any contact with him following execution of the contract. However, "[a]n offer to close, unaccompanied by the necessary payment, does not constitute the legal tender" required to entitle a party to specific performance.[FN15] Moreover, although Gorman is correct in his assertion that a party to a contract cannot avoid liability on the basis of the adverse party's failure to perform where he himself is the cause for such nonperformance,[FN16] Gorman has failed to establish a genuine issue of material fact with respect to the reason for his nonperformance. In response to the assertion in Gorman's complaint and affidavit that, "[f]ollowing the execution of the contract, [defendant] refused to have any contact with me," Colosky submitted her own unrebutted affidavit, in which she stated that Gorman never presented a purchase agreement to her and that he did not even contact her relative to the transaction until *after* the expiration of the 30-day period called for in the contract.

> FN14. *Sterling v. Fisher,* 356 Mich. 634, 640; 97 NW2d 64 (1959); *Derosia v. Austin,* 115 Mich.App 647, 652; 321 NW2d

760 (1982).

> FN15. *Derosia, supra* at 652.

> FN16. See, e.g., *Barton v. Gray,* 57 Mich. 622, 636; 24 NW 638 (1885); *Stanton v. Dachille,* 186 Mich.App 247, 258; 463 NW2d 479 (1990); *Pollock v. Fire Ins Exchange,* 167 Mich.App 415, 422; 423 NW2d 234 (1988); *Woody v. Tamer,* 158 Mich.App 764, 772; 405 NW2d 213 (1987).

In short, Gorman has failed to set forth any evidence whatsoever that Colosky, during the 30-day period following execution of the contract, interfered with his ability to perform the "standard purchase agreement" requirement. Gorman asserts that he was not obligated to furnish a more definitive purchase agreement because that duty was not allocated to either party. However, Gorman was obligated under the contract to execute such an agreement and he failed to do so. Accordingly, because Gorman failed to tender full performance, he is not entitled to specific performance, and his motion for summary disposition was properly denied.[FN17] Similarly, because Gorman failed to establish the existence of a genuine issue of material fact with admissible evidence, summary disposition in favor of Colosky was properly granted under MCR 2.116(I)(2), which authorizes a court to grant judgment to the nonmoving party "[i]f the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact."[FN18] Finally, because Gorman failed to "demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error,"[FN19] the trial court did not abuse its discretion in denying Gorman's motion for reconsideration.[FN20]

> FN17. *Sterling, supra* at 640; *Derosia, supra* at 652.

Not Reported in N.W.2d, 2006 WL 2355080 (Mich.App.)
**(Cite as: 2006 WL 2355080 (Mich.App.))**

FN18. MCR 2.116(I)(1).

FN19. MCR 2.119(F)(3).

FN20. *Churchman v. Rickerson,* 240
Mich.App 223, 233; 611 NW2d 333 (2000)
.

**\*3** Affirmed.

Mich.App.,2006.
Gorman v. Colosky
Not Reported in N.W.2d, 2006 WL 2355080
(Mich.App.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.