UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DUPREE, JR., a Colorado Resident,
MICHAEL DUPREE, SR. and DARLENE DUPREE,
his parents, Residents of the Country of Austria,

               Plaintiffs,

vs.

CRANBROOK EDUCATIONAL COMMUNITY,
JOHN J. WINTER and CHARLES SHAW,

               Defendants.

_____/

Case No. 2:10-CV-12094-LPZ-MKM
Hon. Lawrence P. Zatkoff
Magistrate Judge Mona K. Majzoub

| | |
|---|---|
| Christopher R. Sciotti (P33501) | Russell S. Linden (P34863) |
| Attorneys for Plaintiffs | Tara E. Mahoney (P68697) |
| 24825 Little Mack | Honigman Miller Schwartz and Cohn LLP |
| St. Clair Shores, MI 48080 | Attorneys for Defendants |
| (586) 779-7810 | 2290 First National Building |
| | 660 Woodward Avenue |
| | Detroit, MI 48226-3506 |
| | (313) 465-7466 |

_____/

## DEFENDANTS' MOTION *IN LIMINE* TO
## BAR PLAINTIFFS FROM OFFERING EVIDENCE OF ANY DAMAGES

Defendants Cranbrook Educational Community, John J. Winter and Charles Shaw (collectively, "Defendants"), move *in limine* for an order precluding Plaintiffs Michael Dupree, Jr., Michael Dupree, Sr. and Darlene Dupree (collectively, "Plaintiffs") from offering any evidence at trial regarding Plaintiffs' alleged economic or non-economic damages.

On March 22, 2011, Plaintiffs filed their Response and Brief Opposing Defendants' Motion for Summary Judgment ("Response").  In that Response, Plaintiffs requested only that the Court deny in part and grant in part Defendants' motion and "[e]nter an order compelling Defendant to issue Plaintiff, Michael Dupree, Jr. a high school diploma." *See* Dkt. No. 22, pp. 2, 7, 17.  Further, at the March 15, 2012 hearing on Defendants' summary judgment motion, Plaintiffs' counsel stated, "the only relief we're requesting is that the Court enter an order compelling the defendants to issue him a diploma."  Exhibit 1, Transcript of Hearing on Defendant's [sic] Motion for Summary Judgment ("Trans."), pp. 31-32.  Plaintiffs' counsel reiterated that "[a]ll we're asking is that the Court issue Michael Dupree a diploma." *Id.* at 34. Accordingly, Plaintiffs should not now be permitted to present evidence regarding any alleged damages as they seek only equitable relief.  In further support of their motion, Defendants rely on the attached brief.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP

Attorneys for Defendants

By:/s/ Russell S. Linden _____
     Russell S. Linden (P34863)
     Tara E. Mahoney (P68697)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7466

Dated:  July 25, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL DUPREE, JR., a Colorado Resident,
MICHAEL DUPREE, SR. and DARLENE DUPREE,
his parents, Residents of the Country of Austria,

        Plaintiffs,                              Case No. 2:10-CV-12094-LPZ-MKM
                                                    Hon. Lawrence P. Zatkoff
vs.                                         Magistrate Judge Mona K. Majzoub

CRANBROOK EDUCATIONAL COMMUNITY,
JOHN J. WINTER and CHARLES SHAW,

        Defendants.

_____/


Christopher R. Sciotti (P33501)          Russell S. Linden (P34863)
Attorneys for Plaintiffs                Tara E. Mahoney (P68697)
24825 Little Mack                       Honigman Miller Schwartz and Cohn LLP
St. Clair Shores, MI 48080            Attorneys for Defendants
(586) 779-7810                        2290 First National Building
                                    660 Woodward Avenue
                                    Detroit, MI 48226-3506
                                    (313) 465-7466


_____/


**BRIEF IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO
BAR PLAINTIFFS FROM OFFERING EVIDENCE OF ANY DAMAGES**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

ISSUE PRESENTED ............................................................................................................ iii

INTRODUCTION ................................................................................................................1

MATERIAL FACTS ............................................................................................................1

ARGUMENT ......................................................................................................................2

CONCLUSION....................................................................................................................2

## <u>TABLE OF AUTHORITIES</u>

### Cases

*Macaulay v. Anas,* 321 F.3d 45 (1st Cir. 2003) ............................................................. 2

*United States v. Burns*, 109 Fed. Appx. 52 (6th Cir. 2004) ........................................... 2

## <u>ISSUE PRESENTED</u>

Whether Plaintiffs should be precluded from presenting evidence of their alleged damages at trial when they have represented to this Court multiple times that they only seek equitable relief in the form of issuance of a diploma?

## INTRODUCTION

Plaintiffs Michael Dupree, Jr. ("Dupree Jr."), Michael Dupree, Sr. ("Dupree Sr.") and Darlene Dupree ("Mrs. Dupree") (collectively, "Plaintiffs"), should be precluded from presenting any evidence of their alleged economic or non-economic damages at trial because they have represented to this Court on numerous occasions that the only relief they are seeking is issuance of a diploma which is an equitable remedy.

## MATERIAL FACTS

On May 25, 2010, Plaintiff Dupree Jr. and his parents, Michael Dupree, Sr. and Mrs. Dupree filed this lawsuit alleging claims arising from Dupree Jr.'s dismissal from Cranbrook Educational Community ("Cranbrook") during his senior year in June, 2004 for violating the terms of his probation. In their complaint, Plaintiffs alleged claims against Cranbrook, John J. Winter ("Winter") and Charles Shaw ("Shaw") (collectively, "Defendants") for (1) fraud and misrepresentation, (2) mail fraud, (3) wire fraud, (4) extortion, (5) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and (6) breach of contract.

On March 2, 2011, Defendants filed their motion for summary judgment seeking dismissal of all of Plaintiffs' claims. On March 22, 2011, Plaintiffs filed their Response and Brief Opposing Defendants' Motion for Summary Judgment ("Response"). In that Response, Plaintiffs requested only that the Court deny in part and grant in part Defendants' motion and "[e]nter an order compelling Defendant to issue Plaintiff, Michael Dupree, Jr. a high school diploma." *See* Dkt. No. 22, pp. 2, 7, 17.

On March 15, 2012, the Court held oral argument on Defendants' summary judgment motion. During oral argument, Plaintiffs' counsel stated, "the only relief we're requesting is that the Court enter an order compelling the defendants to issue him a diploma." Exhibit 1, Transcript of Hearing on Defendant's [sic] Motion for Summary Judgment ("Trans."), pp. 31-32.

Plaintiffs' counsel reiterated during the hearing that "[a]ll we're asking is that the Court issue Michael Dupree a diploma." *Id.* at 34.

## ARGUMENT

Based on Plaintiffs' multiple representations to this Court regarding the only relief they seek – issuance of a diploma – they should be precluded from presenting any evidence at trial regarding alleged economic or non-economic damages. In *United States v. Burns*, 109 Fed. Appx. 52, 58 (6th Cir. 2004), the Sixth Circuit explained that courts "have discretion to consider a statement made in a brief to be a judicial admission, binding on both this court and the trial court." Further, an attorney's statements qualify as judicial admissions where, as here, they are "deliberate, clear and unambiguous." *Id.* Plaintiffs unequivocally have represented to this Court on at least three occasions that the only relief they seek is for Cranbrook to issue a diploma to Dupree Jr, which is an equitable remedy. As detailed above, Plaintiffs' made this unequivocal representation in their Response and at least twice during oral argument on Defendants' summary judgment motion. Based on these representations to the Court, it is clear that Plaintiffs have abandoned any claim to damages as they seek only equitable relief. Thus, Plaintiffs should not be entitled to present any evidence regarding alleged economic or non-economic damages. *See Burns, supra*; *see also Macaulay v. Anas,* 321 F.3d 45, 49 (1st Cir. 2003) ("parties are bound by their attorneys' representations, and courts are entitled to take those representations at face value.").

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court enter an Order: (i) granting their motion *in limine*; and (ii) precluding Plaintiffs from offering any evidence at trial regarding their alleged economic or non-economic damages.

2

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP

Attorneys for Defendants


By:/s/ Russell S. Linden _____
     Russell S. Linden (P34863)
     Tara E. Mahoney (P68697)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7466

Dated:  July 25, 2012

## CERTIFICATE OF SERVICE

I hereby certify that, on July 25, 2012, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP

Attorneys for Defendants

By: /s/ Russell S. Linden _____
      Russell S. Linden (P34863)
      2290 First National Building
      660 Woodward Avenue
      Detroit, MI 48226-3506
      (313) 465-7466
Dated:  July 25, 2012     rlinden@honigman.com

ACTIVE\11167907.1

4